IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE, AND THE OFFICIAL STANFORD INVESTORS COMMITTEE,<br><br>      Plaintiffs,<br><br>-against-<br><br>PROSKAUER ROSE, LLP, CHADBOURNE & PARKE, LLP, AND THOMAS V. SJOBLOM,<br><br>      Defendants. | Civil Action No. 3:13-cv-00477-N<br>Judge David C. Godbey<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT CHADBOURNE & PARKE LLP'S
MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), Defendant Chadbourne & Parke LLP ("Chadbourne") hereby moves for an Order dismissing with prejudice all claims asserted against Chadbourne in Plaintiffs' Original Complaint (ECF No. 1, the "Complaint," and such motion, the "Motion"). A memorandum of law in support of this Motion is being filed contemporaneously herewith.

   1.  Plaintiffs assert the claims of Stanford Financial, a group of companies that the Complaint describes as a "massive, worldwide Ponzi scheme." The claims against Chadbourne are based entirely upon legal services provided to Stanford Financial by a former Chadbourne partner, Thomas Sjoblom, between June 2005 and April 2006. The alleged actionable conduct by Sjoblom while he was at Chadbourne consists of writing two letters to the SEC — on

September 12 and October 3, 2005 — raising certain jurisdictional defenses on Stanford Financial's behalf, in response to SEC inquiries to Stanford Financial.

2.  Plaintiffs' claims against Chadbourne should be dismissed with prejudice for the following reasons:

3.  *First*, Plaintiffs' legal malpractice claim against Chadbourne is barred by the applicable two-year statute of limitations under Texas law.  Plaintiffs filed their Complaint on January 31, 2013, yet seek to hold Chadbourne liable for alleged malpractice that occurred more than seven years prior to the filing date.  Plaintiffs' allegation that their untimeliness should be excused because the alleged malpractice was only "recently" discovered is unavailing, as the Complaint and public record demonstrate beyond doubt that Plaintiffs knew or should have known of their claims no later (and likely much earlier) than October 2009.  Further, Texas' prohibition on "fracturing" a legal malpractice claim bars Plaintiffs from evading dismissal by opportunistically repackaging their legal malpractice claim as separate, non-negligence causes of action subject to longer limitations periods.  (*See* Memo. of Law in Support, Section I.)

4.  *Second*, under New York law (applicable here pursuant to a choice-of-law provision in the Chadbourne-Stanford Financial retainer letter), Plaintiffs' claims against Chadbourne should be dismissed under the doctrine of *in pari delicto*, which precludes Stanford Financial from pursuing claims arising out of its own fraudulent scheme against a third-party professional that is alleged to have been, at most, negligent.  Under New York law, there is no exception to *in pari delicto* for receivers.  Because the Receiver stands in the shoes of the primary wrongdoers, their wrongdoing is imputed to him.  (*See* Memo. of Law in Support, Section II.)

5. *Third*, Plaintiffs' claims against Chadbourne should be dismissed because Plaintiffs do not allege any injury to Stanford Financial caused by Chadbourne, either directly or derivatively. Plaintiffs' theory of causation is too speculative to confer standing and insufficient to plead proximate cause, an indispensable element of each of Plaintiffs' claims. (*See* Memo. of Law in Support, Section III.B.)

6. *Finally*, Plaintiffs fail to state a claim under New York law, as the Complaint fails to plead required elements for any of the seven counts asserted against Chadbourne. Among other fatal deficiencies, the Complaint does not plead the breach of any duty owed by Sjoblom or Chadbourne as lawyers for Stanford Financial, or knowing participation or substantial assistance to the Stanford Financial Ponzi scheme by Chadbourne (through Sjoblom). (*See* Memo. of Law in Support, Section III.C-F.)

### Requested Relief

For the foregoing reasons, and as set forth in more detail in the concurrently filed memorandum of law in support of this Motion, Chadbourne requests that the Complaint be dismissed with prejudice, as well as such other relief to which it may be justly entitled. Chadbourne respectfully requests oral argument on this Motion.

Dated: October 3, 2014

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
/s/ Daniel J. Beller
Daniel J. Beller*
 N.Y. Bar No. 1643741
Daniel J. Leffell*
 N.Y. Bar No. 1883776
William B. Michael*
 N.Y. Bar No. 4296356
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
E-mail: dbeller@paulweiss.com
E-mail: dleffell@paulweiss.com
E-mail: wmichael@paulweiss.com
* Admitted *pro hac vice*

VINSON & ELKINS LLP
/s/ Harry M. Reasoner
Harry M. Reasoner
 TX Bar No. 16642000
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
Telephone: (713) 758-2358
Facsimile: (713) 615-5173
E-mail: hreasoner@velaw.com

William D. Sims, Jr.
 TX Bar No. 18429500
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Telephone: (214) 220-7700
Facsimile: (214) 220-7716
E-mail: bsims@velaw.com

ATTORNEYS FOR DEFENDANT
CHADBOURNE & PARKE LLP

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 3rd day of October, 2014, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case files system sent a "Notice of Electronic Filing" to all counsel of record, each of whom have consented in writing to accept this Notice as service of this document by Electronic means.

               /s/ Daniel J. Beller
               Daniel J. Beller