UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
RALPH S. JANVEY, IN HIS CAPACITY :
AS COURT-APPOINTED RECEIVER FOR :
THE STANFORD RECEIVERSHIP :
ESTATE, AND THE OFFICIAL :
STANFORD INVESTORS COMMITTEE, :
: Civil Action No. 3:13-cv-00477-N
*Plaintiffs*, : Hon. David C. Godbey
:
- against - : **ORAL ARGUMENT**
: **REQUESTED**
PROSKAUER ROSE, LLP, :
CHADBOURNE & PARKE, LLP, AND :
THOMAS V. SJOBLOM, :
:
*Defendants*. :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION OF DEFENDANTS PROSKAUER ROSE LLP AND THOMAS V. SJOBLOM FOR JUDGMENT ON THE PLEADINGS AND BRIEF IN SUPPORT THEREOF**

Neil R. Burger
Bruce W. Collins
CARRINGTON, COLEMAN, SLOMAN
    & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone: (214) 855-3000
Facsimile:  (214) 855-1333
E-mail:  nburger@ccsb.com

William B. Mateja
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091
E-mail:  mateja@fr.com

James P. Rouhandeh*
Daniel J. Schwartz*
Jonathan K. Chang*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
E-mail:  rouhandeh@davispolk.com

Joshua R. Hochberg*
Christina M. Carroll*
DENTONS US LLP
1900 K. Street NW
Washington, DC 20006-1108
Telephone: (202) 496-7400
Facsimile:  (202) 496-7756
E-mail:  joshua.hochberg@dentons.com
* admitted *pro hac vice*

Defendants Proskauer Rose LLP ("Proskauer") and Thomas V. Sjoblom (collectively, "defendants") move pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings with respect to each of the remaining claims asserted by the Official Stanford Investors Committee ("OSIC")—namely, Counts 2, 3, 5, 6, and 7.

## PRELIMINARY STATEMENT

The recent ruling by the U.S. Court of Appeals for the Fifth Circuit in <u>Troice v. Proskauer Rose, L.L.P.</u> makes clear that defendants are immune from suits brought by non-clients relating to their representation of Stanford Financial Group and its affiliates (collectively, "Stanford Financial"). In this case, five of the six remaining claims are brought by OSIC, which was never defendants' client. OSIC seeks to hold defendants liable for precisely the same conduct alleged in <u>Troice</u>. But, as <u>Troice</u> makes plain, defendants are immune from such claims because all of Sjoblom's allegedly improper acts—advocating for his client, advancing legal and factual arguments, responding to document and witness subpoenas, and scheduling, preparing, and presenting witness testimony—are "classic examples of an attorney's conduct in representing his client." <u>Troice v. Proskauer Rose, L.L.P.</u>, 816 F.3d 341, 348 (5th Cir. 2016). The Fifth Circuit's ruling in <u>Troice</u> requires dismissal of OSIC's claims in this case.

OSIC is a body tasked with representing the interests of investors who purchased certificates of deposits ("CDs") from or held other investments with Stanford Financial. OSIC cannot circumvent the attorney immunity rule by proceeding as a purported assignee because, as the Fifth Circuit held, attorney immunity is a "true immunity from suit" that cloaks attorneys from liability to non-clients "full stop." <u>Id.</u> at 346, 349. Were

the rule otherwise, Texas's policy objective of promoting "loyal, faithful, and aggressive representation by attorneys employed as advocates" would be frustrated. Id. at 346 (internal quotation marks and citations omitted). Consistent with that policy, courts applying Texas law have repeatedly rejected non-clients' attempts to assert claims that were purportedly assigned from clients because allowing non-clients to bring such suits would prevent attorneys from zealously representing their clients.

This Court has already dismissed one of OSIC's claims. In light of the Fifth Circuit's recent ruling in Troice (which confirms that defendants are immune from claims asserted by someone other than their clients), this Court should now grant judgment on the pleadings and dismiss each of OSIC's remaining claims.

## BACKGROUND

### A.     This Action

Proskauer is an international law firm. (Compl. ¶ 4.) From 2006 to 2009, Sjoblom was a partner at Proskauer. (Id. ¶ 7.) In June 2005, Stanford Financial allegedly retained Sjoblom and his prior law firm, Chadbourne & Parke LLP ("Chadbourne"), to represent it and certain of its affiliates in connection with an SEC investigation. (Id. ¶¶ 97, 115.) According to the Complaint, Sjoblom "continued" that representation when he left Chadbourne and joined Proskauer in the summer of 2006. (Id. ¶ 9.)

2

OSIC was appointed by this Court to represent the interests of those who invested in Stanford CDs or held other investments with Stanford Financial.[1]  Purporting to act as the assignee of the Receiver (id. ¶ 3), OSIC asserts claims for (i) aiding and abetting breaches of fiduciary duty (Count 2), (ii) aiding and abetting a fraudulent scheme (Count 3), (iii) aiding and abetting fraudulent transfers (Count 4), (iv) aiding and abetting conversion (Count 5), (v) civil conspiracy (Count 6), and (vi) negligent retention and supervision (Count 7).[2]  (Id. ¶¶ 256-68.)  The crux of each of these purportedly assigned claims is that Sjoblom helped Allen Stanford thwart the SEC's investigation of Stanford Financial.  (See, e.g., id. ¶ 95 (alleging that Sjoblom participated in a "conspiracy to obstruct the SEC's investigation" and "delay[ed] and obstruct[ed] the investigation").)

As this Court previously recognized, the Complaint identifies the acts that Sjoblom allegedly performed as an attorney for Stanford Financial.  (See Dkt. No. 79, at 2 (noting that "[t]his action is based on legal assistance allegedly provided by Sjoblom to Stanford while Sjoblom was an attorney with . . . Proskauer").)  The Complaint specifically alleges that Sjoblom:

> (1) conducted teleconferences with SEC staff regarding the SEC's investigation of Stanford Financial in which he made representations of fact and law (Compl. ¶¶ 147-49, 160);
>
> (2) drafted letters to the SEC in which he made representations of facts and law (id. ¶¶ 150, 164, 170);
>
> (3) advised Stanford Financial on how to respond to SEC subpoenas (id. ¶¶ 171-78); and

---

[1] See generally Order, SEC v. Stanford Int'l Bank, Ltd., No. 3:09-CV-0298 (N.D. Tex. Aug. 10, 2010), ECF No. 1149.

[2] In a June 23, 2015 Order, this Court dismissed OSIC's claim for aiding and abetting fraudulent transfers (Count 4).  [Dkt. No. 79 at 21.]

3

>    (4) prepared Stanford Financial executives for testimony in front of the SEC and represented one such executive during a deposition (id. ¶¶ 221-50).

According to the Complaint, Sjoblom undertook each of these acts as an attorney acting "within the course and scope of his . . . employment[] with Proskauer . . . in furtherance of [Proskauer's] business[]." (Id. ¶ 269.)

On October 3, 2014, defendants moved to dismiss the Complaint in its entirety. [Dkt. No. 58; Dkt. No. 61.] On June 23, 2015, this Court denied defendants' motions, except with respect to OSIC's claim for aiding and abetting fraudulent transfers. See supra note 2. Defendants subsequently answered the Complaint on August 14, 2015. [Dkt. No. 83; Dkt. No. 87.]

### B. Subsequent Developments

In 2009, the same counsel that represents OSIC in this action filed a lawsuit on behalf of a putative class of Stanford Financial investors styled as Troice v. Proskauer Rose LLP, No. 3:09-CV-1600 (N.D. Tex.). Troice was based on the same theory underpinning this case—i.e., that Sjoblom conspired with Stanford Financial to obstruct the SEC's investigation by making representations to the SEC in responding to subpoenas, advancing legal and factual arguments, and scheduling, preparing and presenting witness testimony. As the Troice plaintiffs acknowledged, the only difference between the factual allegations in this case and the Troice case is that the allegations in this case are "more detailed" because they were drafted "based on records belonging to the Stanford estate." (See Pls.' Supp. Briefing in Resp. & Opp. to Defs.' Mots. to Dismiss Pls.' Second Am. Compl. at 7, Troice v. Proskauer Rose LLP, No. 3:09-CV-1600 (N.D. Tex. Sept. 23, 2014), ECF No. 143.)

Defendants moved to dismiss the Troice action, asserting several grounds for dismissal, including attorney immunity. This Court denied defendants' motions to dismiss, concluding that allegations in the Troice complaint "support[ed] application of . . . [a fraud] exception to the attorney immunity doctrine." (Order at 8, Troice v. Proskauer Rose LLP, No. 3:09-CV-1600 (N.D. Tex. Mar. 4, 2015), ECF No. 176.) More than three months later, the Texas Supreme Court clarified that "fraud is not an exception to attorney immunity." Cantey Hanger v. Byrd LLP, 467 S.W.3d 477, 484-85 (Tex. 2015). Rather, as the Texas Supreme Court explained, Texas's attorney immunity doctrine broadly precludes a non-client from suing an attorney for legal assistance "within the scope of [the attorney's] legal representation" of his or her client. Id. The Fifth Circuit subsequently applied Cantey Hanger in Troice v. Proskauer Rose, L.L.P., 816 F.3d 341, 348-50 (5th Cir. 2016), holding that defendants were immune from suits by non-clients arising from Sjoblom's representation of Stanford Financial because Sjoblom's alleged misconduct involved "classic examples of an attorney's conduct in representing his client." Id. at 348.

**LEGAL STANDARD**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When ruling on a motion under Rule 12(c), a court applies the "same standards that apply to a Rule 12(b)(6) motion to dismiss." Bonner v. Alford, No. 3:10-CV-2556, 2014 WL 285139, at *2 (N.D. Tex. Jan. 27, 2014) (Godbey, J.) (citation omitted). Thus, the Court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Sonnier v. State Farm Mut. Auto. Ins. Co., 509 F.3d 673, 675 (5th Cir. 2007) (internal

5

quotation marks and citation omitted). A court considering a Rule 12(c) "motion may rely on the complaint . . . and matters of which a court may take judicial notice," such as pleadings in other cases. Lee v. Wells Fargo Bank, N.A., No. 3:13-CV-1041, 2013 WL 6734790, at *1 (N.D. Tex. Dec. 23, 2013) (Godbey, J.); see also Lewis v. Wells Fargo Bank, N.A., 939 F. Supp. 2d 634, 637 n.3 (N.D. Tex. 2013) ("The court may take judicial notice of matters of public record . . . without converting a motion to dismiss to a motion for summary judgment." (citations omitted)).

## ARGUMENT

### The Court Should Dismiss OSIC's Remaining Claims Because Proskauer Is Immune from Claims by Non-Clients

Following the Fifth Circuit's ruling in Troice, there is no question that defendants are immune from OSIC's claims. Like the Troice plaintiffs, OSIC is a non-client (as are the investors that OSIC purports to represent). Moreover, the same alleged misconduct in furtherance of the Stanford conspiracy alleged in Troice is alleged in this case. As described by the Fifth Circuit, the plaintiffs in Troice alleged that Sjoblom improperly:

> [S]ent a letter arguing, using legal authorities, that the SEC did not have jurisdiction; communicated with the SEC about its document requests and about Stanford Financial's credibility and legitimacy; stated that certain Stanford Financial executives would be more informative deponents than others; and represented a Stanford Financial executive during a deposition.

Troice, 816 F.3d at 348. Because these are the types of activities that attorneys customarily undertake in discharging their duties to their clients—and plaintiffs could not "credibly" claim otherwise—the Fifth Circuit held that Proskauer was immune from suit. Id. Attorney immunity bars OSIC's claims in this case too. OSIC is a non-client and the Fifth Circuit already determined that the alleged conduct challenged by OSIC in this case

6

was "the kind of conduct in which an attorney engages when discharging his duties to his client." Id. (internal quotation marks and citation omitted); see Compl. ¶¶ 147-49, 150, 160, 164, 170, 171-78, 221-50. As the Fifth Circuit explained, "[t]he idea is to immunize conduct, not to protect attorneys only from certain potential plaintiffs." Troice, 816 F.3d at 349.[3]

OSIC cannot avoid this result by purporting to litigate this case as the Receiver's assignee. As the Fifth Circuit has recognized, Texas courts have concluded that "costs to the legal system" of permitting clients to assign their claims to non-clients "outweigh [the] benefits." Britton v. Seale, 81 F.3d 602, 604 (5th Cir. 1996) (internal quotation marks and citation omitted); see Zuniga v. Groce, Locke & Hebdon, 878 S.W.2d 313, 318-19 (Tex. App.—San Antonio 1994, writ ref'd) (explaining that permitting clients to assign their claims against attorneys "would make lawyers reluctant—and perhaps unwilling—to represent defendants with inadequate insurance and assets" because "[s]uch representation . . . might make the lawyer the most attractive target"). Accordingly, the prohibition on the assignment of such claims provides an independent basis for dismissal.[4]

Vinson & Elkins v. Moran, 946 S.W.2d 381, 394-96 (Tex. App.—Houston [14th Dist.] 1997, writ dismissed by agr.), is illustrative. There, assignees of the former client

---

[3] As a matter of Texas law, non-clients such as OSIC are not permitted to sue Proskauer for these acts because the "type of conduct alleged falls squarely within the scope of [Proskauer's] representation of [Stanford Financial]" and accordingly cannot give rise to claims by non-clients. Cantey Hanger, 467 S.W.3d at 485 (emphasis in original).

[4] Because Texas law prohibits the Receiver's purported assignment of claims arising from the attorney-client relationship, this Court does not need to reach the issue of whether it has the authority, in general, to permit the Receiver to assign any claims to OSIC. See In re Am. Lebanese Syrian Associated Charities, Inc., 815 F.3d 204, 207 (5th Cir. 2016) (Jones, J., dissenting) (observing that it "is highly doubtful that a district court has inherent power to approve the receiver's assignment of causes of action to a non-fiduciary like OSIC").

sued a law firm asserting professional negligence, breach of fiduciary duty, conspiracy, and Deceptive Trade Practices Act claims arising out of a law firm's alleged misconduct in connection with the administration of an estate. The court ruled that permitting the assignment to stand would "unquestionably erode the . . . effective administration of justice." Id. at 394. As the Moran court explained it:

> The assignment of a legal malpractice claim is incompatible with the attorney's duty of loyalty. His or her loyalty would obviously be weakened by the knowledge that a client can sell or give a malpractice claim to another. A legal system that chills the duty of loyalty disserves the client and the public.

Vinson & Elkins, 946 S.W.2d at 394 (internal citations and footnotes omitted). Those are the same policies that animate Texas's attorney immunity doctrine. See, e.g., Troice, 816 F.3d at 348-49 (holding that attorney immunity confers a "true immunity from suit" that is "intended to assure attorneys that they will not be liable for damages, full stop" (quotation marks omitted)); Bradt v. West, 892 S.W.2d 56, 72 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (noting that the prospect that attorneys "may be sued [by a non-client] . . . for something [they do] in the course of representing their client" would result in "<u>tentative</u> representation, not the <u>zealous</u> representation that . . . the public has a right to expect" (emphases in original)). Accordingly, the court held that the assignee—a non-client, like OSIC here—could not assert any of its malpractice or other claims against the attorney. See Moran, 946 S.W.2d at 396 ("[W]e hold that the same public policy reasons for prohibiting the assignment of legal malpractice claims also bar the assignment of these other claims.").

Other Texas courts have similarly concluded that Texas law prohibits non-clients, such as OSIC, from using a purported assignment to bring any claims—on any theory of

8

recovery—arising from "the attorney client relationship." See City of Garland v. Booth, 971 S.W.2d 631, 633-35 (Tex. App.—Dallas 1998, pet. denied) (rejecting attempt to assign client's claims for malpractice, breach of contract, restitution, and Texas Deceptive Trade Practices Act violations); see also 48 Tex. Prac., Tex. Lawyer & Jud. Ethics § 4:10 (2016 ed.) (noting that the non-assignability of claims growing out of an attorney's representation of a client "has now reached a point of relative stability").

In short, OSIC cannot avoid the attorney immunity rule by relying on its purported assignment. OSIC's claims are barred by the attorney immunity rule.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant judgment on the pleadings with respect to each of the claims asserted by OSIC.

Dated:  May 12, 2016

| | |
|---|---|
| CARRINGTON, COLEMAN,<br>SLOMAN & BLUMENTHAL, L.L.P. | DAVIS POLK & WARDWELL, LLP |
| By: /s/ Neil R. Burger<br>Neil R. Burger<br>  Texas Bar No. 24036289<br>  nburger@ccsb.com<br>Bruce W. Collins<br>  Texas Bar No. 04604700<br>  bcollins@ccsb.com<br>901 Main Street, Suite 5500<br>Dallas, Texas 75202<br>Telephone: (214) 855-3000<br>Facsimile: (214) 855-1333 | /s/ James P. Rouhandeh<br>James P. Rouhandeh*<br>  New York Bar No. 2211837<br>  rouhandeh@davispolk.com<br>Daniel J. Schwartz*<br>  New York Bar No. 4159430<br>  daniel.schwartz@davispolk.com<br>Jonathan K. Chang*<br>  New York Bar No. 4500484<br>  jonathan.chang@davispolk.com<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone:  (212) 450-4000<br>Facsimile:  (212) 701-5800<br>* admitted *pro hac vice*<br><br>*Attorneys for Defendant Proskauer Rose LLP* |
| FISH & RICHARDSON P.C. | DENTONS US LLP |
| By: /s/ William B. Mateja<br><br>William B. Mateja<br>  Texas Bar No. 13185350<br>  mateja@fr.com<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070<br>Facsimile: (214) 747-2091 | /s/ Christina M. Carroll<br><br>Joshua R. Hochberg*<br>  D.C. Bar No. 495732<br>  joshua.hochberg@dentons.com<br>Christina M. Carroll*<br>  D.C. Bar No. 473337<br>  christina.carroll@dentons.com<br>1900 K Street NW<br>Washington, DC 20006-1108<br>Telephone: (202) 496-7400<br>Facsimile: (202) 496-7756<br>* admitted *pro hac vice*<br><br>*Attorneys for Defendant Thomas V. Sjoblom* |

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 12, 2016, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing.  A Notice of Electronic Filing was transmitted to all ECF registrants.

/s/ James P. Rouhandeh
James P. Rouhandeh