UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
RALPH S. JANVEY, IN HIS CAPACITY :
AS COURT-APPOINTED RECEIVER FOR :
THE STANFORD RECEIVERSHIP :
ESTATE, AND THE OFFICIAL :
STANFORD INVESTORS COMMITTEE, :
: Civil Action No. 3:13-cv-00477-N
           *Plaintiffs*, : Hon. David C. Godbey
:
- against - : **ORAL ARGUMENT**
: **REQUESTED**
PROSKAUER ROSE, LLP, :
CHADBOURNE & PARKE, LLP, AND :
THOMAS V. SJOBLOM, :
:
           *Defendants*. :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

**DEFENDANT PROSKAUER ROSE LLP'S OPPOSITION TO
PLAINTIFFS' MOTION TO ENTER A SCHEDULING ORDER**

---

Neil R. Burger
Bruce W. Collins
CARRINGTON, COLEMAN, SLOMAN
   & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone:  (214) 855-3000
Facsimile:  (214) 855-1333
E-mail:  nburger@ccsb.com

James P. Rouhandeh*
Daniel J. Schwartz*
Jonathan K. Chang*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4000
Facsimile:  (212) 701-5800
E-mail:  rouhandeh@davispolk.com
* admitted *pro hac vice*

1. Defendant Proskauer Rose LLP ("Proskauer") respectfully submits this opposition to plaintiffs' opposed motion for entry of scheduling order that would set trial for October 16, 2017. Following this Court's June 2015 ruling on Proskauer's motion to dismiss, plaintiffs waited nearly one year before even seeking to confer with Proskauer concerning a discovery schedule. Now that they have finally done so, they have moved the Court—citing delay of their very own making—to enter a scheduling order that is premature in light of Proskauer's pending Rule 12(c) motion (which would dispose of all but one claim in this case) and the very recent filing of a new putative class action by counsel for the Official Stanford Investors Committee ("OSIC"). Additionally, plaintiffs' proposed schedule for discovery and trial is unrealistic by their own admission. Proskauer respectfully requests that the Court defer entering a scheduling order until Proskauer's pending Rule 12(c) motion is resolved and the Court has had an opportunity to address the newly filed putative class action. Alternatively, Proskauer requests that the Court enter Proskauer's proposed scheduling order—annexed hereto—which takes into account the need for coordination with other matters and the need to address threshold issues that are case-dispositive.

2. The Court should not enter a scheduling order at this time for two reasons.

3. First, on May 12, 2016, Proskauer filed a Rule 12(c) motion for judgment on the pleadings to dismiss the claims brought by OSIC. [Dkt. No. 99 ("Proskauer's 12(c) Mot.").] That motion is based on the doctrine of attorney immunity, which the U.S. Court of Appeals for the Fifth Circuit recently held immunizes Proskauer from suits by non-clients, such as OSIC, relating to Proskauer's representation of Stanford

1

Financial.  See Troice v. Proskauer Rose, L.L.P., No. 15-10500, 2016 WL 929476 (5th Cir. Mar. 10, 2016).

      4.     Proskauer's Rule 12(c) motion is also based on the invalidity of the Receiver's purported assignment of claims to OSIC.  Contrary to OSIC's contention (Pls.' Mot. ¶ 5), OSIC's purported status as assignee of the Receiver's claims does not remove OSIC from the scope of the attorney immunity doctrine.  Courts applying Texas law—including the Fifth Circuit—have repeatedly prevented non-clients, such as OSIC, from asserting claims against an attorney that were purportedly assigned by a client because allowing such claims to proceed would undermine attorneys' ability to zealously advocate on behalf of their clients. (Proskauer's 12(c) Mot. at 6-9.)

      5.     Similarly, plaintiffs' suggestion that Proskauer is attempting to "tie this case up in endless motion practice to prevent Plaintiffs from getting to the merits" (Pls.' Mot. ¶ 5) is meritless.  As plaintiffs well know, proceeding to discovery on OSIC's claims while Proskauer's Rule 12(c) motion is pending would defeat the purpose of attorney immunity, which serves to shield attorneys from the burdens of litigation brought by non-clients.  See Troice, 2016 WL 929476, at *5 (holding that attorney immunity confers a "true immunity from suit"); Ashcroft v. Iqbal, 556 U.S. 662, 685 (2009) (explaining that immunities from suit confer a right to be free from "the concerns of litigation, including . . . disruptive discovery").  Moreover, discovery on OSIC's claims would go substantially beyond any discovery necessary for the negligence claim brought by the Receiver—the sole claim that is not subject to Proskauer's Rule 12(c) motion.  Indeed, all but one of OSIC's claims are intent- or knowledge-based, which is not an element of the Receiver's negligence claim.

6. Moreover, not only has Proskauer in no way prevented plaintiffs from "getting to the merits" (*see* Pls.' Mot. ¶ 5), plaintiffs have already had extensive access to information from Proskauer. In March 2009—well before this lawsuit was commenced—the Receiver's counsel interviewed Thomas Sjoblom and Proskauer provided the Receiver with a copy of its entire file concerning its representation of Stanford Financial Group and its affiliates, constituting twelve boxes of materials.[1] Thus, plaintiffs have long had merits discovery from Proskauer.

7. <u>Second</u>, because this action involves issues common to several of the cases in the Stanford multidistrict litigation, discovery should be coordinated across the actions to avoid the duplicative discovery that the Stanford MDL was designed to avoid. See <u>In re Stanford Entities Sec. Litig.</u>, 655 F. Supp. 2d 1360 (J.P.M.L. 2009) (explaining that "centralization under Section 1407 [would] eliminate duplicative discovery").

8. OSIC's counsel very recently filed a new putative class action against Proskauer. While that case is entirely without merit in light of the Fifth Circuit's dismissal of <u>Troice</u>, and Proskauer intends to move to dismiss that action, it would be inappropriate to proceed with discovery in one case against Proskauer when Proskauer has not even had an opportunity to respond to the complaint in the new action. This Court has already rejected an attempt to go forward with merits discovery on claims brought by the Receiver when it would be premature to conduct merits discovery concerning claims brought on behalf of a putative class of investors against the same

---

[1] As plaintiffs' counsel has admitted, they used those records to help craft the Complaint in this action. (<u>See</u> Pls.' Supp. Briefing in Resp. & Opp. to Defs.' Mots. to Dismiss Pls.' Second Am. Compl. at 7, <u>Troice v. Proskauer Rose LLP</u>, No. 3:09-CV-1600 (N.D. Tex. Sept. 23, 2014), ECF No. 143.)

3

defendants. See Rotstain, et al. v. Trustmark National Bank, et al., No. 3:09-CV-2384-N (N.D. Tex. May 15, 2015, ECF No. 245 (Status Phone Conference) (recognizing that it would be "too difficult to . . . manage" the case if "merits discovery [were to] go forward with regard to some claims and some parties and not the others").)

9. Moreover, as this Court knows, there are a number of other actions pending against former professionals retained by Stanford Financial in which merits discovery is stayed. See, e.g., Order, Official Stanford Investors Committee, et al. v. Greenberg Traurig LLP, et al., No. 3:12-CV-04641-N (N.D. Tex. Aug. 11, 2015, ECF No. 141 (declining to enter a merits scheduling order because "judicial efficiency is best served by proceeding to first resolve issues pertaining to class certification"). Merits discovery in this case will likely require the depositions of the same witnesses as in those other actions, such as those of R. Allen Stanford, James Davis and Laura Pendergest-Holt. Such discovery should be coordinated, which cannot be done while merits discovery is stayed in the other cases.

10. Even if this Court is inclined to enter a scheduling order at this time, any discovery should be limited to the Receiver's negligence claim until Proskauer's Rule 12(c) motion on the grounds of attorney immunity is resolved. Moreover, plaintiffs' proposed schedule does not permit sufficient time to complete discovery. As plaintiffs themselves admitted in April of this year, "given the magnitude and complexity of the cases, even if a trial in [this case] was set for a year in the future, Plaintiffs' Counsel would [] be[] under significant time pressure to complete all the investigation and discovery to prepare the case for final hearing within a year." [Dkt. #94 (4/20/16 Motion to Approve Proposed Settlement with Chadbourne & Parke LLP) ¶ 92).]

4

11. Plaintiffs' proposed scheduling order also flatly rejects the proposal Proskauer made, which would permit discovery to be conducted in an efficient manner (which would conserve Receivership resources) by allowing for an early summary judgment motion on threshold issues. One of those issues is the authenticity of the engagement letters that governed Stanford Financials relationship with Mr. Sjoblom and his firms, which would be dispositive of the case. With respect to that issue, the Court has already "question[ed] whether Plaintiffs can continue to rely on their argument that . . . they cannot verify" the authenticity of the engagement letters that elect New York substantive law to govern this dispute. [Dkt. #79 (6/23/2015 Order) at 6 n.4.] A second issue is the Receiver's invocation of the discovery rule in an effort to toll the applicable statutes of limitations. Discovery on that issue would be entirely separate from discovery in both the new putative class action filed against Proskauer and the other Stanford-related litigation.

12. Thus, to the extent discovery proceeds at this time, it should be limited to the Receiver's negligence claim and focused on these two threshold issues, as reflected in Proskauer's proposed scheduling order, which is annexed hereto. Discovery on these two issues will make this case amenable to an early summary judgment motion that could potentially resolve all of the claims asserted and save the parties the time and burden of discovery on other issues. See Todd v. Merrell Dow Pharm., Inc., 942 F.2d 1173, 1178 (7th Cir. 1991) ("Limiting discovery to a threshold issue is proper in a case that may be resolved upon summary judgment."). Proskauer's proposed scheduling order would also have the benefit of allowing some discovery to take place while merits discovery in the other Stanford MDL cases is stayed. To be clear, it is Proskauer's position that because

Proskauer has invoked attorney immunity with respect to the claims brought by OSIC, the only discovery that could proceed would be on the Receiver's negligence claim.

13. Proskauer's proposed scheduling order allows sufficient time to complete discovery in this complicated case, and sets forth a logical protocol for resolving those threshold issues without forcing the parties to unnecessarily incur significant discovery costs. Accordingly, to the extent that the Court is inclined to issue a scheduling order at this time, Proskauer respectfully requests that the Court enter the proposed order annexed hereto.

Dated:  May 13, 2016

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

By: /s/ James P. Rouhandeh
    James P. Rouhandeh*
    New York Bar No. 2211837
    rouhandeh@davispolk.com
    Daniel J. Schwartz*
    New York Bar No. 4159430
    daniel.schwartz@davispolk.com
    Jonathan K. Chang*
    New York Bar No. 4500484
    jonathan.chang@davispolk.com

450 Lexington Avenue
New York, New York 10017
Tel:  (212) 450-4000
Fax:  (212) 701-5800
* admitted *pro hac vice*

- and -

CARRINGTON, COLEMAN, SLOMAN
   & BLUMENTHAL, L.L.P.

By: /s/ Neil R. Burger
    Neil R. Burger
    Texas Bar No. 24036289
    nburger@ccsb.com
    Bruce W. Collins
    Texas Bar No. 04604700
    bcollins@ccsb.com

901 Main Street, Suite 5500
Dallas, Texas 75202
Tel:  (214) 855-3000
Fax:  (214) 855-1333

*ATTORNEYS FOR DEFENDANT
  PROSKAUER ROSE LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 13, 2016, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing. A Notice of Electronic Filing was transmitted to all ECF registrants.

                                                /s/ James P. Rouhandeh
                                                James P. Rouhandeh