IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE, AND THE OFFICIAL STANFORD INVESTORS COMMITTEE, | § § § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:13-CV-0477-N-BG |
| v. | § § | |
| PROSKAUER ROSE, LLP, CHADBOURNE & PARKE, LLP, AND THOMAS S. SJOBLOM, | § § § § | |
| Defendants. | § | |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' OPPOSED MOTION FOR ENTRY OF SCHEDULING ORDER**

NOW COME Plaintiffs, Ralph S. Janvey, in his capacity as Court-Appointed Receiver for the Stanford International Bank, Ltd., and The Official Stanford Investors Committee ("OSIC"), and hereby file their Reply in Support of Plaintiff's Opposed Motion for Entry of Scheduling Order (the "Motion").

Defendant Proskauer Rose ("Proskauer") asks this Court to defer entering a scheduling order and essentially abate this case for 3 or 4 more years because Proskauer doesn't want any discovery to take place until its forthcoming motion to dismiss the newly filed investor class action is fully and finally resolved.[1]  But such resolution will take roughly 2 years given the certainty of an appeal to the Fifth Circuit of any ruling on said motion since the motion will undoubtedly be based on the attorney immunity defense.  Moreover, if Proskauer's motion in the

---

[1] The new investor class action case is *Dorrell v. Proskauer Rose, et al.*, Cause No. 3:16-cv-01152 (the "Class case").

Class case is ultimately unsuccessful on appeal, then this Court will thereafter enter a class certification scheduling order in the Class case, which will result in months of discovery and briefing and eventually a ruling from this Court, and possibly another appeal to the Fifth Circuit of this Court's class certification decision, all of which will likely take an additional 2 years.

There is no reason to delay this Receiver case for 4 years, when none of the events described above will have any impact on this case whatsoever. Moreover, the Receiver and OSIC are represented by the same group of lawyers that represent the putative investor class in the Class case, and have agreed that any discovery taken in this case can be used in the Class case such that there will be no duplication of discovery.

Proskauer's other argument to defer entry of a scheduling order in this case is meritless. While Proskauer has filed a 12(c) motion in this case to dismiss OSIC's claims based on the attorney immunity defense, such a defense does not apply to the claims asserted by OSIC, because those claims were assigned to OSIC by the Receiver who stands in the shoes of the Stanford entities that were Proskauer's former clients. As such, the claims are not the type of third party, non-client claims that are subject to the attorney immunity defense, but rather (and as Proskauer admits in its 12(c) Motion) are claims that arise from the attorney-client relationship between Proskauer and its former Stanford entity clients. OSIC is in the process of assigning those claims back to the Receiver to prosecute in this case, so Proskauer's 12(c) motion will shortly be rendered moot.

Proskauer is also incorrect that this Court has never entered a scheduling order on Receiver claims while a class case remained pending against the same defendants. In the companion lawsuits against Adams & Reese, Breazeale Sasche and the former directors of Stanford Trust Company ("STC"), *Janvey v. Adams & Reese et al.*, Case No. 3:12-cv-00495 and

*OSIC v. Breazeale Sasche Wilson* et al, Case No. 3:11-cv-00329 (the "STC Cases"), the Court entered a scheduling order in the Receiver's case after the Court denied, in part, the Defendants' motions to dismiss the Receiver and OSIC claims. See *Janvey v. Adams & Reese et al.*, Case No. 3:12-cv-00495, at Doc. 66. The parties moved forward with full blown merits discovery and depositions in the Receiver case, subject to an agreement that the discovery obtained would also be useable in the Class case. The STC Class case effectively sat dormant until the Court denied the Defendants' motions to dismiss in that case in March 2015. By that time, the parties had taken the majority of the discovery in the Receiver case needed for *both* cases. *OSIC v. Breazeale Sasche Wilson* et al, Case No. 3:11-cv-00329, at Doc. 126 (denial of Motions to Dismiss), and Doc. 147 (combined class and merits scheduling order). Because the full merits pre-trial activity in the STC Receiver case fleshed out and developed the claims and defenses for both sides, Plaintiffs were able to settle with virtually all Defendants in both cases.

Proskauer also argues that the Receiver's proposed scheduling order is unrealistic given the amount of discovery that needs to be completed.[2] The Receiver's proposed scheduling order sets trial 17 months from now – in October 2017.[3] There is plenty of time for Proskauer to gain access to and review the Receiver's documents, and for both sides to take the depositions of the relevant witnesses – being former Proskauer partner Tom Sjoblom, his one-time associate Jackie Perrell, and the former Stanford personnel that had dealings with Sjoblom including, primarily, Allen Stanford, Jim Davis, Laura Pendergest, Mauricio Alvarado, Lena Stinson, and Bernie Young.

---

[2]   Proskauer's argument about the extent of discovery needed is contradicted by its other argument that very little merits discovery is needed since Proskauer already turned over documents to the Receiver in 2009. See Response, at page 3, ¶6.

[3]   Plaintiffs note that 17 months is longer than the 1 year cited in the motion for approval of the Chadbourne settlement that Proskauer holds up as evidence that even the Plaintiffs don't believe their proposed scheduling order is realistic. See Response, at page 4, ¶10.

Moreover, it would make little sense to "coordinate" such depositions with other cases in the Stanford MDL, such as the Greenberg/Hunton case. Despite Proskauer's protestation that such other cases share "common issues" with the instant case (which Proskauer fails to identify), the factual development in the instant case will focus entirely on what Sjoblom knew and what he did – not what Greenberg or Hunton knew or did, or what other defendants sued in other cases knew or did or how those other defendants interacted with Stanford or his employees. At any rate, 17 months provides sufficient time for Proskauer to depose witnesses from Greenberg and Hunton or other defendants if they so choose.

Finally, Proskauer's proposed scheduling order and offer to limit discovery to two issues that it thinks it can win on make little sense. First of all, once OSIC assigns its claims back to the Receiver, the Receiver will be prosecuting - in addition to his negligence claim - a claim for participation in breach of fiduciary duty, which is a claim that carries a 4 year statute of limitations. Therefore, there is no reason to limit discovery to just the Receiver's negligence claim, or to limit discovery to limitations and discovery rule issues related to the negligence claim, because there is no limitations issue with respect to the fiduciary duty claim, and therefore Plaintiffs should have unrestricted merits discovery on that claim. Moreover, bifurcating discovery as between different claims is a recipe for disaster as it just invites conflicts of interpretation that will result in multiple discovery disputes that will burden the Court.

The ultimate goal of the Federal Rules of Civil Procedure is "to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. The 2015 amendment to Rule 1 make it clear that the parties share responsibility for achieving that goal. FED. R. CIV. P. 1, Committee Notes on Rules – 2015 Amendment.

WHEREFORE, Plaintiffs pray that the Court grant the Motion and set the trial of this case for October 16, 2017 and enter the Scheduling Order previously presented to the Court.

| | |
|---|---|
| **CASTILLO SNYDER, P.C.**<br>700 N. St. Mary's Street, Suite 405<br>San Antonio, Texas  78205<br>Telephone:   (210) 630-4200<br>Facsimile:    (210) 630-4210<br><br>By:*/s/ Edward C. Snyder*<br>    EDWARD C. SNYDER<br>    State Bar No. 00791699<br>    esnyder@casnlaw.com<br>    JESSE R. CASTILLO<br>    State Bar No. 03986600<br>    jcastillo@casnlaw.com<br><br>**ATTORNEYS FOR PLAINTIFF**<br>**OFFICIAL STANFORD INVESTORS**<br>**COMMITTEE** | **STRASBURGER & PRICE, LLP**<br>2301 Broadway<br>San Antonio, Texas  78215<br>Telephone:   (210) 250-6004<br>Facsimile:    (210) 258-2706<br><br>By:*/s/ Judith R. Blakeway*<br>    JUDITH R. BLAKEWAY<br>    State Bar No. 02434400<br>    judith.blakeway@strasburger.com |

**NELIGAN FOLEY, LLP**
Republic Center
325 N. St. Paul, Suite 3600
Dallas, Texas  75201
Telephone:   (214) 840-5320
Facsimile:    (214) 840-5301

By:*/s/ Douglas J. Buncher*
    DOUGLAS J. BUNCHER
    State Bar No. 03342700
    dbuncher@neliganlaw.com
    PATRICK J. NELIGAN, JR.
    State Bar No. 14866000
    pneligan@neliganlaw.com

**ATTORNEYS FOR RECEIVER**
**RALPH S. JANVEY**

**CERTIFICATE OF SERVICE**

      On May 18, 2016, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

      By:    */s Edward C. Snyder*
              Edward C. Snyder