**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS | § | |
| CAPACITY AS COURT-APPOINTED | § | |
| RECEIVER FOR THE STANFORD | § | |
| RECEIVERSHIP ESTATE, AND THE | § | |
| OFFICIAL STANFORD INVESTORS | § | |
| COMMITTEE, | § | |
| | § | Civil Action No. 3:13-cv-00477-N |
| *Plaintiffs,* | § | |
| | § | |
| PROSKAUER ROSE, LLP, | § | |
| CHADBOURNE & PARKE, LLP, AND | § | |
| THOMAS V. SJOBLOM, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFFS' RESPONSE TO MOTION OF DEFENDANTS PROSKAUER ROSE LLP
AND THOMAS V. SJOBLOM FOR JUDGMENT ON THE PLEADINGS AND BRIEF IN
SUPPORT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

NOW COME PLAINTIFFS, Ralph Janvey, in his capacity as court-appointed Receiver

for the Stanford Receivership Estate (the "Receiver") and the Official Stanford Investors

Committee ("OSIC") (collectively hereinafter "Plaintiffs") and file this Response to Motion of

Defendants Proskauer Rose LLP and Thomas V. Sjoblom ("Defendants")[1] for Judgment on the

Pleadings and Brief In Support (the "Rule 12(c) Motion") [Docket No. 99], and state as follows:

1.      Simultaneous with this Response, Plaintiffs have filed a Motion for Leave to

Amend their Complaint, in order to assert all claims asserted in the Complaint on behalf of the

Receiver, which renders moot the issues raised in the Rule 12(c) Motion: namely, whether

---

[1] Plaintiff have settled with Defendant Chadbourne & Parke, LLP and the case against them is stayed pending the
Court's ruling on Plaintiffs' motion for approval of the settlement, which is set for hearing on August 12, 2016.

attorney immunity applies to the claims if they are asserted by OSIC, and whether claims other than legal malpractice are assignable under Texas law if they arise out of the attorney-client relationship.  For the reasons set forth in the Motion for Leave to Amend, the Court should grant Plaintiffs leave to amend their Complaint and enter an order that the Rule 12(c) motion is thereby rendered moot.

2.      Because the Receiver and OSIC are both Plaintiffs, it is an utter waste of the Court's and the parties' time to address the issues raised in the Rule 12(c) Motion, when there can be no argument that all of Plaintiffs' claims can properly be asserted by the Receiver, because the Receiver stands in the shoes of the former Stanford clients of Defendants.

3.      The Rule 12(c) Motion, together with Defendants' refusal to agree to allow Plaintiffs to amend to render the issues raised in the Rule 12(c) Motion moot and refusal to agree to a Scheduling Order allowing discovery to move forward on all Plaintiffs' claims until the issues raised in the Rule 12(c) Motion are ruled upon by the Court, appears to be yet another delay tactic by Defendants, designed to avoid the merits of Plaintiffs' claims.

4.      Evidence of Defendants' delay tactics is found in the fact that the issues raised in the Rule 12(c) Motion had never been raised before by any of the Defendants in their Rule 12(b) motions to dismiss.  Instead, Defendants chose to wait to file the Rule 12(c) Motion only after the Court denied their 12(b) motions in virtually all respects, [2]  and after Plaintiffs requested that the parties conduct the Rule 26(f) conference to discuss entry of a Scheduling Order.

5.      With respect to the merits of the Rule 12(c) Motion, Defendants argue that attorney immunity, a doctrine protecting lawyers in certain circumstances (e.g. litigation) from suits by third party non-clients (*See, e.g. Cantey Hanger v. Byrd LLP*, 467 S.W.3d 477 (Tex.

---

[2] By Order dated June 23, 2015 [Docket No. 79], the Court denied Defendants' motions to dismiss in all respects except for Plaintiffs' claim for aiding and abetting fraudulent transfers.

2015)("This case concerns the scope of attorneys' immunity from civil liability to non-clients."), somehow applies to the claims asserted in this case by the Receiver and OSIC, who are both asserting claims belonging to Defendants' former Stanford entity clients, _not_ any third party. The Receiver is asserting a legal malpractice (negligence) claim on behalf of Defendants' former Stanford clients, and OSIC is asserting other claims belonging to Defendants' former Stanford clients pursuant to an assignment of certain claims from the Receiver to OSIC, a copy of which is attached as Exhibit A to Plaintiffs' Motion for Leave to Amend (the "Assignment").  OSIC's claims against Defendants include aiding and abetting breach of fiduciary duty, aiding and abetting a fraudulent scheme, aiding and abetting conversion, civil conspiracy and negligent retention/supervision.  All claims asserted by the Receiver and OSIC are claims belonging to the former Stanford entity clients of the Defendants, and not any third party.  For this reason, Defendants' argument that Plaintiffs' claims are barred by the doctrine of attorney immunity, which applies only in certain instances to claims by non-clients, has no merit whatsoever. Nonetheless, this issue is rendered entirely moot if the Court grants Plaintiffs leave to amend as requested in their Motion for Leave to Amend.

6.     In their Rule 12(c) Motion, Defendants also raise a separate issue, which is whether the claims the Receiver has purported to assign to OSIC are assignable.  That is a separate issue from the issue of the applicability of attorney immunity, yet Defendants' motion intermingles and obfuscates these two separate issues.  Defendants contend that any claims arising from the attorney-client relationship, not only legal malpractice claims, are non-assignable under Texas law.   They cite two court of appeals decisions supporting their position, but the Texas Supreme Court has never held that any claims other than legal malpractice claims are not assignable..  The Court should also note that the Assignment expressly assigned only "all

assignable claims and causes of action existing under applicable law that the Receiver might own against [Defendants]" [Assignment, ¶ 1].   Thus, if the claims were not assignable under applicable law, then they were not assigned and the Receiver still owns them and can assert them as requested in Plaintiffs' Motion for Leave to Amend.  If they are assignable, then OSIC has asserted them and they should not be dismissed.  Attorney immunity has no application because OSIC is not asserting the claims of any third party non-client against Defendants, rather OSIC is asserting claims belonging to the former Stanford clients.  In any case, because the Receiver and OSIC are both Plaintiffs, granting Plaintiffs' Motion for Leave to Amend avoids the need for the Court to resolve any of the issues raised by Defendants' Rule 12(c) Motion.

7.     Defendants have managed to tie this case up in preliminary motion papers for four years.  The Court should not permit them to continue to do so with yet another preliminary motion that does nothing to advance the resolution of this case on the merits when both the Receiver and OSIC are named Plaintiffs.  It makes no difference whether the claims are being asserted by the Receiver or OSIC because both are Plaintiffs in the case.  If OSIC cannot assert the claims, the Receiver can.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court grant their Motion for Leave to File Amended Complaint, enter an order that Defendants' Rule 12(c) Motion is rendered moot, and grant Plaintiffs any other and further relief to which they may be justly entitled.

Respectfully submitted,

**NELIGAN FOLEY, LLP**
Republic Center
325 N. St. Paul, Suite 3600
Dallas, Texas  75201
Telephone: (214) 840-5320
Facsimile: (214) 840-5301


By:   */s/ Douglas J. Buncher*
        Douglas J. Buncher
        dbuncher@neliganlaw.com

**COUNSEL FOR RECEIVER**

**CASTILLO SNYDER, P.C.**
300 Convent Street, Suite 1020
San Antonio, Texas 78205
Telephone:   (210) 630-4200
Facsimile:     (210) 630-4210

BY:/s/ Edward C. Snyder
        EDWARD C. SNYDER
        esnyder@casnlaw.com
        JESSE R. CASTILLO
jcastillo@casnlaw.com


**STRASBURGER & PRICE, LLP**
2301 Broadway
San Antonio, Texas 78215
Telephone:   (210) 250-6004
Facsimile:     (210) 258-2706

BY:/s/ Judith R. Blakeway
        JUDITH R. BLAKEWAY
        judith.blakeway@strasburger.com

**STRASBURGER & PRICE, LLP**
901 Main Street, Suite 4400
Dallas, Texas 75202
Telephone:      (214) 651-4300
Facsimile:       (214) 651-4330
DAVID N. KITNER
david.kitner@strasburger.com

**COUNSEL FOR OSIC**


## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2016, the foregoing Motion was served on all counsel of record via the Court's ECF system.


                                        */s/ Douglas J. Buncher*


84638v.1