UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                :
RALPH S. JANVEY, IN HIS CAPACITY                                :
AS COURT-APPOINTED RECEIVER FOR                                 :
THE STANFORD RECEIVERSHIP                                       :
ESTATE, AND THE OFFICIAL                                        :
STANFORD INVESTORS COMMITTEE,                                   :
                                                                :    Civil Action No. 3:13-cv-00477-N
               *Plaintiffs*,                                 :    Hon. David C. Godbey
                                                                :
            - against -                                      :    **ORAL ARGUMENT**
                                                                :    **REQUESTED**
PROSKAUER ROSE, LLP,                                            :
CHADBOURNE & PARKE, LLP, AND                                    :
THOMAS V. SJOBLOM,                                              :
                                                                :
               *Defendants*.                                :
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY BRIEF OF DEFENDANTS PROSKAUER ROSE LLP AND
THOMAS V. SJOBLOM IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

| | |
|---|---|
| Neil R. Burger | James P. Rouhandeh* |
| Bruce W. Collins | Daniel J. Schwartz* |
| CARRINGTON, COLEMAN, SLOMAN | Jonathan K. Chang* |
|    & BLUMENTHAL, L.L.P. | DAVIS POLK & WARDWELL LLP |
| 901 Main Street, Suite 5500 | 450 Lexington Avenue |
| Dallas, Texas 75202 | New York, New York 10017 |
| Telephone: (214) 855-3000 | Telephone: (212) 450-4000 |
| Facsimile: (214) 855-1333 | Facsimile: (212) 701-5800 |
| E-mail: nburger@ccsb.com | E-mail: rouhandeh@davispolk.com |
| | |
| William B. Mateja | Joshua R. Hochberg* |
| POLSINELLI PC | Christina M. Carroll* |
| 2950 N. Harwood Street, Suite 2100 | DENTONS US LLP |
| Dallas, Texas 75201 | 1900 K Street NW |
| Telephone: (214) 754-5751 | Washington, DC 20006-1108 |
| Facsimile: (214) 397-0033 | Telephone: (202) 496-7400 |
| E-mail: mateja@polsinelli.com | Facsimile: (202) 496-7756 |
| | E-mail: joshua.hochberg@dentons.com |
| | * admitted *pro hac vice* |

Defendants[1] respectfully submit this reply brief in further support of their motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## PRELIMINARY STATEMENT

Defendants' motion raises a question that this Court can and must resolve now: whether OSIC, which was never a client of any defendant, may assert claims (on behalf of the non-clients whom OSIC purports to represent) against defendants arising from defendants' conduct in representing their client in an adversarial SEC investigation. Plaintiffs cannot—as they propose—"moot[]" this motion merely by seeking to amend their complaint so that OSIC would remain a plaintiff in the case but no longer assert any claims. That proposed solution is a tacit acknowledgment that defendants' motion should be granted. Moreover, it does not actually moot any issue. The Court *still* must decide whether OSIC should be dismissed from the case. If OSIC owns the claims, then (i) the Receiver cannot assert them in the proposed amended complaint, and (ii) OSIC is barred by attorney immunity from asserting them. If the Receiver owns the claims, then OSIC has no claim to assert in this case and cannot participate in this action under Article III of the Constitution. Either way, the question presented in defendants' motion is ripe for decision and cannot be avoided, as plaintiffs suggest.

Plaintiffs' proposed amendment is OSIC's latest attempt to obtain damages from defendants, who the Fifth Circuit has ruled are completely immune from suits brought by non-clients. Troice v. Proskauer Rose LLP, 816 F.3d 341, 348-49 (5th Cir. 2016). It is plaintiffs' litigation strategy—such as intentionally filing their prior case in the wrong

---

[1] Capitalized and collective terms not otherwise defined herein have the meaning ascribed to them in Motion of Defendants Proskauer Rose LLP and Thomas V. Sjoblom for Judgment on the Pleadings and Brief in Support Thereof. [Dkt. No. 99.]

2

court to try to avoid a statute of limitations problem of their own making—that has caused the delay of which plaintiffs complain. Just as plaintiffs' prior attempts to pursue invalid claims were rejected, their latest attempt to do so should not be permitted. As set forth below, defendants respectfully request that this Court grant judgment on the pleadings with respect to OSIC's claims and dismiss those claims with prejudice.

## ARGUMENT

Plaintiffs have not even attempted to explain how OSIC's remaining claims can survive following the Fifth Circuit's recent decision in Troice. Plaintiffs do not and cannot dispute that neither OSIC nor the investors whose interests OSIC purports to represent were ever defendants' clients. Nor can they contest that the complaint seeks to hold defendants liable for the same "misconduct" that the Fifth Circuit determined mere months ago consists of "classic examples of an attorney's conduct in representing his client."[2] Id. at 348; see also Compl. ¶¶ 147-50, 160, 164, 170-78, 221-50.

Instead, plaintiffs contend that the "Receiver and OSIC . . . are both asserting claims belonging to Defendants' former Stanford entity clients." (Pls.' Resp. ¶ 5.) But, that is no answer at all because OSIC—unlike the Receiver—does not stand in the shoes of Stanford Financial and its affiliates. Rather, it was created by this Court to represent the interests of Stanford Financial's investors. In other words, as this Court has already recognized, OSIC is a distinct legal entity from the Receiver, and its legal rights do not overlap with those belonging to the Receiver. See Order at 5-6, Janvey v. IMG Worldwide, Inc., No. 3:11-CV-0117-N (N.D. Tex. Sept. 24, 2012), ECF No. 33 ("OSIC's

---

[2] Plaintiffs' failure to raise any arguments on these points in their opposition waives them. Cf. Ledet v. Fleetwood Enters., Inc., 245 F.3d 791 (Table), 2000 WL 1910173, at *4 (5th Cir. 2000) (holding that a plaintiff's "complete failure to raise any legal or factual issue . . . in his Opposition constitutes a waiver of the issue").

3

standing does not derive from the Receiver's standing."). Therefore, the fact that the Receiver may be permitted to bring certain claims against defendants is irrelevant to the question of whether OSIC—a non-client—may bring such claims. And, following the Fifth Circuit's ruling in Troice that defendants are immune from claims based on that very same conduct, OSIC may not bring such claims.[3] Troice, 816 F.3d at 348. As explained in defendants' motion, that immunity cannot be circumvented by the Receiver's purported assignment of claims to OSIC. [Dkt. No. 99 at 7-9.]

Faced with the binding precedent of Troice, plaintiffs advance two contentions in an effort to save their claims; neither has any merit.

First, plaintiffs suggest that the Court could "moot" the issues raised in defendants' motion by granting plaintiffs leave to amend the complaint. That is incorrect. The issue that defendants' motion raises is whether OSIC, a non-client, may remain in this case as a plaintiff. The proposed amended complaint cannot possibly moot that question because *it names OSIC as a plaintiff*. OSIC, like any other litigant, must show that its presence in an action has a basis in law. Under Texas law, it clearly does not because non-clients are not permitted to sue attorneys for their conduct as lawyers. Troice, 816 F.3d at 348-49.[4] OSIC cannot cure this fatal defect by purporting to simply "assist" the Receiver in prosecuting claims that he is allegedly asserting because, among

---

[3] Because attorney immunity is a "true immunity from suit," Troice, 816 F.3d at 346, OSIC is not only foreclosed from asserting the claims against defendants, but is also prohibited from pursuing discovery concerning those claims. To the extent that Magistrate Judge Koenig's orders entering a Scheduling Order [Dkt. Nos. 108, 109] can be interpreted as a determination that discovery may proceed on OSIC's purported claims, defendants hereby object to that determination.

[4] Plaintiffs' suggestion that defendants should have raised the arguments in their motion sooner ignores that the Troice decision was issued just over three months ago.

other things, a plaintiff without any claims to assert is a creature unknown to American law. In order for a litigant to have standing to sue, Article III requires a plaintiff to allege, at a minimum, an injury-in-fact.[5] U.S. Const. art. III; Little v. KMPG LLP, 575 F.3d 533, 540 (5th Cir. 2009) (describing the irreducible minimum of Article III standing). A plaintiff who has no legal claims that can be redressed has no such injury-in-fact, Little, 575 F.3d at 540, and cannot participate in a lawsuit.

Second, plaintiffs baselessly assert that "[d]efendants have managed to tie this case up in preliminary motion papers for four years." (Pls.' Resp. ¶ 7.) This assertion—even if it were true—is entirely irrelevant to whether OSIC's claims should be dismissed. In any event, plaintiffs' contention is wrong. Any "delay" in the prosecution of this action is attributable to plaintiffs' own litigation strategy:

- It was plaintiffs who made the strategic decision in January 2012 to sue in the wrong jurisdiction—the United States District Court for the District of Columbia—to circumvent Texas's statutes of limitation, which bar the majority of their claims. Janvey v. Proskauer Rose, LLP, 59 F. Supp. 3d 1, 5-6 (D.D.C. 2014) (holding that the District of D.C. lacked subject matter jurisdiction). As the court found, plaintiffs' decision to file in the District of Columbia was tactical and suggested either "bad faith and/or [] an attempt at forum shopping." Id. at 8.

- It was plaintiffs who did *nothing* to prosecute this action following the Court's June 2015 decision on defendants' motion to dismiss until ten months later when, the next business day after the Fifth Circuit issued its mandate in Troice, plaintiffs' counsel informed Proskauer that they would seek an order to compel a Rule 26(f) conference, even though they had not asked Proskauer to participate in one. See J., Troice v. Proskauer Rose, LLP, 816 F.3d 341 (5th Cir. 2016), ECF No. 243 (issued Apr. 1, 2016).

---

[5] As explained in defendants' opposition to plaintiffs' motion for leave to amend, this Court has never sanctioned OSIC's participation in a case as a plaintiff where OSIC is not asserting any claims. Indeed, the case cited by plaintiffs, IMG, was one where OSIC itself asserted claims under the Texas Uniform Fraudulent Transfer Act. See Order at 4, Janvey v. IMG Worldwide, Inc., No. 3:11-CV-0117-N (N.D. Tex. Sept. 24, 2012), ECF No. 33.

- It was plaintiffs who declined to pursue an amendment of their complaint before defendants filed their Rule 12(c) motion, even though Proskauer's counsel *told* plaintiffs' counsel weeks in advance that they would be filing the motion and explained the basis for it.

- It is plaintiffs who forced defendants to file this motion by refusing to voluntarily dismiss OSIC's claims, even though, as reflected in the proposed amended complaint, OSIC no longer seeks to assert any claims at all.

Plaintiffs cannot credibly maintain that defendants' Rule 12(c) motion or any of defendants' actions have caused undue delay. Plaintiffs are responsible for their own legally and factually flawed claims, as well as the actions they have taken in pressing them forward notwithstanding their utter lack of merit.

In short, defendants are immune from suit by non-clients for conduct arising from their representation of Stanford Financial. Despite their attempt to obfuscate the issues, plaintiffs have offered no argument to the contrary. OSIC must be dismissed from this lawsuit pursuant to controlling Fifth Circuit authority.

## CONCLUSION

For the foregoing reasons and for those stated in defendants' opening brief, defendants respectfully request that the Court grant judgment on the pleadings with respect to the remaining claims asserted by OSIC and dismiss those claims with prejudice.

Dated:  June 23, 2016

| CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P. | DAVIS POLK & WARDWELL LLP |
|---|---|
| By: /s/ Neil R. Burger | By: /s/ James P. Rouhandeh |
| Neil R. Burger<br>  Texas Bar No. 24036289<br>  nburger@ccsb.com<br>Bruce W. Collins<br>  Texas Bar No. 04604700<br>  bcollins@ccsb.com<br>901 Main Street, Suite 5500<br>Dallas, Texas 75202<br>Telephone: (214) 855-3000<br>Facsimile:  (214) 855-1333 | James P. Rouhandeh*<br>  New York Bar No. 2211837<br>  rouhandeh@davispolk.com<br>Daniel J. Schwartz*<br>  New York Bar No. 4159430<br>  daniel.schwartz@davispolk.com<br>Jonathan K. Chang*<br>  New York Bar No. 4500484<br>  jonathan.chang@davispolk.com<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000<br>Facsimile:  (212) 701-5800<br>* admitted *pro hac vice*<br><br>*Attorneys for Defendant Proskauer Rose LLP* |
| POLSINELLI PC | DENTONS US LLP |
| By: /s/ William B. Mateja | By: /s/ Christina M. Carroll |
| William B. Mateja<br>  Texas Bar No. 13185350<br>  mateja@polsinelli.com<br>2950 N. Harwood Street, Suite 2100<br>Dallas, Texas 75201<br>Telephone: (214) 754-5751<br>Facsimile:  (214) 397-0033 | Joshua R. Hochberg*<br>  D.C. Bar No. 495732<br>  joshua.hochberg@dentons.com<br>Christina M. Carroll*<br>  D.C. Bar No. 473337<br>  christina.carroll@dentons.com<br>1900 K Street NW<br>Washington, DC 20006-1108<br>Telephone: (202) 496-7400<br>Facsimile:  (202) 496-7756<br>* admitted *pro hac vice*<br><br>*Attorneys for Defendant Thomas V. Sjoblom* |

## CERTIFICATE OF SERVICE

      I hereby certify that, on June 23, 2016, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing. A Notice of Electronic Filing was transmitted to all ECF registrants.

      /s/ James P. Rouhandeh
      James P. Rouhandeh