UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE, AND THE OFFICIAL STANFORD INVESTORS COMMITTEE,<br><br>*Plaintiffs*,<br><br>PROSKAUER ROSE, LLP, CHADBOURNE & PARKE, LLP, AND THOMAS V. SJOBLOM,<br><br>*Defendants*. | §§§§§§§§§§§§§§§ Civil Action No. 3:13-cv-00477-M |

### PLAINTIFFS' REPLY IN SUPPORT OF OPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

NOW COME PLAINTIFFS, Ralph Janvey, in his capacity as court-appointed Receiver for the Stanford Receivership Estate (the "Receiver") and the Official Stanford Investors Committee ("OSIC") (collectively hereinafter "Plaintiffs") and file this Reply is Support of Opposed Motion for Leave to File Amended Complaint, and would respectfully show the Court the following:

1.  Counsel for Defendants Proskauer Rose, LLP ("Proskauer") and Thomas Sjoblom ("Sjoblom") (collectively "Defendants")[1] are talking out of both sides of their mouth by taking

---

[1] Plaintiffs have settled with Defendant Chadbourne & Parke, LLP ("Chadbourne"), and the claims against Chadbourne are stayed pending the Court's ruling on the motion to approve the settlement, which is set for hearing on August 12, 2016. Therefore, although Chadbourne remains a Defendant, Plaintiffs reference to Defendants in this Reply refers only to Defendants Proskauer and Sjoblom who are opposing Plaintiffs' Motion for Lease to Amend.

inconsistent and conflicting positions in their Motion for Judgment on the Pleadings pursuant to Rule 12(c) [Dkt. No. 99] (the "12(c) Motion") and their subsequent Memorandum in Opposition to Plaintiffs' Motion for Leave to File Amended Complaint [Dkt. No. 113] (the "Response").  In the 12(c) Motion, Defendants argue (without any Texas Supreme Court authority in support of the argument) that any claim arising out of the attorney-client relationship, not only a legal malpractice claim, is unassignable as a matter of law.  Then in the Response, Defendants argue that the Receiver assigned all of his claims (other than the legal malpractice claims), and therefore the Receiver has no standing to assert the assigned claims, or his claims would be barred by limitations if they were assigned back from OSIC to the Receiver and asserted by the Receiver.

2.      Defendants cannot have it both ways.  If the claims other than legal malpractice were at all times unassignable as a matter of law, then the Receiver's purported assignment of those claims was void *ab initio*, the Receiver has owned them all along, and the Receiver should be permitted to amend to correct the fact that those claims are being asserted by the Receiver and not by OSIC.  The Receiver and OSIC were unaware of the authorities cited by Defendants at the time the earlier Complaint was filed, and should not be penalized by denying leave to amend to correct this issue.  Leave to amend is to be freely granted, and there has only recently been a Scheduling Order entered, which permits motions for leave to amend to be filed until October 7, 2016.  Trial is not set until October 16, 2017.  There can hardly be any prejudice to Defendants when all the same claims were asserted in the Original Complaint, and the amendment merely corrects the identity of the Plaintiff asserting those claims.  Both OSIC and the Receiver have been Plaintiffs since the commencement of this lawsuit, so Plaintiffs are not seeking to add a new party to the case by this amendment.

3.      Defendants' citation to Rule 15(c)(1)(C) is completely misplaced. Rule 15(c)(1)(C) by its express terms applies to an "amendment changing the party or naming of the party *against whom a claim is asserted ….*" (emphasis added). Plaintiffs' proposed amendment does not change the identity of any party against whom a claim is asserted. The Defendants are the same Defendants named in the Original Complaint. Rule 15(c)(1)(B) applies to Plaintiffs' amendment, because the amendment "asserts a claim … that arose out of the conduct, transactions, or occurrence set out – or attempted to be set out – in the original pleading." As discussed in *Hall v. Spencer Cty.,* 583 F.3d 930, 934 (6th Cir. 2009), Rule 15(c) does not define the scope of the terms "conduct, transaction or occurrence." However, "when applying the standard to the facts of any given case, we give meaning to those terms not by generic or ideal notions of what constitutes a 'conduct, transaction or occurrence,' but instead by asking whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading." *Id. (citing U.S. ex. rel. Bledsoe v. Comm. Health Sys.*, *Inc.*, 501 F.3d 493, 516 (6th Cir. 2007). Furthermore, "[t]he Rule must be interpreted in light of the 'fundamental tenor of the Rules,' which is 'one of liberality rather than technicality.'" *Id. (citing Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000)).

4.      Defendants' arguments elevate form over substance and technicality over due process. Defendants were on notice of all the facts, transactions and occurrences when the Original Complaint was filed; none of those facts, transactions or occurrences that form the basis of the Plaintiffs' claims have been changed in the proposed amendment. The only thing that has been changed is which of the two Plaintiffs, both of whom were named in the Original Complaint, is asserting the claims. If the claims were unassignable as Defendants argue, then the Receiver is asserting them and has standing to do so, because they were never effectively

assigned. Defendants also completely ignore the language of the assignment itself, which assigned only assignable claims. Rather than debate the legal issue that has never been decided by the Texas Supreme Court as to whether claims arising from the attorney-client relationship are assignable, Plaintiffs have chosen to amend to assert the claims on behalf of the Receiver as opposed to OSIC. Defendants should not be allowed to contradict themselves by arguing now that the Receiver assigned them away, when their Rule 12(c) Motion takes the opposite position.

5.  The proposed amendment, which merely corrects the identity of the two named Plaintiffs concerning who is asserting what claims, does in fact relate back to the filing of the Original Complaint for limitations purposes, and Defendants were given fair notice that those claims were being asserted by the Plaintiffs in the Original Complaint. Defendants point to the recent attorney immunity decision by the Fifth Circuit as justification for their delay in raising any issue about the assignment, but the attorney immunity decision has nothing whatsoever to do with the issue of whether certain claims arising from the attorney-client relationship are assignable. Defendants never raised the assignment issue in their original Motion to Dismiss despite knowing that OSIC was asserting those claims by assignment from the Receiver. Defendants were on fair notice from the face of the Original Complaint that OSIC was purporting to assert all claims other than the legal malpractice claims by assignment from the Receiver. Had Defendants raised this issue in their Motions to Dismiss, Plaintiffs would have sought leave to amend to correct this issue at that time.

6.  Defendants' effort to conflate the issue of whether the amendment relates back to the filing of the Original Complaint with the issue dealt with by the Court in its ruling on Defendants' motions to dismiss regarding the anti-fracturing rule is also misplaced and an improper attempt to re-argue what was already argued and ruled upon in their Motion to Dismiss.

The Court correctly disposed of Defendants' anti-fracturing argument in its Order on Defendants' Motions to Dismiss, as follows:

> Plaintiffs have not raised a breach of fiduciary duty claim here. Instead, counts two through seven are for aiding and abetting breaches of fiduciary duties, aiding and abetting participation in a fraudulent scheme, aiding and abetting fraudulent transfers, aiding and abetting conversion, civil conspiracy, and negligent retention/supervision. Defendants do not address in detail how these claims are redundant of a professional negligence claim. Moreover, at least one Texas federal court has noted that "Texas law permits a party to bring both a malpractice action based on his lawyer's breach of independent duties and a separate claim *for the lawyer's assistance with the breach of another's fiduciary duties*." *Floyd v.Hefner*, 556 F. Supp. 2d 617, 659 (S.D. Tex. 2008) (emphasis added). This is because such a claim focuses on "the [l]awyers' action vis-â-vis [other parties]," as opposed to the lawyers' actions toward the plaintiff-clients themselves. *Id.* The Court agrees with the reasoning applied in *Floyd*. Plaintiffs' nonmalpractice claims here are based on the Defendants' actions towards other entities – namely, the Stanford officers and directors. Accordingly, the Court determines that Plaintiffs' counts two through seven are not necessarily fractured malpractice claims, and are not subject to dismissal on that basis.

The Court's analysis of whether Plaintiffs' claims arise from the same transaction, occurrence or series of transactions and occurrences for purposes of Rule 15(c) is wholly different from the Court's analysis of Defendants' rejected "anti-fracturing" argument. Plaintiffs pled facts in the Original Complaint both with respect to the attorney-client relationship and Defendants' malpractice in connection with that, as well as Defendants aiding and abetting Stanford's directors' and officers' breaches of fiduciary duties. All of those transactions and occurrences were pled in the Original Complaint, and all claims asserted in the proposed amended Complaint relate back to the filing of the Original Complaint for limitations purposes.

7. Defendants make a final argument that OSIC should not be permitted to remain in the case as a named Plaintiff if it is not asserting any claims, and all claims are asserted by the Receiver in the Amended Complaint. Defendants attempt to distinguish this Court's ruling in the

Receiver's fraudulent transfer case against *IMG Worldwide, Inc.*, Civil Action No. 3:11-CV-0117-N [Dkt. No. 33], but there is no material distinction between the two cases. In *IMG Worldwide*, the Court permitted both the Receiver and OSIC to remain as Plaintiffs in the case, even though the Receiver had not assigned any claims asserted in that case to OSIC. The Court held that OSIC had sufficient standing as the official committee formed by this Court's Order to protect the investors' interests who had been harmed by Stanford's Ponzi scheme. [*See* Order of Aug. 10, 2010 [1149] at 3-4, *in SEC v. Stanford Int'l Bank, Ltd.*, Civil Action No. 3:09-CV-0298-N (the "SEC Action")]. The Court not only found that OSIC had standing as an unincorporated association, but also that OSIC had standing by virtue of this Court's Order constituting it as representative of the Stanford Investors. *Id.*

8.     The fact that the *IMG Worldwide* case involved a fraudulent transfer claim that would otherwise be owned by individual creditors in the absence of the receivership does not impact OSIC's standing to remain as a Plaintiff in this case. In the *IMG Worldwide* case, the Receiver had not assigned the fraudulent transfer or unjust enrichment claims asserted in that case to OSIC, so only the Receiver owned and was asserting those claims. OSIC was assisting the Receiver with prosecution of those claims under the agreement previously approved by the Court regarding the joint prosecution of fraudulent transfer and other claims by the Receiver and the Committee (the "OSIC-Receiver Agreement"). *See* SEC Action ECF No. 1267; *see also* OSIC-Receiver Agreement, SEC Action ECF No. 1208, Ex. A, p. 3. The same is true here.

9.     The present case is a case being jointly prosecuted by OSIC and the Receiver pursuant to the OSIC-Receiver Agreement, and OSIC's counsel is assisting the Receiver's counsel pursuant to a joint venture agreement among the counsel. OSIC and OSIC's counsel represent the interests of investors who lost billions of dollars as a result of the Stanford Ponzi

scheme. While the present lawsuit involves only claims against the Defendants that belong to the receivership estate as opposed to individual investors, the receivership exists in part to attempt to recover money from parties like Defendants, who are alleged to have aided and abetted Stanford, for the ultimate benefit of and distribution to the investors represented by OSIC. Therefore, under the circumstances OSIC has standing and should be permitted to remain as a Plaintiff in this case to continue the joint prosecution of the receivership estate's claims.

WHEREFORE, Plaintiffs respectfully request that this Court grant their Motion for Leave to File Amended Complaint, and for such other and further relief to which they may be justly entitled, without prejudice to Plaintiffs right to seek further leave to amend pursuant to the Scheduling Order.

Respectfully submitted,

| | |
|---|---|
| **NELIGAN FOLEY, LLP** | **CASTILLO SNYDER, P.C.** |
| Republic Center | 300 Convent Street, Suite 1020 |
| 325 N. St. Paul, Suite 3600 | San Antonio, Texas 78205 |
| Dallas, Texas 75201 | Telephone: (210) 630-4200 |
| Telephone: (214) 840-5320 | Facsimile: (210) 630-4210 |
| Facsimile: (214) 840-5301 | |
| | BY:/s/ Edward C. Snyder |
| By: */s/ Douglas J. Buncher* | EDWARD C. SNYDER |
|    Douglas J. Buncher |    esnyder@casnlaw.com |
|    dbuncher@neliganlaw.com |    JESSE R. CASTILLO |
| | jcastillo@casnlaw.com |
| **COUNSEL FOR RECEIVER** | |
| | **STRASBURGER & PRICE, LLP** |
| | 2301 Broadway |
| | San Antonio, Texas 78215 |
| | Telephone: (210) 250-6004 |
| | Facsimile: (210) 258-2706 |
| | |
| | BY:/s/ Judith R. Blakeway |
| | JUDITH R. BLAKEWAY |
| | judith.blakeway@strasburger.com |

                                          **STRASBURGER & PRICE, LLP**
                                          901 Main Street, Suite 4400
                                          Dallas, Texas 75202
                                          Telephone:    (214) 651-4300
                                          Facsimile:     (214) 651-4330
                                          DAVID N. KITNER
                                          david.kitner@strasburger.com

                                          **COUNSEL FOR OSIC**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of July, 2016, the foregoing was served on all counsel of record via the Court's ECF system.

                                            */s/ Douglas J. Buncher*

84771v.3