UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
RALPH S. JANVEY, IN HIS CAPACITY                            :
AS COURT-APPOINTED RECEIVER FOR                             :
THE STANFORD RECEIVERSHIP                                   :
ESTATE, AND THE OFFICIAL                                    :
STANFORD INVESTORS COMMITTEE,                               :
                                                            :
            *Plaintiffs*,                                   :
                                                            :   Civil Action No. 3:13-cv-00477-N
        - against -                                         :   Hon. David C. Godbey
                                                            :
                                                            :
PROSKAUER ROSE, LLP,                                        :
CHADBOURNE & PARKE, LLP, AND                                :
THOMAS V. SJOBLOM,                                          :
                                                            :
            *Defendants*.                                   :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## RULE 41 STIPULATION AND ORDER OF DISMISSAL
## WITH PREJUDICE OF COUNTS 1, 4, 5, 6, AND 7 OF THE COMPLAINT

WHEREAS, Ralph S. Janvey (the "Receiver") was appointed by the U.S. District

Court for the Northern District of Texas to serve as the Receiver for the assets, monies,

securities, properties, real and personal, tangible and intangible, of whatever kind and

description, wherever located, and the legally recognized privileges (with regard to the

entities) of Stanford International Bank, Ltd., Stanford Financial Group Company,

Stanford Group Company, Robert Allen Stanford, James M. Davis, Laura Pendergest-

Holt, and Stanford Financial Group, and all entities that the foregoing persons and

entities own or control (collectively, the "Stanford Receivership Estate");

WHEREAS, on January 31, 2013, the Receiver, in his official capacity as

Receiver for the Stanford Receivership Estate, and the Official Stanford Investors

Committee ("OSIC," and, collectively with the Receiver, "Plaintiffs") filed the Original

Complaint, Dkt. 1 (the "Complaint") in the above-captioned action against Defendants Proskauer Rose LLP ("Proskauer"), Chadbourne & Parke LLP ("Chadbourne"), and Thomas V. Sjoblom ("Sjoblom," and, together with Proskauer and Chadbourne, "Defendants");

WHEREAS, Plaintiffs asserted in paragraphs 256 through 268 of the Complaint claims against Defendants for negligence (Count 1), aiding, abetting, or participation in breaches of fiduciary duty (Count 2), aiding, abetting, or participation in fraudulent scheme (Count 3), aiding, abetting, or participation in fraudulent transfers (Count 4), aiding, abetting, or participation in conversion (Count 5), civil conspiracy (Count 6), and negligent retention/supervision (Count 7);

WHEREAS, on October 3, 2014, Defendants moved to dismiss the Complaint in its entirety on several grounds, including that Plaintiffs' claims were barred by Texas's two-year statutes of limitation;

WHEREAS, Plaintiffs asserted in paragraph 254 of the Complaint that their claims were timely because (i) they "did not discover, and could not with the exercise of reasonable diligence have discovered until more recently, the true nature of Defendants' participation in the Stanford Ponzi scheme and the injury suffered by Stanford Financial," (ii) "Defendants' wrongful acts were inherently undiscoverable," and (iii) the "doctrine of equitable tolling" applied;

WHEREAS, on June 23, 2015, the Court issued an Order addressing Defendants' motions to dismiss, dismissing the Plaintiffs' claim for aiding, abetting or participation in fraudulent transfers (Count 4), but denying Defendants' motions to dismiss in all other regards.  See Dkt. 79 at 21;

2

WHEREAS, the Court determined that the Complaint sufficiently alleged that Plaintiffs' claims were not barred by the applicable two-year statutes of limitation because Plaintiffs "raised the discovery rule as a basis for tolling limitations on their claims" and the assertion of the discovery rule was "sufficient to preclude dismissal on limitations at this stage."  <u>See</u> Dkt. 79 at 9-10;

WHEREAS, discovery in this action commenced on June 10, 2016;

WHEREAS, Proskauer has served discovery directed to, among other things, Plaintiffs' allegations in paragraph 254 of the Complaint concerning the applicability of the discovery rule;

WHEREAS, Plaintiffs have dismissed the claims against Chadbourne and Sjoblom;

WHEREAS, on April 5, 2017, the Court entered an Order consolidating the claims against P. Mauricio Alvarado in *Ralph Janvey, et al. v. Alvarado*, et al., Civil Action No. 3:10-CV-2584-N (the "Alvarado Action") with the claims against Proskauer in the above-captioned case.  <u>See</u> Dkt. 153;

WHEREAS, Plaintiffs have determined that they no longer wish to pursue the allegations set forth in paragraph 254 of the Complaint, and therefore desire to withdraw the allegations in that paragraph;

WHEREAS, as a result of Plaintiffs' withdrawal of the allegations set forth in paragraph 254 of the Complaint, Plaintiffs likewise wish to dismiss, with prejudice, the claims against Proskauer in the Complaint for negligence (Count 1), aiding, abetting, or participation in fraudulent transfers (Count 4), aiding, abetting or participation in

conversion (Count 5), civil conspiracy (Count 6), and negligent retention/supervision (Count 7);

NOW THEREFORE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for Plaintiffs and Proskauer that:

1.    The allegations set forth in paragraph 254 of the Complaint shall be and hereby are withdrawn with prejudice to Plaintiffs reasserting them against Proskauer in this or in any other action;

2.    Plaintiffs voluntarily dismiss all claims against Proskauer asserted in Counts 1, 4, 5, 6, and 7 of the Complaint with prejudice to Plaintiffs reasserting them against Proskauer in this or any other action;

3.    This Stipulation and Order of Dismissal pursuant to Rule 41 does not constitute a dismissal or waiver of any claim or defense not specifically addressed herein, including, but not limited to, (i) Plaintiffs' claims against Proskauer in the Complaint for aiding, abetting, or participation in breaches of fiduciary duties (Count 2) and aiding, abetting, or participation in fraudulent scheme (Count 3), which claims are not dismissed and shall continue in this action, and/or (ii) Proskauer's defenses thereto. This Stipulation and Order of Dismissal also shall not constitute a dismissal or waiver of any claims against any defendants in the Alvarado Action; and

4.    Nothing herein shall affect or constitute a dismissal or waiver of any of Plaintiffs' claims or allegations other than the claims and allegations set forth in Counts 1, 4, 5, 6 and 7 and paragraph 254 of the Complaint.

SO ORDERED:
Dated:   April ___, 2017

_____
THE HONORABLE DAVID C. GODBEY
United States District Judge

Dated:   April 27, 2017

NELIGAN LLP                                  DAVIS POLK & WARDWELL LLP


By: _/s/ Douglas J. Buncher_          By:    _/s/ James P. Rouhandeh_
    Douglas J. Buncher                      James P. Rouhandeh*
     State Bar No. 03342700                  New York Bar No. 2211837
     dbuncher@neliganlaw.com                 rouhandeh@davispolk.com
    Republic Center                         Daniel J. Schwartz*
    325 N. St. Paul, Suite 3600             New York Bar No. 4159430
    Dallas, Texas 75201                     daniel.schwartz@davispolk.com
    Tel.: (214) 840-5320                  Craig M. Reiser*
    Fax: (214) 840-5301                     New York Bar No. 4886735
                                            craig.reiser@davispolk.com
    _Attorneys for Receiver Ralph S. Janvey_   450 Lexington Avenue
                                            New York, New York 10017
                                            Tel.:  (212) 450-4000
                                            Fax:  (212) 701-5800
                                            * admitted _pro hac vice_

                                            CARRINGTON, COLEMAN,
                                            SLOMAN & BLUMENTHAL, L.L.P.
                                            Neil R. Burger
                                              Texas Bar No. 24036289
                                              nburger@ccsb.com
                                            Bruce W. Collins
                                              Texas Bar No. 04604700
                                              bcollins@ccsb.com
                                            901 Main Street, Suite 5500
                                            Dallas, Texas 75202
                                            Tel.:  (214) 855-3000
                                            Fax:  (214) 855-1333

                                            _Attorneys for Defendant Proskauer_
                                            _Rose LLP_

CASTILLO SNYDER, P.C.                          STRASBURGER & PRICE, LLP


By:  */s/ Edward C. Snyder*                    By:  */s/ Judith R. Blakeway*
    Edward C. Snyder                              Judith R. Blakeway
      State Bar No. 00791699                         State Bar No. 02434400
      esynder@casnlaw.com                           judith.blakeway@strasburger.com
    Jesse R. Castillo                             2301 Broadway
      State Bar No. 03986600                       San Antonio, Texas 78215
      jcastillo@casnlaw.com                       Tel.: (210) 250-6004
    700 N. St. Mary's Street, Suite 405           Fax: (210) 258-2706
    San Antonio, Texas 78205
    Tel.: (210) 630-4200                      *Attorneys for Official Stanford*
    Fax: (210) 630-4210                      *Investors Committee*

    *Attorneys for Official Stanford*
    *Investors Committee*