IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE, AND THE OFFICIAL STANFORD INVESTORS COMMITTEE, | § § § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:13-CV-0477-N |
| v. | § § | |
| PROSKAUER ROSE, LLP, CHADBOURNE & PARKE, LLP, AND THOMAS V. SJOBLOM, | § § § § | |
| Defendants. | § § | |

**AMENDED SCHEDULING ORDER**

The joint motion to continue [176] is granted. Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Local Rules of this Court ("LR"), and the Civil Justice Expense and Delay Reduction Plan (the "Plan") for the Northern District of Texas, the Court ORDERS as follows:

1. This case is reset for trial on April 30, 2018. The setting is for a two week docket. Reset or continuance of the trial setting does not alter the deadlines in this Order unless expressly provided by court order.

2. Any motions for leave to join additional parties were due on August 9, 2016. Any motions for leave to amend pleadings under Rule 15(a) were due on October 10, 2016.

3. The parties may by written agreement alter the deadlines in this paragraph, without the need for court order. No continuance of trial will be granted due to agreed

extensions of these deadlines.  Motions may become moot due to trial if filed after the deadline in this Order.

    a.    August 25, 2017 – party with burden of proof must disclose experts pursuant to Rule 26(a)(2);

    b.    October 27, 2017 – disclosure of opposing experts pursuant to Rule 26(a)(2);

    c.    November 27, 2017 – disclosure of rebuttal experts pursuant to Rule 26(a)(2) or supplementation with rebuttal opinions pursuant to Rule 26(e)(1);

    d.    November 30, 2017 – mediation; the parties may eliminate this requirement by agreement; the parties should advise the court if they are unable to agree on a mediator; all parties must attend the mediation in person; legal entities must provide a representative with full authority; if there is insurance per Rule 26(a)(1)(D), a representative with full authority must attend in person; the parties and mediator may by agreement waive the requirement of attending in person;

    e.    January 4, 2018 – discovery closes; discovery requests must be served in time to permit response by this date;

    f.    February 2, 2018 – all motions, including any objections to expert testimony must be filed;

    g.    The earlier of March 5, 2018 or 30 days from the filing of objections to expert testimony – oppositions to objections to expert testimony due;

    h.    The earlier of March 5, 2018 or 30 days from the filing of summary judgment motions – summary judgment opposition due;

    i.    The earlier of March 19, 2018 or 14 days following filing of plaintiffs' opposition to summary judgment – summary judgment reply due;

  j.  The earlier of March 19, 2018 or 14 days from the filing of oppositions to objections to expert testimony – replies in support of objections to expert testimony due;

  4.  Parties desiring entry of a protective order under Rule 26(c) must either (a) request entry of an order in the district court's standard form, which can be found at:

    www.txnd.uscourts.gov/judges/dgodbey_req.htm

or (b) if entry of a protective order in a different form is requested, the motion must (1) explain why the district court's standard form is inadequate in the particular circumstances of the case, and (2) include a redlined version of the requested form showing where it differs from the district court's standard form.

  5.  The parties shall file all pretrial materials by March 30, 2018. Failure to file pretrial materials may result in dismissal for want of prosecution. Pretrial materials shall include the following:

  a.  pretrial order pursuant to LR 16.4;

  b.  exhibit lists, witness lists, and deposition designations pursuant to LR 26.2 and Rule 26(a)(3); witness lists should include a brief summary of the substance of anticipated testimony (not just a designation of subject area) and an estimate of the length of direct examination; exhibit lists must include any materials to be shown to the jury, including demonstrative aids; the parties shall comply with Rule 26(a)(3) regarding objections;

  c.  proposed jury charge pursuant to LR 51.1 or proposed findings of fact and conclusions of law pursuant to LR 52.1; any objections to the proposed jury charge shall be filed within 14 days thereafter; objections not so disclosed are waived unless excused by the court for good cause;

  d.  motions in limine; matters that are not case-specific are strongly discouraged;

  e.  requested voir dire questions.

  6. The final pretrial conference will be set by separate order or notice. Lead counsel must attend the pretrial conference. The Court will likely impose time limitations for trial at the pretrial conference. Examination of witnesses will be limited to direct, cross, re-direct, and re-cross. Any questions regarding this Order may be directed to the Court's Judicial Assistant, Donna Hocker Beyer, at 214-753-2700.

  SIGNED July 7, 2017.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE