UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---------------------------------- x
: 
RALPH S. JANVEY, IN HIS CAPACITY :
AS COURT-APPOINTED RECEIVER FOR :
THE STANFORD RECEIVERSHIP :
ESTATE, AND THE OFFICIAL :
STANFORD INVESTORS COMMITTEE, :
: Civil Action No. 3:13-cv-00477-N
          *Plaintiffs*, : Hon. David C. Godbey
: 
   - against - : **ORAL ARGUMENT**
: **REQUESTED**
PROSKAUER ROSE, LLP, :
CHADBOURNE & PARKE, LLP, AND :
THOMAS V. SJOBLOM, :
: 
          *Defendants*. :
: 
: 
---------------------------------- x

## DEFENDANT PROSKAUER ROSE LLP'S
## MOTION FOR SUMMARY JUDGMENT

Defendant Proskauer Rose LLP ("Proskauer") files this Motion for Summary Judgment (the "Motion") pursuant to Rule 56 of the Federal Rules of Civil Procedure and Northern District of Texas Local Civil Rule 56, and respectfully states as follows:

There is no genuine dispute of material fact as to the two remaining claims in the Complaint asserted against Proskauer by plaintiff Official Stanford Investors Committee ("OSIC") as a purported assignee of Ralph S. Janvey for (1) aiding, abetting, or participation in breaches of fiduciary duty; and (2) aiding, abetting, or participation in a fraudulent scheme. In accordance with Local Civil Rule 56.3(a) and (b), Proskauer respectfully submits that it is entitled to judgment for at least six independent reasons:

1. OSIC's claims against Proskauer are barred as a matter of law under Texas's attorney immunity doctrine as set forth in Proskauer's Motion for Judgment on the Pleadings, ECF No. 99, filed on May 12, 2016;

2. OSIC's claims are barred under New York's in pari delicto doctrine;

3. there is no evidence of any damages caused by Proskauer;

4. there is no evidence that Proskauer, through its former partner Thomas V. Sjoblom, had actual knowledge of, or the intent to aid and abet, breaches of fiduciary duty or fraud;

5. there is no evidence that Proskauer, through Mr. Sjoblom, substantially assisted any breach of fiduciary duties or fraud; and

6. OSIC's claims are barred as a matter of law under Chapter 33 of the Texas Civil Practices and Remedies Code.

For these reasons, and for the reasons set forth in the brief and appendix filed in support of this Motion, Proskauer respectfully requests that the Court grant this Motion in its entirety, dismiss OSIC's remaining claims with prejudice, and issue any other appropriate relief.

Dated: February 12, 2018

Respectfully submitted,

| | |
|---|---|
| CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P. | DAVIS POLK & WARDWELL LLP |
| By: /s/ Neil R. Burger<br>Neil R. Burger<br>  Texas Bar No. 24036289<br>  nburger@ccsb.com<br>Bruce W. Collins<br>  Texas Bar No. 04604700<br>  bcollins@ccsb.com<br>901 Main Street, Suite 5500<br>Dallas, Texas 75202<br>Telephone: (214) 855-3000<br>Facsimile: (214) 855-1333 | /s/ James P. Rouhandeh<br>James P. Rouhandeh*<br>  New York Bar No. 2211837<br>  rouhandeh@davispolk.com<br>Daniel J. Schwartz*<br>  New York Bar No. 4159430<br>  daniel.schwartz@davispolk.com<br>Craig M. Reiser*<br>  New York Bar No. 4886735<br>  craig.reiser@davispolk.com<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone:  (212) 450-4000<br>Facsimile:  (212) 701-5800<br>* admitted *pro hac vice*<br><br>*Attorneys for Defendant Proskauer Rose LLP* |

**CERTIFICATE OF SERVICE**

    I hereby certify that, on February 12, 2018, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing. A Notice of Electronic Filing was transmitted to all ECF registrants.

                                                       /s/ James P. Rouhandeh
                                                       James P. Rouhandeh