UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE, AND THE OFFICIAL STANFORD INVESTORS COMMITTEE, <br><br>*Plaintiffs,*<br><br>v.<br><br>PROSKAUER ROSE, LLP, CHADBOURNE & PARKE, LLP, AND THOMAS V. SJOBLOM,<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:13-cv-00477-N |

**PLAINTIFFS' RESPONSE TO DEFENDANT PROSKAUER ROSE, LLP'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.4, Plaintiffs Ralph S. Janvey, in his Capacity as Court-Appointed Receiver for the Stanford Receivership Estate, and the Official Stanford Investors Committee ("OSIC") (hereinafter collectively, "Plaintiffs") file this Response to Defendant Proskauer Rose, LLP's ("Proskauer") Motion for Summary Judgment (Doc. No. 219).

Proskauer's Motion for Summary Judgment should be denied in its entirety for the reasons set forth in the Brief in Support of Plaintiffs' Response to Defendant Proskauer Rose, LLP's Motion for Summary Judgment filed concurrently with this Response. In particular, the Motion should be denied for the following reasons:

1. OSIC's claims against Proskauer are not barred by attorney immunity for the reasons set forth in Plaintiffs' Response to Motion of Defendants Proskauer Rose, LLP and Thomas V. Sjoblom for Judgment on the Pleadings and Brief in Support (Doc. No. 107). OSIC is asserting claims on behalf of the Stanford entities, Proskauer's former clients, assigned to OSIC by the Receiver, not the claims of any third party. Thus, the attorney immunity doctrine has no application to OSIC's claims. As to the issue of assignability of the claims to OSIC, Plaintiffs have separately sought leave to amend their Complaint to assert all claims on

      behalf of the Receiver in the event the Court determines that the claims were not assignable, in which case the Receiver has always owned the claims and can assert them by the proposed Amended Complaint.  *See* Plaintiff's Opposed Motion for Leave to File Amended Complaint (Doc. No. 106).

2. Plaintiffs' claims are not barred by New York's *in pari delicto* doctrine because New York law does not apply to Plaintiffs' claims.  There is no New York choice of law clause in the Proskauer engagement letter, the Proskauer engagement letter does not incorporate by reference the unsigned Chadbourne engagement letter, and applicable Fifth Circuit law provides that an equity receiver's claims are not barred by *in pari delicto*.

3. The summary judgment evidence submitted by Plaintiffs in support of this Response and Plaintiffs' Brief in Support raises genuine issues of material fact that preclude summary judgment on causation and damages.  Plaintiffs' claims are timely filed, and Plaintiffs' damages based upon increased liabilities are not deepening insolvency damages.

4. The summary judgment evidence submitted by Plaintiffs in support of this Response and Plaintiffs' Brief in Support raise genuine issues of material fact that preclude summary judgment on the issue of whether Sjoblom knowingly participated in the Stanford directors' and officers' breaches of fiduciary duty and fraud.

5. The summary judgment evidence submitted by Plaintiffs in support of this Response and Plaintiffs' Brief in Support raises genuine issues of material fact that preclude summary judgment on the issue of whether Sjoblom substantially assisted the Stanford directors' and officers' breaches of fiduciary duty and fraud.

6. Plaintiffs' claims are not barred as a matter of law under Chapter 33 of the Texas Civil Practice & Remedies Code because:

    - Chapter 33 does not apply to claims for aiding and abetting fraud or breach of fiduciary duty;

    - applying Chapter 33 to use the conduct of Stanford to bar the Receiver's claims inappropriately backdoors the inapplicable *in pari delicto* defense;

    - if Chapter 33 does apply to aiding and abetting claims, Proskauer is still jointly and severally liable;

    - if Chapter 33 does apply, the statute provides that it is the trier of fact, not the Court, that determines the percentage of responsibility.

For these reasons, and the reasons set forth in the brief and appendix filed in support of this response, Plaintiffs respectfully request that Proskauer's motion for summary judgment be denied.

Respectfully submitted,

| **NELIGAN LLP** | **STRASBURGER & PRICE, LLP** |
|---|---|
| By: */s/ Douglas J. Buncher* | By: */s/ Judith R. Blakeway* |
| Douglas J. Buncher | Judith R. Blakeway |
| dbuncher@neliganlaw.com | judith.blakeway@strasburger.com |
| Republic Center | 2301 Broadway |
| 325 N. St. Paul, Suite 3600 | San Antonio, Texas 78215 |
| Dallas, Texas 75201 | Telephone:  (210) 250-6004 |
| Telephone: (214) 840-5320 | Facsimile:  (210) 258-2706 |
| Facsimile: (214) 840-5301 | |
| | |
| **CASTILLO SNYDER, P.C.** | **STRASBURGER & PRICE, LLP** |
| By: */s/ Edward C. Snyder* | By: */s/ David N. Kitner* |
| Edward C. Snyder | David N. Kitner |
| esnyder@casnlaw.com | david.kitner@strasburger |
| Jesse R. Castillo | 901 Main Street, Suite 4400 |
| jcastillo@casnlaw.com | Dallas, Texas 75202 |
| 300 Convent Street, Suite 1020 | Telephone:  (214) 651-4300 |
| San Antonio, Texas 78205 | Facsimile:  (214) 651-4330 |
| (210) 630-4200 | |
| (210) 630-4210 (Facsimile) | |

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This will certify that this Response was served in accordance with the Federal Rules of Civil Procedure via the Court's ECF system.

<i>Judith R. Blakeway</i>