| | |
|---|---|
| New York | Paris |
| Northern California | Madrid |
| Washington DC | Tokyo |
| São Paulo | Beijing |
| London | Hong Kong |

**Davis Polk**

**James P. Rouhandeh**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4835 tel
212 701 5835 fax
rouhandeh@davispolk.com

March 22, 2018

Re:   Ralph S. Janvey, et al. v. Proskauer Rose, LLP, et al., No. 3:13-cv-00477-N (N.D. Tex.)

The Honorable David C. Godbey
United States District Court for the Northern District of Texas
1100 Commerce Street, Room 1504
Dallas, TX 75242-1003

Dear Judge Godbey:

We represent defendant Proskauer Rose LLP ("Proskauer") in the above-referenced matter, and write regarding the March 22, 2018 letter filed by plaintiffs. (ECF No. 245)

Plaintiffs' letter purports to respond to Proskauer's March 20, 2018 letter, which identifies, without argument, further evidence supporting Proskauer's pending motion for choice-of-law determination. (See ECF No. 244.) In reality, plaintiffs improperly advance new arguments for the first time on a motion that has been pending since May 4, 2017. For that reason alone, plaintiffs' letter should be stricken for violating Local Rule 7.1.

In any event, plaintiffs' arguments are baseless. Plaintiffs assert that Proskauer is estopped from arguing that New York law applies to the claims asserted on behalf of Proskauer's former client (Stanford Financial) based on arguments Proskauer has advanced regarding claims brought by non-clients (i.e., investors who were never clients of Proskauer). (See ECF No. 245.) As Proskauer demonstrated in its choice-of-law motion, New York law governs plaintiffs' claims in this case because Proskauer and its former client—whose claims plaintiffs purport to assert in this case—contractually selected New York law to govern their attorney-client relationship. (ECF No. 151 at 8-12.) No such contract governs the claims brought by investors.

Finally, plaintiffs' argument that Mr. Alvarado's affidavit only reflects his "unexpressed subjective intent" misses the mark. (ECF 245 at 1.) Rather, his testimony confirms what the plain language of the engagement letter states: that the parties unambiguously selected New York law to govern the attorney-client relationship between Proskauer, on the one hand, and Stanford Financial, on the other.

Hon. David C. Godbey                                    2                                    March 22, 2018

Respectfully submitted,

*/s/ James P. Rouhandeh*

James P. Rouhandeh

cc:   All Counsel of Record
      <u>Electronic Filing</u>