UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RALPH S. JANVEY, IN HIS CAPACITY
AS COURT-APPOINTED RECEIVER FOR
THE STANFORD RECEIVERSHIP
ESTATE, AND THE OFFICIAL
STANFORD INVESTORS COMMITTEE,

              *Plaintiffs*,

   - against -

PROSKAUER ROSE, LLP,
CHADBOURNE & PARKE, LLP, AND
THOMAS V. SJOBLOM,

          *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 3:13-cv-00477-N
Hon. David C. Godbey

---

**DEFENDANT PROSKAUER ROSE LLP'S OPPOSITION
TO PLAINTIFF'S MOTION TO STRIKE PORTIONS
OF SUMMARY JUDGMENT EVIDENCE**

---

Neil R. Burger
Bruce W. Collins
CARRINGTON, COLEMAN, SLOMAN
   & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone:  (214) 855-3000
Facsimile:  (214) 855-1333
E-mail:  nburger@ccsb.com

James P. Rouhandeh*
Daniel J. Schwartz*
Craig M. Reiser*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4000
Facsimile:  (212) 701-5800
E-mail:  rouhandeh@davispolk.com
* admitted *pro hac vice*

# TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...............................................................................................................................2

    I.     The OIG Report and Exhibits Are Admissible .......................................................2

    II.    The Affidavit of P. Mauricio Alvarado Is Admissible ..........................................4

          A.     Alvarado's Affidavit Does Not Contain Speculation or Evidence Not Based on Personal Knowledge ...............................................................4

          B.     Alvarado's Affidavit Does Not Contain Inadmissible Hearsay ..................5

          C.     Alvarado's Affidavit Does Not Include Any Improper Expert Opinions .......................................................................................................6

          D.     Alvarado's Affidavit Is Not a Sham Affidavit ............................................6

    III.   The Invoices from Proskauer and Chadbourne & Parke LLP Are Admissible ...............................................................................................................7

    IV.   The Expert Report of Anne C. Flannery Is Admissible ..........................................8

    V.    The Affidavit of Henry Amadio Is Admissible ......................................................9

          A.     Amadio's Affidavit Is Based on Personal Knowledge ...............................9

          B.     Amadio's Affidavit Does Not Contain Inadmissible Hearsay ....................9

          C.     Amadio's Affidavit Does Not Violate the Best Evidence Rule .................10

    VI.   The Objected-to Portions of the Deposition Transcripts of James M. Davis, Rebecca Hamric, and Bernerd E. Young are Admissible ..........................10

          A.     Plaintiff Has Waived Its Objection That Testimony Is "Speculative" or Otherwise Not Based on Personal Knowledge ...............11

          B.     The Deposition Testimony Does Not Contain Improper Hearsay .............13

          C.     The Testimony Does Not Contain Improper Lay Opinion Testimony ...................................................................................................14

CONCLUSION............................................................................................................................14

# TABLE OF AUTHORITIES

C<small>ASES</small>

P<small>AGE(S)</small>

Ashley v. KMart Corp.,
   No. 3:96-CV-0954P, 2000 WL 1478655 (N.D. Tex. Oct. 5, 2000) ........................................ 3

Bailey v. Dall. Cty.,
   No. 3:09-CV-0865-K, 2012 WL 1033502 (N.D. Tex. Mar. 28, 2012)
   aff'd sub nom. Bailey v. Quiroga, 517 F. App'x 268 (5th Cir. 2013) ..................................... 8

Biliouris v. Sundance Res., Inc.,
   No. 3:09-CV-0253-B, 2010 WL 1541500 (N.D. Tex. Apr. 15, 2010) ..................................... 5

Brooks v. Firestone Polymers, LLC,
   No. 1:12-CV-325, 2014 WL 5088657 (E.D. Tex. Oct. 8, 2014) ............................................. 3

Cole v. Dean Ne., LLC,
   No. Civ. 04-27-B-W, 2005 WL 757583 (D. Me. Feb. 10, 2005) .......................................... 11

Coves of the Highland Cmty. Dev. Dist. v. McGlinchey Stafford, P.L.L.C.,
   No. 09-7251, 2011 WL 13134623 (E.D. La. Oct. 7, 2011) ................................................... 11

Davis v. A.G. Edwards & Sons, Inc.,
   823 F.2d 105 (5th Cir. 1987) ................................................................................................ 4

DIRECTV, Inc. v. Budden,
   420 F.3d 521 (5th Cir. 2005) ................................................................................................ 4

Hansard v. Pepsi-Cola Metro. Bottling Co.,
   865 F.2d 1461 (5th Cir. 1989) ......................................................................................... 5, 12

Louis Vuitton Malletier v. Eisenhauer Rd. Flea Mkt., Inc.,
   No. SA-11-CA-124, 2012 WL 13034079 (W.D. Tex. Jan. 4, 2012) ...................................... 5

Mackey v. Owens,
   No. 98-60758, 1999 WL 423077 (5th Cir. June 2, 1999) ....................................................... 7

Moss v. Ole S. Real Estate, Inc.,
   933 F.2d 1300 (5th Cir. 1991) ............................................................................................... 3

Mossay v. Hallwood Petroleum, Inc.,
   No. 3:96-CV-2898, 1997 WL 222921 (N.D. Tex. Apr. 28, 1997) ...................................... 7, 8

Perez v. Bruister,
    No. 3:13cv1001-DPJ-FKB, 2014 WL 3779640 (S.D. Miss. July 31, 2014) ......................... 11

Shepherd v. Dall. Cty.,
    591 F.3d 445 (5th Cir. 2009) ................................................................................................. 3

S.W.S. Erectors, Inc. v. Infax, Inc.,
    72 F.3d 489 (5th Cir. 1996) ................................................................................................... 6

Turner v. Baylor Richardson Med. Ctr.,
    476 F.3d 337 (5th Cir. 2007) ............................................................................................. 6, 7

United States v. Duffy,
    454 F.2d 809 (5th Cir. 1972) ............................................................................................... 10

U.S. Equal Emp't Opportunity Comm'n v. United Bible Fellowship Ministries, Inc.,
    No. 4:13-CV-2871, 2015 WL 12777363 (S.D. Tex. Mar. 25, 2015) ...................................... 3

Young v. Ill. Cent. Gulf R.R. Co.,
    618 F.2d 332 (5th Cir. 1980) ................................................................................................. 4

## STATUTES & RULES

Fed. R. Civ. P. 32 ...................................................................................................................... 11

Fed. R. Civ. P. 56 .................................................................................................................... 2, 4

Fed. R. Evid. 401 ...................................................................................................................... 12

Fed. R. Evid. 602 ...................................................................................................................... 12

Fed. R. Evid. 701 .................................................................................................... 5, 9, 11, 14

Fed. R. Evid. 703 ........................................................................................................................ 8

Fed. R. Evid. 801 .................................................................................................................. 5, 13

Fed. R. Evid. 803 ................................................................................................................. 3, 7, 8

Fed. R. Evid. 901 ........................................................................................................................ 7

Fed. R. Evid. 902 ........................................................................................................................ 3

Fed. R. Evid. 1002 .................................................................................................................... 10

Defendant Proskauer Rose LLP ("Proskauer") respectfully submits this opposition to Plaintiff's Motion to Strike Portions of Proskauer's Summary Judgment Evidence filed by the Official Stanford Investors Committee ("plaintiff") as a purported assignee of Ralph S. Janvey, in his capacity as Court-appointed Receiver for the Stanford Receivership Estate.[1]

## PRELIMINARY STATEMENT

Faced with a one-sided record confirming Proskauer's entitlement to judgment as a matter of law, plaintiff asks this Court to "strike" portions of the record Proskauer adduced in support of its motion even though Proskauer—unlike plaintiff—does not bear the burden of demonstrating the existence of a triable issue of fact. Plaintiff's motion asks the Court to disregard competent evidence that is fatal to plaintiff's case. For example, plaintiff raises baseless objections to James Davis's admission that, until February 2009, he and Allen Stanford were the only ones that knew about the Ponzi scheme they orchestrated. (App. 180-81, 192, 193-94 [Ex. 5, Davis Tr. 136:22-137:1; 161:20-24; 163:19-164:4].) That testimony affirmatively proves that Proskauer's former partner, Thomas V. Sjoblom, lacked the requisite knowledge to aid and abet the Ponzi scheme.

Even without that evidence, however, Proskauer is entitled to judgment as a matter of law. As Proskauer demonstrated, there is no evidence supporting the essential elements of plaintiff's claims. Striking the evidence subject to plaintiff's motion would do nothing to change that. Nor would it have any bearing on Proskauer's legal arguments that it is entitled to judgment as a matter of law because (i) plaintiff's claims are barred by New York's in pari delicto doctrine, (ii) Chapter 33 bars plaintiff's claims as a matter of law, (iii) plaintiff's aiding

---

[1] Citations in the form "App. __" are to the Appendix filed in support of Proskauer's motion for summary judgment, which includes the Declaration of James P. Rouhandeh, dated February 12, 2018, and the exhibits thereto. (ECF No. 221.) Citations in the form of "Supp. App. __" are to the Appendix filed concurrently herewith, which includes the Declaration of James P. Rouhandeh, dated April 3, 2018, and its exhibits.

and abetting claims do not exist under Texas law, (iv) engaging in routine attorney conduct cannot constitute substantial assistance, and (v) plaintiff has not presented any evidence of damages.  Plaintiff's motion is a waste of time and money.  See Fed. R. Civ. P. 56(c)(2) advisory committee's note to 2010 amendment (explaining that "there is no need to make a separate motion to strike" to object to summary judgment evidence).

Furthermore, as with Davis's testimony, each of plaintiff's bases for striking evidence is meritless.  In addition to making objections that plaintiff waived by not raising them earlier, plaintiff ignores—over and over again—that objections to summary judgment evidence are permissible only when the material "cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).  Plaintiff makes practically no effort to meet the Rule 56(c)(2) standard or to provide any rationale for the inadmissibility of particular portions of the evidentiary record.  Instead, plaintiff relies on shorthand citations to supposedly applicable legal standards that are unconnected to the evidence itself.  Should this matter proceed to trial before plaintiff's claims are dismissed as a matter of law, the evidence to which plaintiff objects can and will be presented in admissible form, as set forth below.  Plaintiff has not shown any reason for the Court to take the extraordinary and unnecessary step of "striking" evidence.

Accordingly, for these reasons and as explained in more detail below, plaintiff's motion should be denied.

## ARGUMENT

### I.   The OIG Report and Exhibits Are Admissible

Plaintiff objects that the U.S. Securities and Exchange Commission's Office of Inspector General Report, entitled "Investigation of the SEC's Response to Concerns Regarding Robert Allen Stanford's Alleged Ponzi Scheme" (the "2010 OIG Report") and its accompanying

exhibits, have not been properly authenticated, constitute hearsay, are conclusory, and are irrelevant or prejudicial. These objections are meritless.

Plaintiff's authenticity objection is frivolous because plaintiff admitted the authenticity of the 2010 OIG Report and its exhibits in response to a request for admission. (See Supp. App. 9 [Ex. 1, RFA No. 138]; see also Supp. App. 12-331 [Ex. 2].)[2]

Plaintiff's hearsay objection to the 2010 OIG Report and its exhibits is also baseless. To the extent they are offered for the truth of the matter at trial, the 2010 OIG Report and exhibits are admissible public records under Federal Rule of Evidence 803(8).[3] See Moss v. Ole S. Real Estate, Inc., 933 F.2d 1300, 1308-10 (5th Cir. 1991) (discussing the admissibility of investigatory reports by the Department of Housing and Urban Development); see also Shepherd v. Dall. Cty., 591 F.3d 445, 457-58 (5th Cir. 2009) (affirming admission of Department of Justice report over numerous objections); Brooks v. Firestone Polymers, LLC, No. 1:12-CV-325, 2014 WL 5088657, at *3 n.3 (E.D. Tex. Oct. 8, 2014) (noting that a letter by the Equal Employment Opportunity Commission could be offered under Fed. R. Evid. 803(8)); Ashley v. KMart Corp., No. 3:96-CV-0954P, 2000 WL 1478655, at *1-2 (N.D. Tex. Oct. 5, 2000) (overruling hearsay objections to the admissibility of letters from state and federal regulators).

There is no merit to plaintiff's objection that the 2010 OIG Report and its exhibits are conclusory. In drafting the 2010 OIG Report, the OIG obtained and searched millions of emails, and conducted fifty-one depositions and interviews of forty-eight individuals. (See App. 233

---

[2] Even if plaintiff had not admitted their authenticity, the 2010 OIG Report and its exhibits are self-authenticating because they are publications from a government authority and thus require no extrinsic evidence to be admissible under Federal Rule of Evidence 902(5). See, e.g., U.S. Equal Emp't Opportunity Comm'n v. United Bible Fellowship Ministries, Inc., No. 4:13-CV-2871, 2015 WL 12777363, at *4 (S.D. Tex. Mar. 25, 2015).

[3] Plaintiff makes no effort to demonstrate why any particular exhibit constitutes hearsay, but to the extent the exhibits will be offered at trial for the truth of the matters they assert, they are admissible under numerous other hearsay exceptions as well. For example, at least five of these exhibits are official examination or enforcement staff memoranda that would qualify as governmental records even if they were not part of the 2010 OIG Report. (See, e.g., App. 312-374 [Exs. 10, 11, 12, 13, 14].)

[Ex. 9].)  The process resulted in a comprehensive 150-page report with nearly 200 exhibits—all of which detail a decade of activity at the Fort Worth office of the U.S. Securities and Exchange Commission (the "SEC").

Finally, plaintiff's claim that the 2010 OIG Report and its exhibits are "irrelevant" is belied by its own complaint, which cites and describes the 2010 OIG Report for nearly ten pages. (See, e.g., Compl. ¶¶ 75-95.)  Plaintiff cannot run away from its judicial admissions at this point, Davis v. A.G. Edwards & Sons, Inc., 823 F.2d 105, 108 (5th Cir. 1987), and its objection to relevance is unavailing in any event for reasons that are obvious from the parties' briefing.[4]

## II.   The Affidavit of P. Mauricio Alvarado Is Admissible

The affidavit of P. Mauricio Alvarado is admissible as summary judgment evidence because it can be reduced to admissible form at trial.  See Fed. R. Civ. P. 56(c)(2).  Each of plaintiff's objections is baseless.[5]

### A.   Alvarado's Affidavit Does Not Contain Speculation or Evidence Not Based on Personal Knowledge

Plaintiff asserts, without explanation, that certain statements in Alvarado's affidavit should be stricken for lack of personal knowledge.  Plaintiff is mistaken.  In the Fifth Circuit, there are no "magic words" that indicate personal knowledge in an affidavit so long as the "affiant is competent to testify to the matters stated therein."  DIRECTV, Inc. v. Budden, 420 F.3d 521, 529-30 (5th Cir. 2005) (quoting Fed. R. Civ. P. 56(e)).  Personal knowledge "may be reasonably inferred from the nature of [the affiant's] participation in the matters to which they

---

[4] Nor does plaintiff explain how the 2010 OIG Report and exhibits are "prejudicial" and "misleading."  To be sure, those materials belie plaintiff's theory of causation, but that hardly means they are substantially more prejudicial than probative.

[5] Plaintiff raises a relevance objection to certain paragraphs in Alvarado's affidavit (App. 33-34 [Ex. 1, Alvarado Aff. ¶¶ 44, 45, 46]), as well as to other portions of the summary judgment record (see, e.g., App. 63-132 [Ex.2]).  This objection is baseless because the "federal rules and practice favor the admission of evidence rather than its exclusion if it has any probative value at all."  Young v. Ill. Cent. Gulf R.R. Co., 618 F.2d 332, 337 (5th Cir. 1980).

swore." Biliouris v. Sundance Res., Inc., No. 3:09-CV-0253-B, 2010 WL 1541500, at *3 (N.D. Tex. Apr. 15, 2010) (internal quotation marks omitted). Moreover, a lay witness may "express opinions about the motivation or intent of a particular person if the witness has an adequate opportunity to observe the underlying circumstances." Hansard v. Pepsi-Cola Metro. Bottling Co., 865 F.2d 1461, 1466 (5th Cir. 1989) (emphasis added); Louis Vuitton Malletier v. Eisenhauer Rd. Flea Mkt., Inc., No. SA-11-CA-124, 2012 WL 13034079, at *1 (W.D. Tex. Jan. 4, 2012); see also Fed. R. Evid. 701. Alvarado was General Counsel of Stanford Financial Group Company ("SFGC") for a decade and personally observed each of the matters discussed in his affidavit, including:

- That prior counsel had advanced the argument that the CDs were not securities subject to the SEC's jurisdiction. (App. 27 [Ex. 1, Alvarado Aff. ¶ 20].)

- Discussions with Juan Rodriguez-Tolentino related to the Antiguan privacy law opinion. (App. 30 [id. ¶ 30].)

- CD redemption payments. (App. 31 [id. ¶ 34].) Indeed, his wife had invested in the CDs, providing Alvarado another way to observe that redemptions were paid. (App. 30 [id. ¶ 32].)

- Mr. Sjoblom's conduct and performance as outside counsel hired by Alvarado to represent SFGC and its affiliates (collectively, "Stanford Financial"). (App. 33-34 [id. ¶¶ 45, 46].)

There is no basis to strike Alvarado's affidavit on the basis that he lacks personal knowledge.

    B.    Alvarado's Affidavit Does Not Contain Inadmissible Hearsay

Alvarado's testimony about (i) the arguments advanced by prior outside counsel and (ii) the statements made by Rodriguez-Tolentino related to the Antiguan bank secrecy laws (see App. 27-31 [id. ¶¶ 20, 30]) are not hearsay because, as the affidavit makes plain and among other reasons, they pertain to Alvarado's state of mind. It is black letter law that such statements are not hearsay. Fed. R. Evid. 801(c)(2).

C.      Alvarado's Affidavit Does Not Include Any Improper Expert Opinions

Plaintiff likewise objects that Alvarado is unqualified to give an opinion on the

jurisdiction of the SEC or the merit of its inquiry.  Alvarado, however, is not offering opinions

on those subjects; rather, he is offering testimony about his own perceptions and beliefs

regarding those and other issues.  Such matters are plainly within the scope of what a lay witness

may testify about.  Alvarado served as General Counsel for nearly ten years, during which the

SEC conducted multiple examinations and inquiries.  (App. 24, 26 [Ex. 1, Alvarado Aff. ¶¶ 4,

18].)  Alvarado, therefore, was familiar with the SEC's concerns and allegations, and formed his

belief about their merit based on this familiarity.  (See, e.g., App. 27 [id. ¶ 19].)  He likewise was

able to form his own opinion on Mr. Sjoblom's representation of Stanford Financial.  (App. 33-

34 [id. ¶ 46].)  Alvarado is qualified to testify to his personal opinion concerning these matters.

D.      Alvarado's Affidavit Is Not a Sham Affidavit

Plaintiff objects to a single paragraph—Paragraph 30—on the grounds that "[a] party

cannot defeat a motion for summary judgment by filing an affidavit . . . that impeaches, without

explanation, earlier sworn testimony of the same affiant."  (See ECF No. 239 at 2-3.)  It is

plaintiff's burden, however, to adduce sufficient evidence to defeat summary judgment, and as

Proskauer demonstrated in the briefing on its pending motion, plaintiff failed to do so.  In any

event, there is no contradiction whatsoever in Alvarado's affidavit, which merely supplements,

rather than contradicts, past testimony (which is itself inadmissible against Proskauer because

Proskauer was not a party to the case in which it was taken, and had no notice of or opportunity

to develop the testimony at that deposition).  See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d

489, 496 (5th Cir. 1996) ("When an affidavit merely supplements rather than contradicts prior

deposition testimony, the court may consider the affidavit when evaluating genuine issues in a

motion for summary judgment."); see also Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337,

349 (5th Cir. 2007) (finding that "indirect" inconsistency between general statements versus specific descriptions does not indicate bad faith).

**III.      The Invoices from Proskauer and Chadbourne & Parke LLP Are Admissible**

Plaintiff objects that the Proskauer and Chadbourne & Parke LLP ("Chadbourne") invoices are not properly authenticated and constitute hearsay.[6]  This is another meritless objection for numerous reasons.

First, the Receiver admitted in discovery that he was unaware of "any compensation that Proskauer received from Stanford Financial other than compensation for the services described in the bills attached as Exhibits A through Q to Proskauer's Fifth Set of Requests."  (App. 134-35 [Ex. 3, RFA 115].)  Embedded in that admission is an admission that the invoices are themselves authentic.  As the Court held the last time plaintiff and the Receiver lodged a meritless authenticity objection, the Receiver "should be in a position to either verify or disclaim" the authenticity of documents in Stanford Financial's possession.  (ECF No. 79 at 6 n.4.)  The same is true here.

Second, as plaintiff well knows, the invoices can easily be authenticated at trial—whether by Mr. Sjoblom, Alvarado, or other witnesses.  Fed. R. Evid. 901(b)(1); see Mackey v. Owens, No. 98-60758, 1999 WL 423077, at *1 (5th Cir. June 2, 1999) ("Admissible evidence may be submitted in an inadmissible form at the summary judgment stage . . . .").

Finally, even if the Proskauer and Chadbourne invoices are offered for the truth of the matter at trial, they would fall comfortably within the hearsay exception for records of a regularly conducted activity.  Fed. R. Evid. 803(6); see Mossay v. Hallwood Petroleum, Inc., No.

---

[6] Further proving that the Motion to Strike should not be taken seriously, plaintiff appears confused as to which invoices it finds objectionable:  it does not refer to the Proskauer invoices at all in the Motion to Strike itself and ignores the Chadbourne invoices entirely in its brief in support of the Motion to Strike.

3:96-CV-2898, 1997 WL 222921, at *2 (N.D. Tex. Apr. 28, 1997) (discussing the admissibility of invoices under Fed. R. Evid. 803(6) as long as they are introduced by a witness who "can explain the system of record keeping").

## IV.   The Expert Report of Anne C. Flannery Is Admissible

In support of its motion for summary judgment, Proskauer cited a single line of Ms. Flannery's report for the proposition that the SEC has resources available to conduct investigations.  (ECF No. 220 at 45.)  Plaintiff does not and cannot dispute that fact. Nevertheless, plaintiff contends that Ms. Flannery's expert report is inadmissible at summary judgment because it is unsworn—even though plaintiff, itself, submitted several unsworn expert reports with its summary judgment opposition.  (See ECF No. 237, Exs. 21 and 24.)  As plaintiff knows, Ms. Flannery will testify at trial regarding the opinions in her report, so plaintiff's objection is irrelevant.  Nevertheless, to moot this objection, Proskauer is attaching a declaration by Ms. Flannery in which she swears to the truth of her report.  (Supp. App. 333 [Ex. 3, Flannery Decl.].)

Plaintiff also objects that Ms. Flannery's report is inadmissible hearsay.  Again, this objection is frivolous, as plaintiff relies upon not one, but four expert reports in its response to Proskauer's motion for summary judgment, all of which are riddled with hearsay.  (See, e.g., ECF No. 236 at 3, 4, 11, 26, 27, 38, 23, 43.)  The bottom line is that objections to expert testimony as hearsay lack merit because "an expert witness' conclusions and opinions based on [her] review of relevant materials and [her] . . . experience are admissible" and "may even be premised on hearsay."  See Bailey v. Dall. Cty., No. 3:09-CV-0865-K, 2012 WL 1033502, at *26 (N.D. Tex. Mar. 28, 2012), aff'd sub nom. Bailey v. Quiroga, 517 F. App'x 268 (5th Cir. 2013); see also Fed. R. Evid. 703.  There is no basis to strike Ms. Flannery's report.

**V.     The Affidavit of Henry Amadio Is Admissible**

The affidavit of Henry Amadio is admissible in its entirety, and the Court should overrule plaintiff's objections.

A.     Amadio's Affidavit Is Based on Personal Knowledge

Plaintiff objects that Amadio lacks the requisite personal knowledge to testify as to the matters contained in his affidavit.  As discussed earlier, however, a witness may testify to his opinions, beliefs, or inferences, as long as they are drawn from his personal experiences and observations and either contextualize the testimony or are helpful for determining a fact in issue. Fed. R. Evid. 701.  There is no doubt that Amadio does that in his affidavit.  Amadio worked in the accounting department of SFGC for six years, providing accounting services to various Stanford companies, including Stanford International Bank Limited ("SIBL").  (App. 1082-83 [Ex. 76, Amadio Aff. ¶¶ 2-3].)  In that capacity, Amadio worked closely with Mark Kuhrt, Gilberto Lopez, and James Davis, and regularly received direction from Davis regarding numerous aspects of his job.  (App. 1083-84 [id. ¶¶ 4, 10-11].)  As Amadio testified, he was aware of claims that SIBL had an investment portfolio and discussed those claims with others. (See App. 1087 [id. ¶ 23].)  This background gives him personal knowledge to testify regarding information conveyed to CD investors (App. 1083 [id. ¶ 5]), his recollection of the annual reports' representations of Stanford's activities (App. 1084 [id. ¶ 8]), and his personal understanding, based on his own experience, that others did not have access to the shareholder funding reports (App. 1086, 1088 [id. ¶¶ 14, 19, 26]).

B.     Amadio's Affidavit Does Not Contain Inadmissible Hearsay

Plaintiff also objects that Amadio's testimony is based on hearsay.  But in every single instance, it is obvious that the alleged hearsay is not being offered for its truth.  For example, Amadio states that the annual reports indicate "Mr. Stanford was reinvesting any profits from the

sale of the CDs and investment of the CD proceeds in SIBL and taking no distributions for himself." (App. 1084 [id. ¶ 8].) This is self-evidently not hearsay because Amadio is not testifying that it is true—he is explaining his state of mind based on a statement that has proven to be *false*.

Plaintiff's other hearsay objections to Amadio's testimony are equally unavailing because they either (i) relate to Amadio's state of mind,[7] or (ii) show the effect an out-of-court statement had on Amadio.[8]

      C.     <u>Amadio's Affidavit Does Not Violate the Best Evidence Rule</u>

Plaintiff objects that Amadio's testimony regarding the SIBL annual reports also violates the best evidence rule. This rule only applies when a party seeks to "prove [the] content" of a document. Fed. R. Evid. 1002. That is not the case here—the exact language of the SIBL annual reports is not the subject of Amadio's testimony (or even relevant to it or any other issue in Proskauer's summary judgment motion). See <u>United States v. Duffy</u>, 454 F.2d 809, 811-12 (5th Cir. 1972). This objection is baseless.

**VI.    The Objected-to Portions of the Deposition Transcripts of<br>       James M. Davis, Rebecca Hamric, and Bernerd E. Young Are Admissible**

Plaintiff objects to portions of the deposition testimony of James M. Davis, Rebecca Hamric, and Bernerd E. Young. As discussed below, plaintiff's objections lack merit.

---

[7] See App. 1084 [id. ¶ 10] (Davis's statement about sharing reports with Stanford); App. 1085 [id. ¶¶ 14-15] (Lopez and Kuhrt conveying to Amadio that he was to keep information stored on an external hard drive); App. 1087 [id. ¶ 22] (Davis's comments about Stanford running out of money); App. 1083 [id. ¶ 5] (Amadio's understanding of how the CDs were invested).

[8] See App. 1085 [id. ¶ 13] (the mandate to Amadio to keep the shareholder funding reports quiet or get fired); App. 1087 [id. ¶ 21] (discussions with Kuhrt about the return on investment); App. 1087 [id. ¶ 23] (conversation with Luis Garcia about Davis's statement about nobody getting access to the SIBL portfolio).

A.    Plaintiff Has Waived Its Objection That Testimony Is "Speculative" or Otherwise
      Not Based on Personal Knowledge

Over and over again, plaintiff claims that testimony from Davis, Hamric and Young

should be stricken because it is "speculative."  But speculation is a form objection that could

have been "corrected at the time" of the deposition.  Fed. R. Civ. P. 32(d)(3)(A).  In nearly every

instance where plaintiff objects on the basis of "speculation," plaintiff did not object to the

questions resulting in allegedly speculative answers—or to the answers themselves.  As a result,

plaintiff waived any objection that the witness lacked personal knowledge to offer the testimony

that plaintiff seeks to strike.  See, e.g., Perez v. Bruister, No. 3:13cv1001-DPJ-FKB, 2014 WL

3779640, at *1 (S.D. Miss. July 31, 2014) (finding Rule 602 objections are "waived if not

preserved" at deposition); Coves of the Highland Cmty. Dev. Dist. v. McGlinchey Stafford,

P.L.L.C., No. 09-7251, 2011 WL 13134623, at *3 (E.D. La. Oct. 7, 2011) (same); Cole v. Dean

Ne., LLC, No. Civ. 04-27-B-W, 2005 WL 757583, at *4 (D. Me. Feb. 10, 2005) (same).

Even if plaintiff had not waived its objections to the deposition testimony by failing to

object at the time of the deposition, they would lack merit.

1.    *James M. Davis*

There is no merit to plaintiff's objection that Davis's testimony at his deposition was

based on a lack of knowledge or that he was improperly testifying as to what another person

knew or their state of mind.  (ECF No. 239 at 3-6.)  A lay witness may offer opinions rationally

based on his perception of events if they help clarify or contextualize the witness's testimony or

help determine a fact in issue.  Fed. R. Evid. 701.[9]  Furthermore, such witnesses may "express

---

[9] For these reasons, plaintiff's objection to Davis's testimony that Mr. Sjoblom "appears not" to have
received an email chain between Davis, Stanford and others (App. 190 [Ex. 5, Davis Tr. 156:3-4]) is baseless.  Davis
was on the email chain and stated on the record that Mr. Sjoblom did not receive it. (Id.)  Similarly, Davis's
testimony regarding Bogar's knowledge of the fraud and his access to information (App. 212 [id. 208:11-18]) is
based entirely on Davis's firsthand perception of events and is not an improper opinion.  Fed. R. Evid. 701.

opinions about <u>the motivation or intent</u> of a particular person if the witness has an adequate opportunity to observe the underlying circumstances." <u>Hansard</u>, 865 F.2d at 1466 (emphasis added); <u>see</u> <u>also</u> Fed. R. Evid. 401.

Plaintiff does not and cannot dispute that Davis was one of the primary architects of the Stanford fraud who worked closely with Allen Stanford to perpetrate the Ponzi scheme and conceal it.  Accordingly, Davis's testimony regarding the details of how he and Stanford perpetrated the fraud are matters within his personal knowledge, including any discussions regarding his perceptions of Stanford's motives and rationale for particular actions or conduct that he and Stanford engaged in.  This testimony—which plaintiff opportunistically seeks to strike—is helpful to understanding Davis's testimony and dissecting the fraud that plaintiff alleges Mr. Sjoblom aided and abetted.

2.   *Rebecca Hamric*

In her role as in-house counsel to SFGC, Hamric worked closely with Alvarado and Stinson.  Through personal observations and interactions as part of that work, she formed her own views and understandings about (i) how Alvarado hired outside counsel and enforced the outside counsel policy (App. 480 [Ex. 21, Hamric Tr. 164:1-13]; App. 481-82 [<u>id.</u> 175:14-176:4, 8-9]), and (ii) Ms. Stinson's approach to her job, (App. 484 [<u>id.</u> 193:6-8]).  Her opinions about those matters are based on her perceptions and are thus admissible.  <u>See</u> <u>Hansard</u>, 865 F.2d at 1466.

Furthermore, Hamric's testimony that she does not recall any activity in the SEC investigation between August 31, 2007 and December 2008 is directly based on her personal knowledge—formed as an in-house lawyer who documented each step of the SEC's investigation.  Fed. R. Evid. 602.

12

3.      *Bernerd E. Young*

Contrary to plaintiff's assertion, Young, the former Chief Compliance Officer for

Stanford Group Company ("SGC"), is more than capable of testifying as to his views, based

upon his personal involvement in the underlying events, regarding (i) the persons whom he

understands to have had knowledge of the fraud (App. 521 [Ex. 23, Young Tr. 160:1-6]);

(ii) SGC's approach to compliance (App. 522 [id. 166:8-10]; App. 526 [id. 214:8-12]; App. 531

[id. 254:14-16]); (iii) his beliefs about whether Stanford and Davis lied to him (App. 524 [id.

178:6-12]); (iv) the interactions between SGC and Stanford Financial's legal department (App.

527 [id. 242:20-25]; App. 528 [id. 243:14-22]; App. 529 [id. 244:3-12]); (v) the steps SGC took

to respond to the SEC subpoena (App. 538-39 [id. 270:22-271:25]; App. 542 [id. 324:5-9]); and

(vi) his interpretation of the SEC's lack of follow-up subsequent to SGC's productions of

documents (App. 541 [id. 274:2-8, 20-25]).[10]

B.      The Deposition Testimony Does Not Contain Improper Hearsay

Each of plaintiff's hearsay objections to the deposition testimony ignores that the

testimony could be offered for non-hearsay purposes and pursuant to hearsay exceptions, such as

the effect on the listener and state of mind.  Fed. R. Evid. 801(c).  For this reason, plaintiff's

objection to Davis's testimony regarding certain advice that Mr. Sjoblom provided (App. 203

[Ex. 5, Davis Tr. 185:2-12]) is baseless, as is plaintiff's objection to Young's testimony that

SFGC's legal department stressed the need to comply with the SEC's subpoena (App. 542 [Ex.

23, Young Tr. 324:5-9]).

---

[10] Plaintiff's objection that the testimony "[a]lso . . . assumes the CDs were not securities" (ECF No. 238 at
9) is incomprehensible and is not based on any rule of evidence.  Whatever plaintiff means by this "objection," it
cannot provide a basis to strike the testimony.

13

C.    <u>The Testimony Does Not Contain Improper Lay Opinion Testimony</u>

Plaintiff objects to Davis's testimony that he could have taken steps to stop the fraud as improper lay testimony.  (App. 195 [Ex. 5, Davis Tr. 166:2-5].)  This objection makes no sense. Davis, who was one of the two perpetrators of the Ponzi scheme, is testifying about steps he could have taken to stop the fraud that he was perpetrating had he been so inclined.  There is nothing specialized or technical about Davis's own testimony regarding his own actions.  Fed. R. Evid. 701.

Plaintiff's objections to Young's testimony are also without basis.  In each instance, Young is testifying concerning his own understanding based on personal knowledge regarding SGC's compliance with the laws in response to the SEC subpoena (App. 531 [Ex. 23, Young Tr. 254:23-25]), knowledge gained from experience with respect to SEC inquiries (App. 541 [<u>id.</u> 274:20-25]), and his understanding as chief compliance officer of a broker-dealer as to the meaning of certain regulatory directives (App. 544 [<u>id.</u> 332:1-21]).  Young is competent to offer testimony on these matters because they are based on his personal knowledge and useful to understand his testimony more generally.  Fed. R. Evid. 701.

<u>CONCLUSION</u>

For the foregoing reasons, Proskauer respectfully requests that plaintiff's objections to Proskauer's summary judgment evidence be overruled.

Dated:  April 3, 2018

CARRINGTON, COLEMAN,              DAVIS POLK & WARDWELL LLP
SLOMAN & BLUMENTHAL, L.L.P.


By:  /s/ Neil R. Burger                          /s/ James P. Rouhandeh
    Neil R. Burger                        James P. Rouhandeh*
     Texas Bar No. 24036289                 New York Bar No. 2211837
     nburger@ccsb.com                       rouhandeh@davispolk.com
    Bruce W. Collins                      Daniel J. Schwartz*
     Texas Bar No. 04604700                 New York Bar No. 4159430
     bcollins@ccsb.com                      daniel.schwartz@davispolk.com
    901 Main Street, Suite 5500           Craig M. Reiser*
    Dallas, Texas 75202                    New York Bar No. 4886735
    Telephone:  (214) 855-3000             craig.reiser@davispolk.com
    Facsimile:  (214) 855-1333            450 Lexington Avenue
                               New York, New York 10017
                               Telephone:  (212) 450-4000
                               Facsimile:  (212) 701-5800
                               * admitted *pro hac vice*

                               *Attorneys for Defendant Proskauer*
                               *Rose LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 3, 2018, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing.  A Notice of Electronic Filing was transmitted to all ECF registrants.

/s/ James P. Rouhandeh
James P. Rouhandeh