UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
RALPH S. JANVEY, IN HIS CAPACITY :
AS COURT-APPOINTED RECEIVER FOR :
THE STANFORD RECEIVERSHIP :
ESTATE, AND THE OFFICIAL :
STANFORD INVESTORS COMMITTEE, :
: Civil Action No. 3:13-cv-00477-N
*Plaintiffs*, : Hon. David C. Godbey
:
- against - : **ORAL ARGUMENT**
: **REQUESTED**
PROSKAUER ROSE, LLP, :
CHADBOURNE & PARKE, LLP, AND :
THOMAS V. SJOBLOM, :
:
*Defendants*. :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT PROSKAUER ROSE LLP'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO EXCLUDE EXPERT TESTIMONY OF JEFFREY E. MARCUS**

| | |
|---|---|
| Neil R. Burger | James P. Rouhandeh* |
| Bruce W. Collins | Daniel J. Schwartz* |
| CARRINGTON, COLEMAN, SLOMAN | Craig M. Reiser* |
| & BLUMENTHAL, L.L.P. | DAVIS POLK & WARDWELL LLP |
| 901 Main Street, Suite 5500 | 450 Lexington Avenue |
| Dallas, Texas 75202 | New York, New York 10017 |
| Telephone: (214) 855-3000 | Telephone: (212) 450-4000 |
| Facsimile: (214) 855-1333 | Facsimile: (212) 701-5800 |
| E-mail: nburger@ccsb.com | E-mail: rouhandeh@davispolk.com |
| | * admitted *pro hac vice* |

Proskauer[1] respectfully submits this reply brief in further support of its motion to exclude the opinion and expert testimony of Jeffrey E. Marcus.

**PRELIMINARY STATEMENT**

As Proskauer demonstrated, plaintiff has not met, and cannot meet, its burden of establishing that the testimony of its purported defense lawyer expert, Jeffrey E. Marcus, is admissible. Plaintiff does not and cannot contest that Marcus:

- Merely recites a list of factual assertions (Mot. 1, 8-11);

- Assumes the truth of factual allegations in plaintiff's complaint (id. 9);

- Offers testimony in areas where he admits he has no expertise (id. 5-7);

- Was confused about basic issues germane to the opinions he is offering (id. 7); and

- Cites no authorities to support his unfounded opinions (id. 2).

Nor does plaintiff dispute that Marcus lacks the critical experience that is essential to the opinion he hopes to offer in this case: representing a company in a regulatory investigation concerning suspected ongoing fraudulent or criminal conduct.

Unable to contest that Marcus lacks the expertise or experience to offer the opinions in his report, plaintiff invokes Marcus's educational background and legal experience in other areas. But, as Proskauer demonstrated, Marcus's general background as a defense lawyer does not and cannot satisfy plaintiff's burden to show that Marcus is qualified in the particular field at issue in <u>this</u> case. And because Marcus testified that he is relying solely upon his experience to form his opinions, his lack of relevant experience renders his opinions unreliable.

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in Proskauer's Brief in Support of Motion to Exclude Expert Testimony of Jeffrey E. Marcus ("Motion" or "Mot."). Plaintiff's Memorandum in Response to Proskauer Rose LLP's Motion to Exclude Expert Testimony of Jeffrey E. Marcus, dated March 22, 2018, is referred to herein as the "Response" or "Resp."

Plaintiff likewise does nothing to counter Proskauer's contention that much of Marcus's opinion amounts to a list of incomplete and inaccurate factual assertions that will not assist the jury. Nor does plaintiff explain how Marcus's legal conclusion that Mr. Sjoblom "recklessly" aided his clients' Ponzi scheme—which applies the wrong legal standard—could possibly assist the jury. Instead, plaintiff suggests that these fundamental flaws go to the weight, not the admissibility, of Marcus's testimony. Courts in the Fifth Circuit have repeatedly held, however, that experts may not serve as mouthpieces for the parties that hire them. That is what Marcus does, and for that reason, his testimony will not assist the jury.

Because plaintiff has failed to satisfy its burden of demonstrating that Marcus's testimony is admissible expert evidence, this Court should exclude Marcus's report and his testimony in their entirety.

**ARGUMENT**

**I.    Marcus Lacks Experience in the Relevant Field and Thus Is Not Qualified**

Plaintiff bears the burden of demonstrating that Marcus is qualified "in [the] particular field" of Mr. Sjoblom's representation. Wilson v. Woods, 163 F.3d 935, 937 (5th Cir. 1999); see also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999) ("The objective of [Daubert's gatekeeping] requirement . . . is to make certain that an expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." (emphasis added)); Sims v. Kia Motors of Am., Inc., 839 F.3d 393, 400 (5th Cir. 2016) (explaining that the proponent of expert testimony bears the burden of demonstrating its admissibility).

Plaintiff does not and cannot contest that the relevant field in this case is defending a client in regulatory matters where the client is suspected of engaging in an ongoing crime or fraud, and that Marcus does not have any experience in that field. (App. 79 [Ex. 2, Marcus Tr.

2

288:8-12].)[2]  Marcus's opinions are therefore unfounded.  While Marcus need not have served in "the exact same role as Mr. Sjoblom . . . to provide expert opinions regarding Mr. Sjoblom's conduct" (Resp. 4), he must have some experience defending clients who are suspected of engaging in an ongoing crime or fraud to offer a reliable opinion on the standards of practice employed by attorneys who handle such matters.  As Proskauer demonstrated, he does not have that experience.[3]  (See Mot. 3-8.)  Accordingly, and contrary to what plaintiff asserts, Marcus lacks the qualifications to offer reliable testimony concerning "what a defense lawyer's obligations to his clients and to regulatory authorities are" and "the difference between representing a client who has committed fraud in the past and representing one who is engaged in an ongoing fraudulent scheme."  (Resp. 6.)

Marcus's experience as a defense practitioner generally and his review of "issues that are germane to practitioners" (App. 54 [Ex. 2, Marcus Tr. 131:1-25]), do not qualify him to offer an opinion regarding practices of defense practitioners who represent their clients in the kinds of matters at issue in this case.  See Wilson, 163 F.3d at 937; Vaxiion Therapeutics, Inc. v. Foley & Lardner LLP, 593 F. Supp. 2d 1155, 1163 (S.D. Cal. 2008) (concluding that "awareness" of certain topics from prior practice or continuing legal education was not enough to meet Rule 702's standard).  His testimony is therefore unreliable and should be excluded.

---

[2] References to "App." are to the Appendix in Support of Proskauer's Motion to Exclude Expert Testimony of Jeffrey E. Marcus [ECF No. 225].

[3] Nor does Marcus even have some of the experience plaintiff claims he has.  Plaintiff mistakenly asserts, for example, that Marcus has experience "representing clients in SEC examinations."  (Resp. 3.)  After testifying to that effect, however, Marcus went on to clarify that his testimony was based on a misunderstanding of what an SEC examination is and that he does not "get involved with dealing with the examination professionals at the SEC."  (App. 32 [Ex. 2, Marcus Tr. 63:9-64:15]; see also App. 30-31 [id. 61:25-62:2] ("Q. What is an SEC examination? A. Well, they're – you're talking about the deposition?").)  Plaintiff also mistakenly implies that Marcus has experience "representing registered investment advisers" (Resp. 4)—as Marcus testified, however, he does not have any such experience.  (App. 36 [Ex. 2, Marcus Tr. 94:19-22] ("Q. Have you ever represented a company that serves as an investment adviser in connection with an SEC investigation.  A. I don't believe so.").)

Contrary to plaintiff's assertion, Marcus's lack of qualifications do not merely go to the weight of his testimony. The Supreme Court has held that expert testimony must rest on a "reliable foundation" based on "reasoning or methodology" that "properly can be applied to the facts in issue." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592-97 (1993). Because Marcus does not have any experience in the relevant field, he does not have a reliable foundation on which to base his reasoning or methodology. See Kumho Tire, 526 U.S. at 152.

Plaintiff's own cases confirm as much. Indeed, in Huss v. Gayden, 571 F.3d 442 (5th Cir. 2009), the Fifth Circuit reiterated that a court "should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." Id. at 452 (quoting Wilson, 163 F.3d at 937). While the court held that cross-examination can be used to attack qualifications, it did not—as plaintiff incorrectly suggests (Resp. 4-5)—hold an expert need not be qualified to testify in the first place.[4] Id. Here, Marcus admits that he relies on his "experience as a practitioner" for his expertise and, as demonstrated in the Motion, he is not qualified under Rule 702. This Court should accordingly exclude Marcus's opinion and testimony in its entirety.

## II. Marcus's Opinion Will Not Assist the Jury

Even if the court concludes that Marcus is qualified to offer testimony in the relevant field—and he is not—this Court should still exclude his opinion in its entirety because it consists of incomplete and inaccurate factual assertions and legal conclusions that will not assist the jury. Plaintiff does not claim otherwise. Instead, plaintiff contends that Proskauer can cross-examine Marcus concerning those issues. (Resp. 7 (citing Primrose Operating Co. v. Nat'l Am. Ins., 382

---

[4] United States v. Liu, 716 F.3d 159 (5th Cir. 2013) also does not help plaintiff. There, the court cited Rule 702 for the straightforward proposition that lack of personal experience does not disqualify an expert "so long as the expert is qualified based on some other factor provided by Rule 702." Id. at 168. As Proskauer has demonstrated, Marcus is not qualified.

4

F.3d 546, 562 (5th Cir. 2004)).)  But this gets it exactly backwards:  it is plaintiff's burden to establish the admissibility of expert testimony.  And because Marcus relies exclusively on facts taken directly from plaintiff's complaint, he acts not as an expert witness, but as a "ventriloquist's dummy" for plaintiff's theory of the case.  Robroy Indus.-Tex., LLC v. Thomas & Betts Corp., No. 2:15-CV-512-WCB, 2017 WL 1319553, at *9 (E.D. Tex. Apr. 10, 2017) (quoting United States v. Brownlee, 744 F.3d 479, 482 (7th Cir. 2014)); see also Mot. 10-11.

Put simply, it is not proper "to use an expert witness simply to summarize the evidence preferred by the party that hired him."  Robroy, 2017 WL 1319553, at *9.  Because the jury in this case "is capable of assessing" the evidence "for itself" without the aid of Marcus's ventriloquism, his opinion "would not even marginally assist the trier of fact" and "must be viewed as a needless presentation."  Crow v. United Benefit Life Ins. Co., No. CIV. A 3:00CV1375G, 2001 WL 285231, at *3 (N.D. Tex. Mar. 16, 2001) (internal quotation marks omitted) (quoting Thompson v. State Farm Fire & Cas. Co., 34 F.3d 932, 941 (10th Cir. 1994)).  Nor is Marcus's legal conclusion that Mr. Sjoblom acted "recklessly" proper or relevant.  (Mot. 11 n.2.)  Simply put, Marcus's opinions are not helpful to the jury and are therefore inadmissible.  (Mot. 10-11.)

## CONCLUSION

For the foregoing reasons, this Court should grant Proskauer's motion to exclude the opinion and testimony of Jeffrey E. Marcus.

Dated:  April 4, 2018

| CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P. | DAVIS POLK & WARDWELL LLP |
|---|---|
| By: /s/ Neil R. Burger<br>Neil R. Burger<br>  Texas Bar No. 24036289<br>  nburger@ccsb.com<br>Bruce W. Collins<br>  Texas Bar No. 04604700<br>  bcollins@ccsb.com<br>901 Main Street, Suite 5500<br>Dallas, Texas 75202<br>Telephone:  (214) 855-3000<br>Facsimile:  (214) 855-1333 | /s/ James P. Rouhandeh<br>James P. Rouhandeh*<br>  New York Bar No. 2211837<br>  rouhandeh@davispolk.com<br>Daniel J. Schwartz*<br>  New York Bar No. 4159430<br>  daniel.schwartz@davispolk.com<br>Craig M. Reiser*<br>  New York Bar No. 4886735<br>  craig.reiser@davispolk.com<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone:  (212) 450-4000<br>Facsimile:  (212) 701-5800<br>* admitted *pro hac vice*<br><br>*Attorneys for Defendant Proskauer Rose LLP* |

## CERTIFICATE OF SERVICE

I hereby certify that, on April 4, 2018, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing. A Notice of Electronic Filing was transmitted to all ECF registrants.

<u>/s/ James P. Rouhandeh</u>
James P. Rouhandeh