IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PROSKAUER ROSE, LLP, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § § | Civil Action No. 3:13-CV-0477-N |

**ORDER**

This Order addresses Defendants Proskauer Rose, LLP ("Proskauer") and Thomas V. Sjoblom's motion for judgment on the pleadings [99] and Plaintiffs Ralph S. Janvey (the "Receiver") and the Official Stanford Investors Committee's ("OSIC") motion for leave to file an amended complaint [106]. For the reasons set forth below, the Court grants Plaintiffs' motion and thus denies Defendants' motion.

Defendants' motion seeks judgment in their favor with respect to each remaining claim asserted by OSIC. Defendants argue that OSIC – despite asserting claims belonging to former Stanford entity clients of Defendants, supposedly assigned to it by the Receiver – is not a former client of Defendants and its claims are thus precluded by Texas' attorney immunity doctrine. In response to Defendants' motion, Plaintiffs filed their motion seeking leave to file an amended complaint in which all claims are asserted by the Receiver instead of OSIC. Plaintiffs explain that they seek such relief to moot Defendants' motion and

ORDER – PAGE 1

thereby avoid the needless delay and expense of arguing the issues Defendants raise. Defendants respond by contending that Plaintiffs' proposed amended complaint is legally insufficient because OSIC has no standing to continue as a plaintiff in the case if it is no longer asserting any claims, the complaint does not establish that the Receiver owns the claims he now seeks to assert, and the claims are time-barred by the relevant statute of limitations.

The Court, however, agrees with Plaintiffs. As an initial matter, leave to amend is freely given in federal court. *See Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 891 (5th Cir. 1987). And here no substantial reasons justify denial: Plaintiffs do not seek leave to amend their complaint after undue delay, in bad faith or with dilatory motives, as a result of repeated failure to cure deficiencies by previously allowed amendments, to prejudice Defendants, or despite any futility of amendment. *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999).

Moreover, Defendants' extended arguments against Plaintiffs' motion have no force. First, OSIC – which is assisting the Receiver with prosecution of these claims pursuant to the Court-approved agreement between both parties to jointly prosecute such claims, *see* Order [1267] *in SEC v. Stanford International Bank, Ltd.*, No. 09-CV-00298-N (N.D. Tex.) – has standing as both an unincorporated association and as a representative of the Stanford investors. *See* Order 3–5 [33] *in Janvey v. IMG Worldwide, Inc.*, No. 11-CV-00117-N (N.D. Tex.); *see also* Order [1149] *in SEC v. Stanford International Bank, Ltd.*, No. 09-CV-00298-N (N.D. Tex.). Second, if Defendants are correct that any claim arising out of the attorney-

client relationship is unassignable as a matter of law, the Receiver's purported assignment of those claims to OSIC was void *ab initio* and the Receiver has owned the claims all along. In any event, it is undisputed that, between the Receiver and OSIC, Plaintiffs own the claims; merely correcting the identity of the party asserting these claims does not prejudice Defendants, who have been on notice of the claims since the commencement of this action. Third, Plaintiffs' proposed amendment is timely given relation back principles enshrined in Federal Rule of Civil Procedure 15(c)(1)(B). Here, Plaintiffs' proposed amended complaint "asserts [] claim[s] . . . that arose out of the conduct, transactions, or occurrence set out – or attempted to be set out – in the original pleading." FED R. CIV. P. 15(c)(1)(B). Because Defendants have long been on notice of these claims, they are timely under the relation back doctrine.

For the reasons explained above, the Court grants Plaintiffs' motion for leave to file an amended complaint and thus denies Defendants' motion for judgment on the pleadings.

Signed April 10, 2018.

_____
David C. Godbey
United States District Judge