UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :

RALPH S. JANVEY, IN HIS CAPACITY
AS COURT-APPOINTED RECEIVER FOR
THE STANFORD RECEIVERSHIP
ESTATE, AND THE OFFICIAL
STANFORD INVESTORS COMMITTEE,

                 *Plaintiffs*,

        - against -

PROSKAUER ROSE, LLP,
CHADBOURNE & PARKE, LLP, AND
THOMAS V. SJOBLOM,

              *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 3:13-cv-00477-N
Hon. David C. Godbey

**DEFENDANT PROSKAUER ROSE LLP'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DESIGNATE RESPONSIBLE THIRD PARTIES**

Neil R. Burger
Bruce W. Collins
CARRINGTON, COLEMAN, SLOMAN
  & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone:  (214) 855-3000
Facsimile:  (214) 855-1333
E-mail:  nburger@ccsb.com

James P. Rouhandeh*
Daniel J. Schwartz*
Craig M. Reiser*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4000
Facsimile:  (212) 701-5800
E-mail:  rouhandeh@davispolk.com
* admitted *pro hac vice*

**PRELIMINARY STATEMENT**

Plaintiffs[1] do not and cannot dispute that the third parties Proskauer identified in its

Motion are responsible under Chapter 33 for a share of the damages plaintiffs are seeking in this

action.  As plaintiffs' own judicial admissions establish, each of these designated third parties

"caused or contributed to causing" the harm for which plaintiffs seek recovery from Proskauer.

That is sufficient under Chapter 33 to designate them as responsible third parties.

Plaintiffs invite this Court to create exceptions to Chapter 33 that directly conflict with

the text of the statute and binding Texas Supreme Court precedent.  See infra Parts I-III.  What is

more, plaintiffs' reading of Chapter 33 produces the illogical outcome that Stanford and Davis

would be able to avail themselves of Chapter 33's proportionate liability scheme while Proskauer

could not.  Finally, plaintiffs' half-page ipse dixit that "there is no evidence" that certain

designated third parties caused the harm at issue in this case is wholly unsupported and

contradicted by their own allegations.  See infra Part IV.

For these reasons and those set forth below and in the Motion, the Court should grant

Proskauer's motion to designate responsible third parties under Chapter 33.

**ARGUMENT**

**I.    Chapter 33 Applies to Plaintiffs' Claims**

Plaintiffs contend that Chapter 33 does not apply to aiding and abetting claims.  (Resp. 1-

4.)  As this Court already held, however, and as the statute itself provides, Chapter 33 broadly

applies to "any cause of action based on tort."  Tex. Civ. Prac. & Rem. Code § 33.002(a)(1)

(emphasis added); see Order at 2-3, Janvey v. Adams & Reese, LLP, No. 3:12-CV-0495-N (Nov.

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in Proskauer's Motion to Designate Responsible Third Parties (the "Motion" or "Mot."), dated March 1, 2018.  Plaintiffs' Opposition to Proskauer's Motion to Designate Responsible Third Parties and Brief in Support, dated March 30, 2018, is referred to herein as the "Response" or "Resp."

24, 2014), Dkt. No. 151 ("Adams & Reese Order"); Arceneaux v. Pinnacle Entm't, Inc., 523

S.W.3d 746, 748 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("Chapter 33 applies generally

to all common-law tort claims." (internal quotations omitted)).  Plaintiffs do not and cannot

dispute that, to the extent they exist at all under Texas law, plaintiffs' aiding and abetting causes

of action are "based on tort."[2]  See W. Fork Advisors, LLC v. SunGard Consulting Servs., LLC,

437 S.W.3d 917, 922 (Tex. App.—Dallas 2014, pet. denied) (discussing the "tort of aiding and

abetting"); Seven Seas Petroleum, Inc. v. CIBC World Mkts. Corp., No. CIV.A. H-08-3048,

2013 WL 3803966, at *22 (S.D. Tex. July 19, 2013) (holding that Chapter 33 applies to claims

for aiding and abetting breach of fiduciary duty).

Despite the plain language of the statute, plaintiffs contend that Chapter 33 does not

apply to torts that provided for joint and several liability at common law.  (Resp. 1-3.)  But

Chapter 33's purpose is to supplant the common law's rules on joint and several liability—not to

entrench them.  See Gilcrease v. Garlock, Inc., 211 S.W.3d 448, 457 (Tex. App.—El Paso 2006,

no pet.) ("The purpose of Chapter 33 . . . is to apportion the damages for which joint tortfeasors

are liable, according to the percentage of fault."); H. & S. Comm. Rep. for Tex. S. Bill No. 28, at

2 (Feb. 28, 1995) (explaining that the statute was designed to "limit the conditions under which a

court is authorized to find a defendant jointly and severally liable for a claimant's damages").

As the Texas Supreme Court has repeatedly held, "[w]hen the Legislature intends an

exception to Chapter 33's broad scheme, it creates specific exceptions for matters that are

outside the scope of proportionate responsibility." Dugger v. Arredondo, 408 S.W.3d 825, 832

(Tex. 2013) (holding that Chapter 33 abrogated Texas's common law unlawful acts doctrine

---

[2] As explained in Proskauer's pending summary judgment motion, Texas has never recognized the torts of aiding and abetting fraud or aiding and abetting breach of fiduciary duty.  (ECF No. 220 at 24 & n.5; ECF No. 252 at 10-11.)

because there was no "specific exception[]" for it in Chapter 33); F.F.P. Operating Partners, L.P.

v. Duenez, 237 S.W.3d 680, 691 (Tex. 2007) ("When the Legislature has chosen to impose joint

and several liability rather than proportionate liability, it has clearly said so.").

Chapter 33 self-evidently does not include any express exception for "aiding and

abetting" claims, and plaintiffs do not contend otherwise.[3] Nor could they. Accordingly, to the

extent these claims exist in Texas at all, they are common law torts to which Chapter 33's

limitation on joint and several liability applies. Multiple courts, in fact, have reached precisely

this conclusion by following the plain language of the statute and the reasoning of the Texas

Supreme Court. See Seven Seas Petroleum, 2013 WL 3803966, at *22; Pemex Exploracion y

Produccion v. BASF Corp., No. CIV.A. H-10-1997, 2011 WL 9523407, at *13-14 (S.D. Tex.

Oct. 20, 2011) (holding that Chapter 33 applies to claims for conspiracy). The supposedly

contrary authority on which plaintiffs rely either predates the Texas Supreme Court's rulings in

Dugger and Duenez or ignores those rulings entirely.[4] Because these decisions are contrary to

---

[3] Chapter 33 does allow for joint and several liability where a jury finds that a liable defendant "with the specific intent to do harm to others, acted in concert with another person to engage in the conduct described in [expressly provided] provisions of the Penal Code and in so doing proximately caused the damages legally recoverable by the claimant." Tex. Civ. Prac. & Rem. Code § 33.013(b)(2). This section demonstrates that—contrary to plaintiffs' argument—a concerted action tort is insufficient to impose joint and several liability. See Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue, 271 S.W.3d 238, 256 (Tex. 2008) ("The Court must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous."). Moreover, as explained in Proskauer's reply in support of summary judgment, plaintiffs have not satisfied the elements of this section. (ECF No. 252 at 9-10.)

[4] The Court should not credit plaintiffs' suggestion that the "Texas Supreme Court has recognized that a person who participates in breaches of fiduciary duty is jointly and severally liable with the primary tortfeasor." (Resp. 3.) Plaintiffs do not cite a case for this proposition because it is not true in the wake of the adoption of Chapter 33, and none of the cases plaintiffs cite support it. Indeed, the pre-Chapter 33 cases on which plaintiffs rely—such as Kinzbach— simply establish that a party who knowingly participates in a breach of fiduciary duty may become a "joint tortfeasor with the fiduciary and is liable as such." Kinzbach Tool Co. v. Corbett-Wallace Corp., 160 S.W.2d 509, 514 (Tex. 1942). But now, in light of the legislature's enactment of the statute, Chapter 33 governs the extent to which a joint tortfeasor is liable, and cases that predate the enactment of Chapter 33 clearly cannot change the extent to which the statute expressly displaced the common law rules for the liability of joint tortfeasors. See Duenez, 237 S.W.3d at 686 ("The common law has been supplanted by [Chapter 33].") Furthermore, Kinzbach's discussion of joint "tortfeasors" only confirms that—contrary to plaintiffs' arguments—a claim for participating in a breach of fiduciary duty is a "tort" that would necessarily be subject to Chapter 33. See Tex. Civ. Prac. & Rem. Code § 33.002(a)(1).

binding Texas Supreme Court precedent and the plain text of Chapter 33, this Court should disregard them entirely.  See Packard v. OCA, Inc., 624 F.3d 726, 729 (5th Cir. 2010) ("In determining questions of Texas law, this court looks to the decisions of the Texas Supreme Court, which are binding."); Pipkin v. Piper Impact, Inc., 70 F. App'x 760, 763 (5th Cir. 2003) ("Under Erie, this Court is bound by the decisions of the [state] legislature and the [state] Supreme Court.").

Plaintiffs do not even attempt to distinguish the Texas Supreme Court's most recent pronouncement on the scope of Chapter 33 in Dugger, and their effort to distinguish Duenez fails.  The reasoning in Duenez was not, as plaintiffs contend (Resp. 3), limited to the Dram Shop Act.  To the contrary, the Texas Supreme Court held that Chapter 33's "broad coverage . . . to tort claims" applied as written because "[t]he Chapter 33 proportionate responsibility scheme includes exceptions for certain torts, but claims against providers of alcohol are not among those exceptions."  Duenez, 237 S.W.3d at 690 (emphasis added).  In other words, holding alcohol providers jointly and severally liable with inebriated patrons for damage caused by the latter, despite the lack of any exception permitting such an outcome, would have "conflict[ed] with [Chapter 33]."  Id. at 689; see id. at 691 ("When the Legislature has chosen to impose joint and several liability rather than proportionate liability, it has clearly said so.").  It is no different here—there is no exception for aiding and abetting in Chapter 33, and so Chapter 33 applies.

Plaintiffs' assertion that Chapter 33 applies only to direct liability arising from a tortfeasor's own conduct, as opposed to vicarious liability for someone else's conduct (Resp. 3), is likewise wrong.  Their interpretation finds no support in the statutory text, see Tex. Civ. Prac. & Rem. Code § 33.002(a) & (c), and leads to illogical results.  For example, if plaintiffs were correct, then Allen Stanford and James Davis could avail themselves of Chapter 33 to reduce

4

their proportionate share of responsibility for the harm caused by the wrongdoing to which Davis

confessed and of which Stanford was convicted, while Proskauer, which was sued only for

aiding and abetting Stanford and Davis, could not.  While Stanford and Davis would face only

proportionate liability, Proskauer could be forced to bear complete responsibility for Stanford

and Davis's conduct.  Plaintiffs offer no explanation for this outcome except to note that before

enactment of Chapter 33, the common law held aiders and abettors jointly and severally liable to

the same extent as primary violators; yet, application of plaintiffs' statutory interpretation would

lead to aiders and abettors being held liable to a greater extent than the primary tortfeasor.

Courts do not construe statutes to produce such illogical results, see, e.g., Jose Carreras, M.D.,

P.A. v. Marroquin, 339 S.W.3d 68, 73 (Tex. 2011), especially where, as here, the statutory text

and legislative history do not suggest that the legislature intended that result.

## II.    Chapter 33 Applies to Actions Brought by Equity Receivers

As they did in response to Proskauer's motion for summary judgment, plaintiffs try to

graft an unexpressed "equity-receivers exception" onto Chapter 33.  This exception does not

exist.  Plaintiffs assert that because the Fifth Circuit held that knowledge of Stanford's Ponzi

scheme is not imputed to the Receiver, Janvey v. Democratic Senatorial Campaign Committee,

Inc. ("DSCC"), 712 F.3d 185 (5th Cir. 2013), Proskauer somehow cannot designate the Stanford

entities or their agents (including those entities' former employees) as responsible third parties.

But plaintiffs' conclusion does not follow from their premise:  DSCC has absolutely no bearing

on Proskauer's ability to designate responsible third parties under Chapter 33.

As an initial matter, plaintiffs' argument fails because Proskauer is not seeking to

designate the Stanford entities as responsible third parties.  Instead, the entities are automatically

"claimants" under Chapter 33's express terms because plaintiffs are suing Proskauer on their

behalf.  Tex. Civ. Prac. & Rem. Code § 33.011(1)(A)-(B).  Accordingly, the Texas legislature

has already decided that the Stanford entities must be apportioned fault.  See id. § 33.003(a)

(stating that the trier of fact shall determine the percentage of responsibility for "each claimant").

 Moreover, as explained in Proskauer's motion for summary judgment, because the

Stanford entities—specifically, SIB and SGC, as well as Stanford and Davis as the primary

corporate actors—are 100% responsible for the harm at issue here, see Order, SEC v. Stanford

Int'l Bank, No. 3:09-CV-00298-N (N.D. Tex. Apr. 25, 2013), Dkt. No. 1858, plaintiffs' recovery

is barred as a matter of law.  (ECF No. 220 at 45-50; ECF No. 252 at 5-10.)  Contrary to

plaintiffs' argument, this is not tantamount to the Receiver being "charged with" the

"wrongdoing" of Stanford Financial or its agents.  (Resp. 5.)  The statute simply does not

provide for recovery when a party like the Receiver is "seeking recovery of damages," Tex. Civ.

Prac. & Rem. Code § 33.011(1), on behalf of a person that happens to have "responsibility . . .

greater than 50 percent," id. § 33.001; see Smith v. East, 411 S.W.3d 519, 525 (Tex. App.—

Austin 2013, pet. denied).  It is not this Court's prerogative to contravene the legislature's

judgment, as plaintiff urges.  See Smith, 411 S.W.3d at 528 (stating that arguments concerning

"harsh consequences or unfairness created by section 33.001  . . . are properly directed to the

Legislature"); Villarreal v. Wells Fargo Brokerage Servs., LLC, 315 S.W.3d 109, 122 (Tex.

App.—Houston [1st Dist.] 2010, no pet.) (holding that a "movants' policy argument . . . cannot

serve to defeat the plain language of [Chapter 33]").

 Yet, even if the Stanford entities were not "claimants" under Chapter 33, the former

Stanford employees that Proskauer has designated would still be responsible third parties.

Chapter 33 defines a responsible third party as "any person who is alleged to have caused or

contributed to causing in any way the harm for which recovery of damages is sought."  Tex. Civ.

Prac. & Rem. Code § 33.011(6).  As explained in Proskauer's Motion, the former Stanford

employees plainly meet this standard (Mot. 7-10), and they are therefore responsible third parties

pursuant to the plain text of the statute.[5]

Designating these individuals as responsible third parties—and ultimately asking the jury

to apportion their responsibility under Chapter 33—does not contravene the decision in DSCC in

any way.  If Texas law applies,[6] the Fifth Circuit's decision in DSCC at most gives the Receiver

standing to assert claims belonging to the Stanford Financial corporate entities free and clear of

the guilty knowledge of the Ponzi scheme's principals.  Despite what plaintiffs contend,

apportioning responsibility to former Stanford employees does not "charge" the Receiver with

"their wrongdoing to bar the Receiver's recovery."  (Resp. 5.)  It simply allows for a jury to

properly apportion the harm for which plaintiffs are seeking recovery among the parties that

"caused or contributed to causing in any way" that harm.  Tex. Civ. Prac. & Rem. Code

§ 33.011(6).  No reading of DSCC—or any other authority—provides an avenue for the Receiver

to flout Chapter 33's statutory proportional responsibility mechanism.

### III.    The SEC and NASD are Responsible Third Parties

As Proskauer demonstrated in its Motion, ample evidence supports Proskauer's

designation of the SEC and NASD as responsible third parties, based on both plaintiffs' own

allegations in their complaint and the internal post hoc analysis conducted by each agency

relating to its own respective shortfalls in investigating Stanford Financial.  (Mot. at 10-11.)  The

---

[5] To support its designations of responsible third parties, Proskauer's Motion  relied on, among other
things, binding admissions that plaintiffs made in their original complaint in this action, filed on January 31, 2013.
(ECF No. 1.)  On April 10, 2018, the Court granted plaintiffs leave to file an amended complaint (ECF No. 301),
which was filed the same day,  (ECF No. 302).  Plaintiffs' amended complaint does not change any of the factual
allegations from their original complaint that form the basis of the admissions that Proskauer relied on in its Motion.

[6] As set forth in Proskauer's motion for choice of law (ECF No. 151) and motion for summary judgment
(ECF No. 220), New York law rather than Texas law governs this dispute and entitles Proskauer to judgment as a
matter of law under New York's in pari delicto doctrine.

Receiver and OSIC both admit that the SEC and NASD believed that Stanford Financial was a

Ponzi scheme years before Mr. Sjoblom was ever retained by Stanford Financial.  (Id.)  And the

Receiver testified that the regulators could have "gone after" Stanford Financial earlier to

prosecute the Ponzi scheme, which would have resulted in fewer damages.  (Id. at 10.)  Taken

together, these facts sufficiently demonstrate that the SEC and NASD have "caused or

contributed to causing in any way the harm for which recovery of damages is sought," Tex. Civ.

Prac. & Rem. Code § 33.011(6) (emphasis added), and they must therefore be designated as

responsible third parties.  See Nabors Well Servs., Ltd. v. Romero, 456 S.W.3d 553, 562 (Tex.

2015) ("'In any way' can mean only what it says—there are no restrictions on assigning

responsibility to a [third party] as long as it can be shown [that party's] conduct 'caused or

contributed to cause' [the claimant's harm].").

Contrary to plaintiffs' assertion (Resp. 5), this Court has never determined that the SEC

and NASD could not be designated as responsible third parties.  This Court's prior statement that

"[p]laintiffs' injuries were not the result of SEC actions" (ECF No. 79 at 13) simply addressed,

on a motion to dismiss, whether plaintiffs pleaded sufficient facts to show that their alleged

injuries were "fairly traceable" to defendants' alleged conduct under Article III.  That decision

has no bearing on whether the jury should be able to decide whether the SEC and NASD bear

some responsibility for the harm here, particularly given this Court's acknowledgment in the

same decision that "the SEC played a role in the facts of this dispute."  (Id. at 13.)

Rather than confront the plain language of Chapter 33, plaintiffs ask the Court to refuse

to designate the SEC and NASD because they claim it "would give rise to perverse incentives."

(Resp. 6.)  But plaintiffs' alleged "perverse incentives," to the extent they even exist, are

irrelevant to the designation of responsible third parties under Chapter 33.  The Texas legislature

has made the determination that it is for the jury to decide who bears the responsibility for

"caus[ing] or contribut[ing] to causing in any way" a claimant's harm—whether that

responsibility is borne by a regulator, an alleged obstructer, or "any person" at all.  Tex. Civ.

Prac. & Rem. Code § 33.011(6).  The only basis to contest a designation is that the "defendant

did not plead sufficient facts concerning the alleged responsibility of the person."  Tex. Civ.

Prac. & Rem. Code § 33.004(g)(1).  Thus, Chapter 33 permits designation of responsible third

parties regardless of whether a party is immune from suit, Fisher v. Halliburton, 667 F.3d 602,

622 (5th Cir. 2012) ("Even parties . . . who are immune from liability to the claimant can be

designated responsible third parties under the statute." (internal quotations omitted)), or

otherwise protected by a substantive defense, Galbraith Engineering Consultants, Inc. v.

Pochucha, 290 S.W.3d 863, 869 (Tex. 2009) ("Chapter 33 . . . is apparently unconcerned with

the substantive defenses of responsible third parties.").  Because plaintiffs do not contest that

Proskauer has submitted sufficient evidence that the SEC and NASD "caused or contributed to

causing" plaintiffs' harm, they are responsible third parties.

**IV.    There is Evidence Sufficient to Support Designating the Responsible Third Parties**

Finally, plaintiffs claim, without elaboration, that the Court should refuse to designate

Mark Kuhrt, Gilbert Lopez, Laura Pendergest-Holt, Leroy King, C.A.S. Hewlett & Co., Ltd., and

Harry Failing as responsible third parties because "there is no evidence" that they are responsible

for plaintiffs' harm.  (Resp. 7 (citing Tex. Civ. Prac. & Rem. Code § 33.004(l).)[7]  At this stage,

however, Proskauer must only meet a pleading burden; not an evidentiary burden.  Tex. Civ.

Prac. & Rem. Code § 33.004(g)(1).  Plaintiffs' argument should be rejected for this reason alone.

---

[7] Plaintiffs do not challenge the sufficiency of the evidence to support Proskauer's designation of Allen
Stanford and James Davis—nor could they—and thus admit that there is sufficient evidence to designate them as
responsible third parties.

In any event, even under Section 33.004(l), Proskauer must simply produce sufficient evidence "to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury." Tex. Civ. Prac. & Rem. Code § 33.004(l). This burden is not demanding: the statute merely requires that a defendant produce "more than a scintilla" of supporting evidence. In re Transit Mix Concrete & Materials Co., No. 12-13-00364-CV, 2014 WL 1922724, at *3 (Tex. App.—Tyler May 14, 2014, orig. proceeding). As this Court and others have explained, an opposing party's pleadings and other admissions are sufficient to designate responsible third parties. See Adams & Reese Order at 7; Pemex, 2011 WL 9523407, at *14. Accordingly, plaintiffs' own pleadings belie their arguments about the evidentiary record.

Proskauer plainly identified sufficient evidence in its Motion to support its designation of third parties. (Mot. 7-10.) Among other things, Proskauer cited binding admissions from plaintiffs that each of the individuals Proskauer seeks to designate knowingly participated in the Stanford Ponzi scheme. (Id.) Without spending even one sentence addressing this evidence or explaining how it is possibly insufficient, plaintiffs state, with no support, that "there is no evidence in this record" to support these parties' designations. (Resp. 7.) The Court should disregard this wholly unsupported argument, which is contradicted by plaintiffs' own allegations. Indeed, this Court has already found that Kuhrt, Lopez, Pendergest-Holt, King, and C.A.S. Hewlett are responsible third parties in a related case because they are responsible for the very same harm for which plaintiffs seek recovery here. See Adams & Reese Order at 7-8. Plaintiffs fail to even address this decision.

**CONCLUSION**

For the foregoing reasons and the reasons set forth in Proskauer's Motion, this Court should grant Proskauer's motion to designate responsible third parties in its entirety.

Dated:  April 13, 2018

CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, L.L.P.

DAVIS POLK & WARDWELL LLP

By:  /s/ Neil R. Burger

/s/ James P. Rouhandeh

Neil R. Burger
  Texas Bar No. 24036289
  nburger@ccsb.com
Bruce W. Collins
  Texas Bar No. 04604700
  bcollins@ccsb.com
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone:  (214) 855-3000
Facsimile:  (214) 855-1333

James P. Rouhandeh*
  New York Bar No. 2211837
  rouhandeh@davispolk.com
Daniel J. Schwartz*
  New York Bar No. 4159430
  daniel.schwartz@davispolk.com
Craig M. Reiser*
  New York Bar No. 4886735
  craig.reiser@davispolk.com
450 Lexington Avenue
New York, New York 10017
Telephone:  (212) 450-4000
Facsimile:  (212) 701-5800
* admitted *pro hac vice*

*Attorneys for Defendant Proskauer
Rose LLP*

11

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 13, 2018, I electronically transmitted the foregoing

document to the Clerk of the Court using the ECF system for filing.  A Notice of Electronic

Filing was transmitted to all ECF registrants.


                                        /s/ James P. Rouhandeh
                                        James P. Rouhandeh