UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
RALPH S. JANVEY, IN HIS CAPACITY :
AS COURT-APPOINTED RECEIVER FOR :
THE STANFORD RECEIVERSHIP :
ESTATE, AND THE OFFICIAL :
STANFORD INVESTORS COMMITTEE, :
:
            *Plaintiffs*, : Civil Action No. 3:13-cv-00477-N
: Hon. David C. Godbey
- against - :
:
PROSKAUER ROSE, LLP, :
CHADBOURNE & PARKE, LLP, AND :
THOMAS V. SJOBLOM, :
:
            *Defendants*. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## REPLY TO PLAINTIFFS' RESPONSE TO PROSKAUER'S ADVISORY

Defendant Proskauer Rose LLP ("Proskauer") respectfully submits this Reply to Plaintiffs' Response to Proskauer's Advisory to the Court. ("Response" or "Resp.") Plaintiffs' Response confirms that OSIC—which was never Proskauer's client—is still a plaintiff in this case and that Proskauer's appeal may result in its dismissal. (Resp. 6 (admitting that the Fifth Circuit might "dismiss[] . . . OSIC as an additional party").) Unable to contest those facts, plaintiffs contend that this action should proceed to trial—notwithstanding Proskauer's pending appeal to the Fifth Circuit—because, according to plaintiffs, Proskauer's appeal is "frivolous or dilatory." (Resp. 4.)[1] Plaintiffs are wrong. Proskauer's appeal is not frivolous under clear Fifth

---

[1] Plaintiffs' argument that Proskauer's appeal is dilatory is baseless. (Resp. at 6-7.) Proskauer filed its motion for judgment on the pleadings on May 12, 2016, nearly two years ago (ECF No. 99), and subsequently requested rulings from the Court multiple times (ECF Nos. 205 & 300). Proskauer promptly filed its notice of appeal following this Court's ruling. (ECF No. 308.)

Circuit authority. Indeed, it has a substantial likelihood of success. Other than two passing references to written findings (Resp. 5, 9), plaintiffs' Response also ignores the fact that, to certify an appeal as frivolous, not only are written findings required by the district court but those written findings must be clear and reasoned. See BancPass, Inc. v. Highway Toll Admin., L.L.C., 863 F.3d 391, 400 (5th Cir. 2017). Requiring a written finding "enable[s the Fifth Circuit] to review as expeditiously as possible a defendant's appeal and any request for relief from a district court's determination" of frivolousness. Id. (quoting United States v. Dunbar, 611 F.2d 985, 989 (5th Cir. 1980)). As set forth below, the Court should not make such a certification because it would not be justified under controlling precedent.

"[A] district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal." Alice L. v. Dusek, 492 F.3d 563, 564 (5th Cir. 2007) (internal quotations omitted). Because Proskauer has appealed the Court's denial of immunity from suit, Proskauer's appeal "relates to the entire action and . . . divests [this Court] of jurisdiction to proceed with any part of the action against an appealing defendant." Stewart v. Donges, 915 F.2d 572, 577 (10th Cir. 1990) (emphasis added) (internal quotations omitted); accord Carty v. Rodriguez, 211 F. App'x 292, 293 (5th Cir. 2006) ("A district court's denial of a defense of qualified immunity is immediately appealable, and once an appeal is filed, the district court is divested of its jurisdiction to proceed against that defendant."); Apostol v. Gallion, 870 F.2d 1335, 1138 (7th Cir. 1989) (stating that a notice of appeal from a denial of immunity automatically "divests the district court of jurisdiction (that is, authority) to require the appealing defendants to appear for trial").[2]

---

[2] Plaintiffs' argument that attorney immunity is limited to "liability to a non-client" (Resp. 3), ignores the Fifth Circuit's ruling in Troice that attorney immunity is a "true immunity from suit" and not a mere defense to liability. Troice v. Proskauer Rose, L.L.P., 816 F.3d 341, 348 (5th Cir. 2016). In any event, plaintiffs' contention
(….continued)

Perhaps the most telling aspect of the Response is that plaintiffs completely disregard Fifth Circuit precedent concerning the extraordinarily high standard that must be met for the district court to certify an appeal as frivolous. The power to certify an appeal as frivolous is "anomalous," Apostol, 870 F.2d at 1339, and "must be used with restraint," BancPass, 863 F.3d at 400 (quoting Apostol, 870 F.2d at 1339). Contrary to what plaintiffs' Response implies (Resp. 6), an appeal is not frivolous simply because the district court believes it is wrong on the merits or will ultimately be denied. Instead, an appeal is frivolous only if "the result is obvious or the arguments of error are wholly without merit." 16 Front St., L.L.C. v. Miss. Silicon, L.L.C., 886 F.3d 549, 561 (5th Cir. 2018) (emphasis added) (internal quotations omitted). An appeal is not frivolous even where the appellant "face[s] long odds" and its appeal is "ultimately unsuccessful," so long as the appellant makes "legitimate legal arguments and attempts to distinguish" precedent. Id.; see also Marceaux v. Lafayette City-Par. Consol. Gov't, 614 F. App'x 705, 711 (5th Cir. 2015) (declining to find an unsuccessful appeal frivolous because even "[t]hough plaintiffs' chances of success on appeal were slim, their appeal [was] not . . . wholly without legal merit").

An appellant need only "raise[] questions . . . that are at least arguable on their merits." In re Vioxx Prods. Liab. Litig., 544 F. App'x 255, 261 (5th Cir. 2013) (internal quotations omitted); Mist-On-Sys., Inc. v. Nouveau Body & Tan, LLC, 341 F. App'x 1, 6 (5th Cir. 2009) (declining to find unsuccessful appeal frivolous where even though the legal arguments were "bizarre," the appellant "provided some case and record citations and present[ed] some legitimate legal arguments"). Indeed, in one case, the Fifth Circuit found that an appeal only

---

(continued….)
that the attorney immunity doctrine does not apply to these facts is best directed to the Fifth Circuit, which, under Troice, indisputably has jurisdiction to address and resolve the question presented. Id.

"border[ed] on frivolous" even where the appellant's brief (1) largely "rehash[ed] . . . already-rejected fraud claims without a single citation to the record," and (2) some of the arguments "badly exaggerated" the record and were "completely unfounded." Meyers v. Textron Fin. Corp., 609 F. App'x 775, 778-81 (5th Cir. 2015) (emphasis added). In other words, an appeal is frivolous only if the "disposition is so plainly correct that nothing can be said on the other side." Apostol, 870 F.2d at 1339 (emphasis added).

But as the Fifth Circuit held in Troice, much can be said on the other side in support of Proskauer's appeal. Not only does the appeal raise colorable arguments, it has a substantial likelihood of success. Contrary to plaintiffs' argument (Resp. 7-8), the Fifth Circuit has jurisdiction over Proskauer's interlocutory appeal under the collateral order doctrine because the Court's order denied Proskauer attorney immunity—"a true immunity from suit." Troice v. Proskauer Rose, L.L.P., 816 F.3d 341, 348 (5th Cir. 2016). Although Proskauer is immune from suit by non-clients, id., the Court's order permits OSIC, which was never Proskauer's client, to bring suit as a plaintiff against Proskauer pursuant to an amended complaint. The Court reasoned that OSIC could do so because it has "standing as both an unincorporated association and as a representative of the Stanford investors" (ECF No. 301 at 2), but OSIC's purported "standing" cannot contravene Proskauer's attorney immunity because it does not change the fact that OSIC was not and has never been Proskauer's client. See Troice, 816 F.3d at 348. If OSIC cannot sue Proskauer because it was never Proskauer's client, it surely cannot gain the ability to do so as a "representative of the Stanford investors," who were also never Proskauer's clients. See id. Neither can OSIC bring suit on the basis of associational standing, which provides only that "[a]n association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right." Friends of the Earth, Inc. v. Laidlaw

4

Envtl. Servs. (TOC), Inc., 528 U.S. 167, 181 (2000). Because Proskauer is immune from suit by OSIC's "members"—the Stanford investors—their supposed "standing" likewise does not permit OSIC to bring suit against Proskauer. Indeed, by invoking its purported standing to sue Proskauer—whether as an unincorporated association of investors or as a representative of investors—OSIC's arguments reveal this lawsuit for what it really is: a back-door way for investors to bring suit against Proskauer.

Nor does OSIC's amended complaint "moot" this issue, as OSIC argues. (Resp. 3.) Proskauer's appeal squarely raises the question whether OSIC, a non-client, may remain in this case as a plaintiff. The amended complaint cannot possibly moot that question because it names OSIC as a plaintiff. OSIC argues that it no longer asserts any claims under the amended complaint, but the amended complaint's plain language contradicts that position: "Plaintiff Committee, through this Complaint, is cooperating with the Receiver to identify and prosecute actions and proceedings for the benefit of the Stanford Receivership Estate." (Am. Compl. [ECF No. 302] p. 2 (emphasis added); id. at 4-5 (alleging that defendants' conduct in Texas "give[s] rise to Plaintiffs' [plural] causes of action" (emphasis added)); id. p. 100 (stating, in preamble to claims, "plaintiffs incorporate by reference and reassert the allegations above as if fully set forth below." (emphasis added).) The amended complaint defines plaintiffs to include the Receiver and OSIC. (See generally Am. Compl. p. 2.) Indeed, OSIC must be asserting claims against Proskauer because it would otherwise not be allowed to participate in the action. See U.S. Const. art. III; Little v. KPMG LLP, 575 F.3d 533, 540 (5th Cir. 2009) (describing the irreducible minimum of Article III standing).[3]

---

[3] Assuming arguendo that this Court had the inherent power to create OSIC, it is clear that this Court does not have the power to contravene Article III. Cf. In re Am. Lebanese Syrian Associated Charities, Inc., 815 F.3d (….continued)

Plaintiffs' pretrial filings conclusively show that OSIC intends to actively and vigorously participate against Proskauer at trial on behalf of the Stanford Investors whom it represents. OSIC admits that it is "assisting the Receiver with prosecution of [his claims]" at trial. (ECF No. 311 at 3 n.2 (emphasis added) (quoting ECF No. 301 at 2.)  Included in this "assistance" is OSIC's intention to call Stanford investors as witnesses, "identify[] itself by name" to the jury, and have John Little testify because he is "the chairman of OSIC." (Id. at 1, 3 n.2, 13.) Moreover, even though plaintiffs only have standing in this case—if at all—to bring suit on behalf of Stanford Financial and not investors, see Janvey v. Democratic Senatorial Campaign Comm., Inc., 712 F.3d 185, 190 (5th Cir. 2013) (holding that Receiver has "standing to assert only the claims of the entities in receivership, and not the claims of the entities' investor-creditors"), they intend to inform the jury of the "massive harm" that the Ponzi scheme caused investors because "[t]he jury should be able to consider [that harm] when awarding damages to the Plaintiffs." (ECF No. 313 at 9-10.)  Active participation by OSIC (a non-client) on behalf of investors (also non-clients) at trial against Proskauer plainly violates Proskauer's attorney immunity from suit. See Troice, 816 F.3d at 348.[4]

Because Proskauer's appeal has a substantial likelihood of success—and, at the very least, certainly raises colorable arguments—there is no basis to certify it as frivolous. See 16 Front St., L.L.C., 886 F.3d at 561; Apostol, 870 F.2d at 1339.  The Court is divested of jurisdiction to proceed in this action, including its jurisdiction to issue orders or proceed to trial.

---

(continued….)
204, 207 (5th Cir. 2016) (Jones, J., dissenting) (observing that it is "highly doubtful that a district court has inherent power to approve the receiver's assignment of causes of action to a non-fiduciary like OSIC").

[4] This is not an issue that can be cured by the manner in which the trial is conducted (e.g., through limiting instructions) because the trial itself contravenes Proskauer's rights.  See Weingarten Realty Investors v. Miller, 661 F.3d 904, 909–10 (5th Cir. 2011) (stating that "an immunity from suit" is equivalent to "an entitlement not to stand trial or face the other burdens of litigation").

See BancPass, 863 F.3d at 400; Stewart, 915 F.2d at 577; Apostol, 870 F.2d at 1138. Moreover, even if this Court were to conclude that Proskauer's appeal is frivolous (and it is not), the Court should not proceed until Proskauer's appeal has been resolved because certification "does not deprive the [Court of Appeals] of jurisdiction to proceed." BancPass, 863 F.3d at 400 (quoting Dunbar, 611 F.2d at 989); see also Apostol, 870 F.2d at 1339 ("A party aggrieved by a finding of frivolousness . . . may seek a stay from this court, for we have jurisdiction to determine our jurisdiction."). Indeed, the Fifth Circuit has never held that certification by the district court deprives the Fifth Circuit of jurisdiction to hear the appeal or requires dismissal of the appeal.

With trial rapidly approaching and plaintiffs taking the position that this Court may proceed despite the fact that it lacks jurisdiction, Proskauer respectfully submits that this Court should adjourn all pending matters until such time as Proskauer's appeal is resolved. If the Court intends to render a decision on plaintiffs' request to certify the appeal as frivolous, Proskauer respectfully requests that it do so today so that Proskauer can take steps to protect its immunity from suit.

Dated: April 23, 2018

| | |
|---|---|
| CARRINGTON, COLEMAN,<br>SLOMAN & BLUMENTHAL, L.L.P. | DAVIS POLK & WARDWELL LLP |
| By: /s/ Neil R. Burger<br>Neil R. Burger<br>  Texas Bar No. 24036289<br>  nburger@ccsb.com<br>Bruce W. Collins<br>  Texas Bar No. 04604700<br>  bcollins@ccsb.com<br>901 Main Street, Suite 5500<br>Dallas, Texas 75202<br>Telephone:  (214) 855-3000<br>Facsimile:  (214) 855-1333 | /s/ James P. Rouhandeh<br>James P. Rouhandeh*<br>  New York Bar No. 2211837<br>  rouhandeh@davispolk.com<br>Daniel J. Schwartz*<br>  New York Bar No. 4159430<br>  daniel.schwartz@davispolk.com<br>Craig M. Reiser*<br>  New York Bar No. 4886735<br>  craig.reiser@davispolk.com<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone:  (212) 450-4000<br>Facsimile:  (212) 701-5800<br>* admitted *pro hac vice*<br><br>*Attorneys for Defendant Proskauer Rose LLP* |

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 23, 2018, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing.  A Notice of Electronic Filing was transmitted to all ECF registrants.

/s/ James P. Rouhandeh  
James P. Rouhandeh