**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RALPH S. JANVEY, in his capacity as** | § | |
| **court-appointed receiver for the Stanford** | § | |
| **receivership estate,** *ET AL.* | § | |
| | § | **CIVIL ACTION NO. 3:13-cv-00477-N** |
| **V.** | § | |
| | § | |
| **PROSKAUER ROSE LLP,** *ET AL.* | § | |

**PLAINTIFFS' RESPONSE TO
<u>DEFENDANT'S ADVISORY TO THE COURT</u>**

Plaintiffs Ralph S. Janvey, in his capacity as court-appointed receiver for the Stanford re-
ceivership estate, and the Official Stanford Investors Committee ("OSIC"), respectfully respond
to the "Advisory to the Court" [Doc. 310] filed by Defendant Proskauer Rose LLP ("Proskau-
er").

Proskauer has "advised" the Court that Proskauer's notice of appeal has divested this
Court of jurisdiction to proceed with the trial.  Its argument is that (1) this Court's Order of April
10, 2018 [Doc. 301] denied its claim of attorney immunity, thus (2) warranting an appeal under
the collateral-order doctrine, and (3) mandating "adjournment" of all further proceedings and a
stay of the trial.  But its argument falters at each step, and multiple independent reasons show
why this Court's docket is not at Proskauer's mercy.  Ultimately, Proskauer's gambit must fail
for reasons already articulated by this Court in its Order denying Proskauer's motion for judg-
ment: the trial will examine claims (and *only* claims) of a *client* that are brought against Proskau-
er.  The Receiver has the undoubted right to a trial on those claims, Proskauer has no attorney
immunity from these claims, and the collateral-order doctrine does not require (or indeed even

authorize) stopping such a trial. To the extent attorney immunity was ever actually implicated at all—a doubtful proposition all along—it has now been mooted by the amended complaint [Doc. 302], which removes any doubt that the Receiver is directly bringing all claims to be tried. The Plaintiffs submitted, and this Court accepted, the amended complaint in order to assure Proskauer that any trial would consider only its client's claims. Proskauer is unwilling to take "yes" for an answer.

Proskauer's "Advisory" does not present a close call. This Court has recognized in previous cases that it has the authority to assess whether a collateral-order appeal is one with sufficient merit to require staying a trial. Such an assessment here reveals that nothing more than a bare desire to avoid trial—the very definition of a dilatory tactic—supports Proskauer's procedural gambit. Following Fifth Circuit precedent, this Court should "certify[] that [Proskauer's] appeal is frivolous or dilatory," and then proceed with trial. *BancPass, Inc. v. Highway Toll Administration, L.L.C.*, 863 F.3d 391, 400 (5th Cir. 2017).

## ARGUMENT

For multiple reasons, this Court is not divested of jurisdiction to proceed to trial.

### A.     The Appeal Does Not Genuinely Involve Attorney Immunity.

An order denying a motion to dismiss or for judgment based on attorney immunity qualifies as an appealable collateral order. *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 345-48 (5th Cir. 2016). But an appeal does not involve attorney immunity just because the appellant says it does. Proskauer's notice of appeal [Doc. 308] attempts to invoke this doctrine, claiming that this Court's Order [Doc. 301] "denied Proskauer attorney immunity" by holding that OSIC is a proper plaintiff who has standing to assert claims against Proskauer in this action. But the

forthcoming trial does not involve any arguable denial of attorney immunity—if attorney immunity was *ever* relevant, the amended complaint [Doc. 302] has eliminated it.

Proskauer's motion for judgment on the pleadings [Doc. 99] was directed against OSIC's allegations in the original complaint [Doc. 1]. That complaint was superseded by the filing of the amended complaint [Doc. 302]. *E.g.*, *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). The issue underlying the appeal is therefore moot, except insofar as the contentions in the motion apply to the amended complaint. Under the amended complaint, *no party* asserts that Proskauer is liable to a non-client. *Both* plaintiffs instead assert that Proskauer is liable to the Receiver as successor-in-interest to Proskauer's former client. In the unusual context of this receivership proceeding, OSIC is a separate party-plaintiff that has no separate claims.

This posture eliminates any attorney-immunity problem. In *Cantey Hanger v. Byrd*, 467 S.W.3d 477, 479 (Tex. 2015), the Texas Supreme Court characterized attorney immunity as a doctrine of "attorneys' immunity from civil liability to non-clients." No fewer than 18 times, the Court phrased the immunity question in terms of freedom from suits alleging *liability to non-clients*. 467 S.W.3d at 479, 480, 481, 482, 483, 485, 486.[1] Proskauer's attorney-immunity entitlement, therefore, is (at best) to be free of suits claiming *liability to a non-client*, not to suits by a client successor, claiming liability to a client, in which a non-client investor committee is also joined.

Proskauer's appeal, however, lives in the world of the *original* complaint (and even there, as this Court correctly held, Proskauer would have no real attorney-immunity claim). The appeal contends that Proskauer is entitled to attorney immunity with respect to OSIC's role as a plaintiff supporting the Receiver's claims. But that appeal has little relevance to the trial, where

---

[1] The dissent did so 19 times. 467 S.W.3d at 486, 487, 488, 490, 493 (Green, J., dissenting).

the only claims that will be tried are those *of the Receiver*—claims to which Proskauer has not asserted, and cannot assert, an attorney-immunity defense.  The jury will not be asked any questions about OSIC, and the Court will not be asked to make any legal rulings about OSIC.  The trial will not impose any litigation burden on Proskauer different from the burden it would face were OSIC not in the case.  Proskauer's appeal challenges a phantom.

Whatever other concerns Proskauer may have do not amount to *attorney-immunity* objections that are immediately appealable.  They are instead nothing more than ordinary procedural arguments that are always appealable after final judgment.  For example, in the amended complaint, OSIC seeks relief only on behalf of the Receiver, a client.  This Court has held that OSIC has standing to do so.  [Doc. 301 at 2].  Proskauer complains of that ruling in its notice of appeal [Doc. 308], but rulings about standing do not qualify as collateral orders, because they are not sufficiently separable from the merits of the case.  *Anderson v. City of Boston*, 244 F.3d 236, 240-41 (1st Cir. 2001).  Proskauer also complains of this Court's ruling that OSIC is a proper plaintiff, but that is merely a procedural ruling that likewise fails to qualify as a collateral order.

"Proceedings masquerading as [immunity] appeals but not in fact presenting genuine claims of immunity create still further problems."  *Apostol v. Gallion*, 870 F.2d 1335, 1338-39 (9th Cir. 1989), quoted in *BancPass,* 863 F.3d at 399.  Proskauer's appeal is an appeal of a ruling regarding standing or procedure, masquerading as an attorney-immunity appeal.  The appeal was taken without jurisdiction, and there is no plausible prospect that Proskauer will prevail in it.

## B.   Any Appeal Would Be Frivolous Or Dilatory

Even setting aside the disconnect between Proskauer's appeal and any basis to link it to the attorney-immunity doctrine under this record, the Court would still have the authority to proceed to trial.  When an appeal is frivolous or dilatory, trial-court proceedings do not need to be

"adjourned," as Proskauer suggests.  Just last year, the Fifth Circuit reaffirmed that district courts may proceed with a case notwithstanding an interlocutory immunity-denial appeal "after certifying that the appeal is frivolous or dilatory."  *BancPass*, 863 F.3d at 400 (emphasis supplied).

The Fifth Circuit began developing this principle most clearly in *United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir. 1980) (*en banc*), a criminal case involving claims of double jeopardy.  The court noted that "[t]he divestiture of jurisdiction rule … would enable a criminal defendant to unilaterally obtain a trial continuance at [a]ny time prior to trial by merely filing a double jeopardy motion, however frivolous, and appealing the trial court's denial thereof."  The court therefore adopted a procedure to avoid that result:

> An appropriate balance of conflicting interests should be initially achieved in the trial court itself by identifying frivolous claims of former jeopardy and preventing them from unduly disrupting the trial process.  Henceforth, the district courts, in any denial of a double jeopardy motion, should make written findings determining whether the motion is frivolous or nonfrivolous.  If the claim is found to be frivolous, the filing of a notice of appeal by the defendant shall not divest the district court of jurisdiction over the case.  If nonfrivolous, of course, the trial cannot proceed until a determination is made of the merits of an appeal.

*Id.*

Although initially developed in the double-jeopardy context, the *Dunbar* exception has also been applied in civil cases, and in particular in civil cases involving immunity issues.  *BancPass*, for example, involved a claim of judicial-proceeding immunity.  The court applied *Dunbar*, holding that "a district court is permitted to maintain jurisdiction over [sic; notwithstanding] an interlocutory appeal of an immunity denial after certifying that the appeal is frivolous or dilatory."  863 F.3d at 400.  In so holding, the *BancPass* court joined other circuits that apply *Dunbar*-like rules to interlocutory appeals on immunity grounds.  *See, e.g.*, *Apostol*, 870 F.2d at 1339 (qualified immunity); *Stewart v. Donges*, 915 F.2d 572, 576-77 (10th Cir. 1990) (same).  Even before *BancPass*, this Court recognized that it was not divested of jurisdiction by

an appeal of an order that it determined was nonappealable. *See Tyler v. Owen Loan Servicing*, No. 3:15–CV–1117–N–BK, 2015 WL 5398478, *1 & n.1 (N.D. Tex. Sept. 14, 2015) (Godbey, J.) (citing *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989)).

The *BancPass* formulation focuses on the frivolous or dilatory nature of the appeal rather than that of the motion giving rise to the appeal.  Although an appeal from the denial of a frivolous motion will itself be frivolous, it is possible for there to be a frivolous or dilatory appeal even where the motion giving rise to the appeal was not frivolous, as, for example, where there is no appellate jurisdiction or where the appeal cannot achieve any meaningful relief even if successful.  As described above, *see supra* Part A, Proskauer's appeal is frivolous because it challenges a denial of attorney immunity even though an undisputed client is prosecuting the claims.

Proskauer's appeal is also "dilatory," which means "[d]esigned or tending to cause delay." *Black's Law Dictionary* 552 (10th ed. 2014); *see also City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 748 (D.N.J. 2008) (whether delay is dilatory "takes into consideration the length of time as well as the nature of the delay;" conduct may be found dilatory "when the purpose of the delay was to unnecessarily prolong litigation").  Because Proskauer is unquestionably subject to the Receiver's claims, and because those claims are the only ones that are being litigated at trial, seeking to "adjourn" this Court's proceedings pending an appeal is *only* explained by attempting to delay the inevitable.

Here the limited nature of the relief available to Proskauer on appeal indicates that its purpose is to unnecessarily prolong this already-protracted litigation.  On its best day in the appellate court, Proskauer would achieve only the dismissal of OSIC as an additional party—it could not dislodge the Receiver or eliminate any of the claims.  Because it would still face trial of the Receiver's claims, the trial that would be virtually indistinguishable from the trial that

Proskauer seeks to delay.  The outcome of the trial would be identical whether Proskauer wins the appeal or loses it.  Any rationale Proskauer advances for "adjourning" this Court's proceedings is not to achieve such flimsy actual relief, but to delay the impending trial.

### C.    Any Consequences of the Challenged Ruling Are Reviewable on Appeal.

Even if an order meets all the other tests under the collateral-order doctrine, it is not immediately appealable unless it would "be effectively unreviewable on appeal from a final judgment."  *Spiess v. C. Itoh & Co. (America)*, 725 F.2d 970, 974 (5th Cir.), *cert. denied*, 469 U.S. 829 (1984) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376 (1981)).  The Supreme Court's most recent guidance about the collateral-order doctrine leaves no doubt that it intends to restrict access to such appeals absent the strictest compliance with its requirements. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (refusing to countenance collateral-order appeals for alleged violations of attorney-client privilege and instructing lower courts to limit use of this mechanism even when the interests at stake are extremely important in our adversarial system).  When, as here, any actual errors are remediable on appeal as in any ordinary case, an appellant cannot make the showing required to sustain an interlocutory appeal.

The theory behind collateral-order treatment of attorney-immunity orders is that attorney immunity serves the "objective of safeguarding the unfettered exercise of judgment in the judicial system by protecting the person exercising it not only against liability but also against incurring the costs of defending a lawsuit."  *Troice*, 816 F.3d at 346.  An order forcing an attorney to undergo discovery or trial therefore qualifies under the *Spiess/Firestone* test because the costs of discovery and trial cannot be remedied on appeal.

Here, Proskauer has no basis for asserting attorney immunity against the claims of the

Receiver as successor-in-interest to Proskauer's client and has not asserted immunity against the Receiver. Proskauer will therefore suffer the financial consequences of trial regardless of whether it has immunity against suit by OSIC. The trial will be no different, and no more costly or distracting, if OSIC is allowed to remain as a party urging recovery by the Receiver. Any harm accruing to Proskauer from OSIC's continued presence in the case—and the plaintiffs cannot conceive of what that harm would be—will be remediable on appeal from the final judgment. Indeed, it is hard to imagine that any harm here would not be equally possible even if OSIC had never played any role in this case whatsoever—the testimony or evidence will be the same, and any error relevant to what the jury actually hears is classically remediable on appeal. Moreover, from a public-policy standpoint, the prospect of non-clients being additional parties to suits by clients claiming that the attorney is liable to the client will not inhibit "loyal, faithful, and aggressive representation by attorneys employed as advocates," *cf. Cantey Hanger*, 467 S.W.3d at 481.

The challenged order therefore does not qualify for interlocutory appeal whether or not it can successfully be labeled as an "attorney-immunity" order.

### D.   The Court Should Set This Matter For Hearing At The Forthcoming Pretrial Conference.

Although the Fifth Circuit has not said so, other courts applying the *Dunbar*-like exception have stated that district courts should hold a hearing before finding an interlocutory appeal frivolous or dilatory and declining to treat jurisdiction as divested. *E.g.*, *McCauley v. Halliburton Energy Services, Inc.*, 413 S.W.3d 1158, 1161-62 (10th Cir. 2005). In light of this Court's Local Rule 7.1(g), a hearing may not be necessary, but the Court should moot the question by setting this matter for hearing as part of the pretrial conference currently set for April 27, 2018, at 10:00 a.m. It should then issue an order certifying that the appeal is frivolous or dilatory, and

proceed with the scheduled trial.

## CONCLUSION

Plaintiffs Ralph S. Janvey, in his capacity as the court-appointed receiver for the Stanford receivership estate, and the Official Stanford Investors Committee, respectfully pray: (1) that this honorable Court, after hearing, make written findings that the appeal from this Court's April 10, 2018, order [Doc. 301] is frivolous or dilatory; (2) that the Court proceed with the forthcoming trial of this matter as scheduled; and (3) for such other and further relief to which they may be entitled at law or in equity.

Respectfully submitted,

**CASTILLO SNYDER P.C.**

By: */s/ Edward C. Snyder*
Edward C. Snyder
esnyder@casnlaw.com
Jesse R. Castillo
jcastillo@casnlaw.com
700 N. St. Mary's, Suite 405
San Antonio, Texas 78205
(210) 630-4200
(210) 630-4210 (Facsimile)

**STRASBURGER & PRICE, LLP**

By: */s/ Judith R. Blakeway*
Judith R. Blakeway
judith.blakeway@strasburger.com
2301 Broadway
San Antonio, Texas 78215
(210) 250-6004
(210) 258-2706 (Facsimile)

By: */s/ David N. Kitner*
David N. Kitner
david.kitner@strasburger.com

Active 37809713.1

901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Facsimile)

**NELIGAN LLP**

By: */s/ Douglas J. Buncher*
Douglas J. Buncher
dbuncher@neliganlaw.com
Republic Center
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
(214) 840-5320
(214) 840-5301 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this Plaintiffs' Response to Defendant's Advisory to the Court has been served on all parties to this action by electronic service through the CM/ECF filing system on Neil R. Burger, Esq. (nburger@ccsb.com), Attorney for Defendant Proskauer Rose LLP; and James P. Rouhandeh, Esq. (rouhandeh@davispolk.com), Attorney for Defendant Proskauer Rose LLP; both on this 23rd day of April, 2018.

*/s/ Edward C. Snyder*
Edward C. Snyder