| | | |
|---|---|---|
| RALPH S. JANVEY, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-0477-N-BQ |
| | § | |
| PROSKAUER ROSE LLP, *et al.*, | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| | § | |
| | § | |
| IN RE: | § | |
| | § | |
| STANFORD INTERNATIONAL BANK, | § | Civil Action No. 3:09-CV-0721-N-BQ |
| LTD., | § | |
| | § | |
| Debtor in a Foreign Proceeding. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Proskauer Rose LLP's ("Proskauer") motion to show cause and enforce bar orders [360]. For the following reasons, the Court denies Proskauer's motion.

### I. ORIGINS OF THE DISPUTE

This dispute arises out of the Stanford Ponzi scheme. As part of the securities fraud litigation against Robert Allen Stanford, his associates, and various other entities under his control, this Court appointed Ralph S. Janvey (the "Receiver") as the receiver in order to commence any actions necessary to recover assets of the Receivership Estate. *See* Second

Am. Order Appointing Receiver [1130], *SEC v. Stanford Int'l Bank, Ltd.*, Civil Action No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009).

Shortly after the Court appointed the Receiver, the Eastern Caribbean Supreme Court in Antigua and Barbuda (the "Antiguan Court") placed the Stanford International Bank, Ltd. ("SIB") into insolvency and appointed the Joint Liquidators.[1]  *See* Joint Liquidator's Mot. Strike Proskauer Rose LLP's Notice Filing Mot. Enforce Bar Orders and Order Show Cause ("Joint Liquidators' Mot. Strike") 1 [247], *In re Stanford Int'l Bank, Ltd.*, Civil Action No. 3:09-CV-0721-N-BQ (N.D. Tex. filed Apr. 20, 2019).  The Antiguan Court granted the Joint Liquidators power over SIB's assets and affairs. *See id.*

Following the start of the Antiguan bankruptcy proceedings, the Joint Liquidators filed a petition for recognition of the Antiguan bankruptcy litigation in this Court pursuant to Chapter 15 of the U.S. Bankruptcy Code.  *See* Pet. Recognition Foreign Main Proceeding Pursuant Chapter 15 Bankruptcy Code [4], *In re Stanford Int'l Bank Ltd.*, Civil Action No. 3:09-CV-0721-N-BQ.  The Court recognized the Antiguan litigation as a foreign nonmain proceeding.  Order 13 [176], *In re Stanford International Bank Ltd.*, Civil Action No. 3:09-CV-0721-N-BQ.

In 2013, the United States, the Joint Liquidators, the Receiver, the United States Securities and Exchange Commission ("SEC"), the Examiner, and the Official Stanford Investors Committee ("OSIC") entered the Cross-Border Protocol and Settlement

---

[1] The Antiguan Court originally appointed Nigel Hamilton-Smith and Peter Wastell (the "Former Joint Liquidators") but later appointed Hugh Dickson and Mark McDonald to supersede as the current Joint Liquidators.  For simplicity, the former and current Joint Liquidators are collectively referred to as the "Joint Liquidators."

Agreement (the "Protocol") concerning the pursuit of future litigation and distribution of funds related to the Ponzi scheme. *See* App. Supp. Joint Mot. the SEC, Receiver, Examiner, and Official Stanford Investors Committee Approve Settlement Agreement and Cross-Border Protocol, Settlement Agreement and Cross-Border Protocol ("Protocol") [1792], *SEC v. Stanford Int'l Bank, Ltd.*, Civil Action No. 3:09-CV-0298-N. In the Protocol, the Receiver and the Joint Liquidators agreed to create a distribution plan. *See id.* The parties also agreed to coordinate their efforts to maximize recovery, but the parties remained distinct entities and agreed to "continue to pursue and initiate claims in jurisdictions in which they are recognized." *See id.* ¶ 3.1.

In the same year, the Receiver and OSIC filed an action against Proskauer in the Northern District of Texas. The Joint Liquidators were not a party to this suit. Then in 2018, the Receiver, OSIC, the named plaintiffs, certain state-court plaintiffs, and Proskauer entered a settlement agreement. *See* Final J. and Bar Order ("Bar Order") [358], *Janvey v. Proskauer Rose, LLP*, Civil Action No. 3:13-CV-0477-N-BG (N.D. Tex. filed Jan. 31, 2013). The settlement agreement included a Bar Order, which restricts anyone from engaging in Stanford-related litigation against Proskauer. *Id.* Specifically, the Bar Order enjoins

> Plaintiffs, the Claimants, the Interested Parties, and all other Persons or entities anywhere in the world, whether acting in concert with the foregoing or claiming by, through, or under the foregoing, or otherwise, all and individually, from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against Proskauer or any of the Proskauer Related Parties.

*Id.* at 8.

After the inception of the Texas litigation against Proskauer, the Joint Liquidators filed a separate action against Proskauer in Antigua. Joint Liquidators' Mot. Strike 4 [247]. The Antiguan Court entered an interlocutory judgment and found that Proskauer was not subject to suit in Antigua. *See* Proskauer Rose LLP's Mot. Enforce Bar Orders and Order Show Cause, and Br. Supp. Regarding Contempt Bar Orders Stanford International Bank Ltd. (Acting Joint Liquidators Mark McDonald and Hugh Dickson) and Joint Liquidators ("Proskauer's Br.") 6–7 [360], *Janvey*, Civil Action No. 3:13-CV-0477-N-BG. The Joint Liquidators appealed, and Proskauer filed a cross appeal. *Id.* at 8.

Proskauer now requests the Court to enforce the Bar Order from the Texas case against SIB and the Joint Liquidators and requests the Court to order the Joint Liquidators to show cause why they should not be held in contempt for violating the Bar Order. *Id.* Proskauer contends that the Bar Order in the Texas case requires the Joint Liquidators to withdraw their appeal in Antigua.[2] *Id.* But the Joint Liquidators argue that they are not subject to the Bar Order nor are they subject to the personal jurisdiction of the Court. Joint Liquidators' Mot. Strike 8–15 [247].

---

[2] Proskauer filed its motion in *Janvey v. Proskauer Rose, LLP*, Civil Action No. 3:13-CV-0477-N-BG, but the Joint Liquidators are not parties to this suit. Because they are not parties to the suit, the Joint Liquidators filed a motion to strike the notice of Proskauer's motion in *In re Stanford International Bank Ltd.*, Civil Action No. 3:09-CV-0721-N-BQ. Accordingly, the Court treats Proskauer's motion as opposed.

## II. IN THE INTEREST OF COMITY, THE COURT DEFERS TO THE ANTIGUAN COURT

The Court finds the Bar Order should apply to give Proskauer complete peace. However, the Court defers to the Antiguan Court because the Court does not have personal jurisdiction over the Joint Liquidators, and the Court cannot require the Antiguan Court to yield to its orders.

### A. The Court Finds the Bar Order Should Provide Complete Peace to Proskauer

Courts have discretion "to issue bar orders to prevent parties from initiating or continuing lawsuits that would dissipate receivership assets or otherwise interfere with the collection and distribution of the assets." *SEC v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830, 840 (5th Cir. 2019) (hereinafter *Lloyds*). Exercising jurisdiction over the receivership allows a court to bar proceedings that would undermine the receivership's operations, but this authority does not grant a court jurisdiction over other judicial proceedings. *Zacarias v. Stanford Int'l Bank, Ltd.*, 2019 WL 6907376, at *12 (5th Cir. Dec. 19, 2019). The receivership court has the authority to enjoin nonparties when nonparties' claims are derivative of the receiver's claims and affect the receivership estate. *Id.* at *8; *see also SEC v. Kaleta*, 530 F. App'x 360, 362 (5th Cir. 2013) (unpublished).

However, this authority does not extend over "assets belonging to third parties to which the receivership estate has no claim." *Lloyds*, 927 F.3d at 841. Specifically, the receivership court does not have authority over "claims that are independent and non-derivative and that do not involve assets claimed by the receivership." *Zacarias*, 2019 WL 6907376, at *8.

Here, the claims asserted against Proskauer by the Joint Liquidators are not just derivative of the Receiver's claims. They appear to be the same claims, now asserted by a different Stanford receivership entity. The Court therefore holds that the Joint Liquidators' claims against Proskauer fall within the scope of this Court's Bar Order.

### B. The Court Does Not Have Personal Jurisdiction Over the Joint Liquidators

"[T]he court may not hold international [d]efendants in civil contempt in the absence of personal jurisdiction." *RA Global Servs., Inc. v. Apps*, 2008 WL 2620096, at *2 (N.D. Tex. July 1, 2008) (Lindsay, J.). Minimum contacts can create either general or specific personal jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). General jurisdiction exists where the claim is unrelated to the nonresident's contacts with the forum, but where those contacts are "continuous and systematic." *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002). Specific jurisdiction, on the other hand, exists if (1) the cause of action is related to, or arises from, the defendant's contacts with the forum, and (2) those contacts meet the due process standard. *See Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986). Under either a general or specific jurisdiction analysis, however, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

"In evaluating a nonresident's contacts with the forum, we must determine whether the nonresident has purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Holt Oil & Gas Corp.*, 801 F.2d at 777. A court must consider the totality of the circumstances of a

case when making the purposeful-availment inquiry, as "no single factor, particularly the number of contacts, is determinative." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). "[W]hether the minimum contacts are sufficient to justify subjection of the non-resident to suit in the forum is determined not on a mechanical and quantitative test, but rather under the particular facts upon the quality and nature of the activity with relation to the forum state." *Miss. Interstate Express, Inc. v. Transpo, Inc*., 681 F.2d 1003, 1006 (5th Cir. 1982).

The Court lacks personal jurisdiction over the Joint Liquidators. First, the Court does not have general personal jurisdiction. The Joint Liquidators were not parties to the suit, and they were not a part of the settlement agreement or Bar Order. While the Joint Liquidators appeared in the Chapter 15 proceeding, the Protocol specifically states that the Joint Liquidators' appearance does not subject them to the general jurisdiction of the Court. Protocol 40 [1792] ("To the extent applicable, the appearance before the Antiguan Court and the US Court by the Receiver and the JLs respectively, shall not, in and of itself, subject the Receiver or the JLs to the general jurisdiction of the court for any purpose . . . .").

Second, the Court does not have specific personal jurisdiction over the Joint Liquidators. The Joint Liquidators have not otherwise appeared in any other cases or established any other contacts with the forum. The Joint Liquidators have not purposefully availed themselves in any other way that would establish personal jurisdiction with the

forum. Thus, the Court finds that the Joint Liquidators do not have minimum contacts in order to subject themselves to the jurisdiction of this Court.[3]

Without personal jurisdiction over the Joint Liquidators, the Court cannot enforce the Bar Order against the Joint Liquidators in Antigua.

### C. The Court Defers to the Antiguan Court

International comity "is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to the international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." *Hilton v. Guyot*, 159 U.S. 113, 164 (1895).

While this Court's Bar Order does apply to the Joint Liquidators' claims against Proskauer, the Court lacks jurisdiction to enjoin the Joint Liquidators. This Court certainly lacks jurisdiction to instruct the Antiguan Court. It is up to the Antiguan Court to decide whether it will exercise comity and consider the judgment of the Texas case. Accordingly, the Court denies Proskauer's motion to show cause.

---

[3] Proskauer contends that the Court has personal jurisdiction over the Joint Liquidators because the Joint Liquidators are subject to the Bar Order. *See* Proskauer Rose LLP's Br. Opp'n the Joint Liquidators' Mot. Strike ("Proskauer's Resp.") 14–15 [250], *In re Stanford Int'l Bank, Ltd.*, 3:09-CV-0721-N-BQ (N.D. Tex. filed Apr. 20, 2019); *see also Waffenschmidt v. MacKay*, 763 F.2d 711, 714 (5th Cir. 1985). However, the Court's power to enforce an injunction is limited to the United States. *See id.* ("The nationwide scope of an injunction carries with it the concomitant power of the court to reach out to nonparties who knowingly violate its orders."); *see also RA Global Servs., Inc. v. Apps*, 2008 WL 2620096, at *2 (N.D. Tex. July 1, 2008) (Lindsay, J.). Accordingly, the Court finds that *Waffenschmidt* does not give the Court personal jurisdiction to reach the Joint Liquidators and enforce the Bar Order in Antigua.

## CONCLUSION

Because the Court lacks personal jurisdiction over the Joint Liquidators, the Court finds it must defer to the Antiguan Court. Thus, the Court denies Proskauer's motion to show cause. The Court denies the Joint Liquidators' motion to strike as moot.

Signed January 24, 2020.

David C. Godbey
United States District Judge